COOLEY LLP
BEATRIZ MEJIA (190948) (mejiab@cooley.com)
MATTHEW M. BROWN (264817) (brownmm@cooley.com)
LAUREN J. POMEROY (291604) (lpomeroy@cooley.com)
101 California St., 5th Floor
San Francisco, CA  94111
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

MICHELLE C. DOOLIN (179445) (mdoolin@cooley.com)
DARCIE A. TILLY (239715) (dtilly@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:   (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendant
APPLE INC.

THE KATRIEL LAW FIRM, P.C.
ROY A. KATRIEL (265463)
e-mail: rak@katriellaw.com
2262 Carmel Valley Road
Suite 200-D
Del Mar, CA 92014
Telephone: (619) 363-3333

THE MEHDI FIRM, P.C.
AZRA M. MEHDI (220406)
e-mail: azram@themehdifirm.com
One Market,
Spear Tower, Suite 3600
San Francisco, CA 94105
Telephone: (415) 293-8039
Facsimile:  (415) 293-8001

Attorneys for Plaintiffs
ANDREA M. WILLIAMS and
JAMES STEWART

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREA M. WILLIAMS AND JAMES STEWART, On Behalf of Themselves And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No.  5:19-cv-04700-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br><br>The Hon. Lucy H. Koh |

Pursuant to the Northern District of California's Standing Order regarding the content of the Joint Case Management Statement and Proposed Order, the Local Rules of the Northern District of California, and the Federal Rules of Civil Procedure, Plaintiffs Andrea M. Williams and James Stewart ("Plaintiffs") and Defendant Apple Inc. ("Apple" or "Defendant") hereby submit this Joint Case

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
19-CV-04700-LHK

Management Statement and Proposed Order.

1. Jurisdiction & Service

The Complaint invokes the Court's original subject-matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). No issues exist at this time regarding personal or subject matter jurisdiction, service of process, or venue. No Party remains to be served.

2. Facts

   a. **Plaintiffs' Statement**

Plaintiffs Andrea M. Williams and James Stewart filed their Class Action Complaint ("CAC") against Apple Inc. on August 12, 2019. Plaintiffs Williams and Stewart, residents of Florida and California, respectively, are paying subscribers of Apple's iCloud service who, during the Class Period spanning August 20, 2015 to the present, paid Apple for an iCloud subscription plan. iCloud is a service offered by Apple that, *inter alia*, allows its subscribers to have the digital files present on their Apple-branded devices (*i.e.,* documents, photos, text messages or e-mail files) be stored on remote server facilities—a practice commonly referred to in the industry as storing "on the cloud." iCloud then permits these files to by synced and uploaded back to the subscribers' Apple devices on demand.

Plaintiffs' CAC alleges that, in all its iCloud contracts for U.S. subscribers (all of which contain a California choice of law term and two of which are attached as exhibits to the CAC), Apple represented that "Apple is the provider of the [iCloud] Service" and that subscribers' files would be "stored by Apple." Plaintiffs further allege, however, that despite these contractual promises, Apple lacked the required facilities to provide iCloud to its paying subscriber base at the time that Apple was selling the service and making these contractual promises and representations. Instead, Apple delegated the iCloud storage service to third parties with whom Plaintiffs had never contracted and without obtaining Plaintiffs' consent. That is, instead of having Apple provide the iCloud service and having subscribers' iCloud files stored by Apple, Apple had third parties store subscribers' files at their facilities without Plaintiffs' or these subscribers' consent or knowledge.

Plaintiffs' CAC alleged that the identity of the party to whom they entrust their most personal and sensitive digital files is of importance to them. The representation that Apple would be providing this service and that their files would be stored by Apple, therefore, was material to Plaintiffs' decision

to pay for an iCloud subscription plan. They paid a premium to have Apple provide this service and store Plaintiffs files over other cloud storage services offered by others. Plaintiffs allege that by having undisclosed third parties (instead of Apple) provide the iCloud storage service and having Plaintiffs' files stored not by Apple but by these third parties at their facilities, Apple breached its iCloud contracts with Plaintiffs. Count I of the CAC alleges a breach of contract claim. Similarly, the CAC alleges that the contractual representations made by Apple in its iCloud agreements amount to false advertising. Count II of the CAC therefore alleges a claim under California's False Advertising Law ("FAL"), Calif. Bus. and Professions Code, § 17500, *et seq*. Count III of the FAC alleges claims under California's Unfair Competition Law ("UCL"), Calif. Bus. and Prof. Code, § 17200, *et seq*.

**b. Defendant's Statement**

This case was filed recently and Apple is still investigating the allegations in the CAC. The following summary of alleged facts is derived from the CAC and publicly available information, and Apple has not yet filed an Answer admitting that any particular facts are true. Further, Apple's position is that even those facts alleged in the CAC are insufficient to state a claim (as explained below), and that any discovery in this case will reveal additional facts that will only strengthen Apple's defense.

Apple sells mobile phones, personal computers, and other media devices, and offers related features, products, and services. One of those services is iCloud, a multifaceted and integrated cloud storage solution. Among other things, Plaintiffs allege that iCloud makes it possible for subscribers to "utilize certain Internet services, including storing your personal content (such as contacts, calendars, photos, notes, reminders, documents, app data, and iCloud email) and making it accessible on your compatible devices and computers, and certain location based services." (CAC Ex. 1.) Plaintiffs also allege that, in some cases, Apple may use physical servers owned by third parties like Amazon, Microsoft, and Google to maintain subscribers' data, which is in all cases encrypted. (*Id*. ¶¶ 2, 30.) Plaintiffs allege that iCloud users are given five gigabytes of iCloud storage for free, and additional storage is available for purchase on a subscription basis. (*Id*. ¶ 36.)

Both free and paid iCloud subscribers must agree to the iCloud agreement ("Agreement"). Plaintiffs allege that the Agreement states, in part:

> ***Apple is the provider of the Service***, which permits you to utilize certain Internet services, including storing your personal content (such as contacts, calendars, photos, notes, reminders, documents, app data, and iCloud email) and making it accessible on your compatible devices and computers, and certain location based services. . . . When iCloud is enabled, ***your content will be automatically sent to and stored by Apple***, so you can later access that content or have content wirelessly pushed to your other iCloud-enabled devices or computers.
>
> * * *
>
> APPLE DOES NOT REPRESENT OR GUARANTEE THAT THE SERVICE WILL BE FREE FROM LOSS, CORRUPTION, ATTACK, VIRUSES, INTERFERENCE, HACKING, OR OTHER SECURITY INTRUSION

(*Id*. Ex. 1 (emphasis added in CAC).) However, the versions of the Agreement attached to the CAC do not contain any promise or representation that Apple would use its own servers to house subscribers' encrypted data. In fact, the versions of the Agreement attached to the CAC do not provide any representations whatsoever regarding how subscribers' data would be maintained or managed; how Apple would go about procuring server space; or whether Apple would store encrypted subscriber data on servers owned by third parties. To the contrary, Apple has publicly disclosed for several years that it uses third party servers to host iCloud subscriber data.

Plaintiffs filed the CAC on August 12, 2019. Plaintiffs claim to be paid iCloud subscribers residing in Florida and California. They do not offer any additional facts regarding when they first subscribed to iCloud, which version of the Agreement they entered into, or any contractual provisions they read and relied on before entering into the Agreement. At the heart of the CAC, Plaintiffs allege that Apple has breached its promise to "provide" iCloud services and to "store" subscribers' data by using third party server operators like Amazon, Microsoft, and Google for physical server capacity. (*Id*. ¶ 56.) For the same reason, Plaintiffs allege that the Agreement itself contains false advertising. (*Id*.) But Plaintiffs do not allege that Apple failed to deliver iCloud as defined in the Agreement, nor do they allege any defect in iCloud. They also omit any reference to Apple's public disclosures—which are readily available online—that Apple uses third party servers. Finally, while Plaintiffs claim that iCloud is more expensive than other cloud storage solutions (e.g., Google), they do not attempt

any comparison of the features of those respective services or whether it is even possible for them to store messages, app data, or other file types for an Apple device user.

3. <u>Legal Issues</u>

    **a. Plaintiffs' Statement**

Plaintiffs identify the following legal issues at this early stage of the litigation:

1. Whether Apple breached its iCloud contracts by promising that it would be the provider of the iCloud service and that Plaintiffs' files would be stored by Apple when, in fact, Apple had third parties provide iCloud's storage service and had third parties store Plaintiffs' digital files at these third parties' facilities without Plaintiffs' prior knowledge or consent.

2. Whether Plaintiffs are entitled to recover the benefit-of-the-bargain damages they sustained as a result of Apple's contractual breach if they can show that they paid a premium to subscribe to Apple's paid iCloud service over what they would or could have paid for similar cloud services offered by others.

3. Whether Apple is liable for false advertising under the FAL by misrepresenting in its iCloud contracts that Apple was the provider of the iCloud service and that Plaintiffs' files would by stored by Apple when, in fact, this was not the case.

4. Whether Apple's business practices in connection with the sale of iCloud subscription plans amounted to unlawful, unfair, or deceptive business practices so as to give rise to liability under the UCL.

5. Whether Plaintiffs' claims and CAC, all of which are grounded in identical contractual representations and Apple practices, may be certified as a class action brought on behalf of the class pleaded in the CAC (or any alternative class definition presented during the motion for class certification).

    **b. Defendant's Statement**

Apple identifies the following legal issues:

1. Whether Plaintiffs have pleaded Article III standing to assert their breach of contract, FAL, and UCL claims.  Also, whether Plaintiffs have pleaded Article III standing to obtain injunctive relief.
2. Whether Plaintiffs have sufficiently identified the contract at-issue under Rule 8(a).
3. Whether Plaintiffs have identified an actionable breach of contract.
4. Whether Plaintiffs have alleged damages sufficient to support their breach of contract claim.
5. Whether Plaintiffs have pleaded their FAL and UCL claims with sufficient particularity.
6. Whether Plaintiffs have pleaded FAL or UCL standing.
7. Whether Plaintiffs' equitable claims under the FAL and the UCL should be dismissed as duplicative of the contract claim.
8. Whether Plaintiffs have identified any violation of the FAL or UCL.
9. Whether Plaintiffs can meet their burden of proving any claim for breach of contract, violation of the FAL, or violation of the UCL.
10. Whether Plaintiffs can meet their burden of establishing the prerequisites for certifying any class.
11. Whether Plaintiffs are entitled to any relief for any claim.

4. <u>Motions</u>

On October 4, 2019, Apple filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(1) and 12(b)(6).  (ECF No. 15.)  That Motion is fully briefed, and it is currently set for hearing on February 13, 2020 at 1:30 p.m.

   a. **Plaintiffs' Statement**

For the reasons stated in Plaintiffs' Opposition to Apple's motion to dismiss Plaintiffs' CAC, Plaintiffs maintain that Apple's pending motion lacks merit and should be denied in its entirety.  If the Court were to grant Apple's motion in any respect, Plaintiffs respectfully request leave to amend to cure any pleading deficiencies identified in the Court's ruling.  Plaintiffs also anticipate filing a motion

for class certification, and have proposed below a deadline for doing so and for briefing the motion that is keyed off the date of the close of the pleadings.

Depending on what further facts are revealed during discovery, Plaintiffs reserve the right to move for full or partial summary judgment or summary adjudication.

**b. Defendant's Statement**

Defendant has asked the Court to dismiss the entire CAC with prejudice because it suffers from several deficiencies that no amount of re-pleading can fix. Setting aside the fact that Apple did not make any representation in the Agreement regarding ownership of the physical servers used to maintain iCloud subscribers' data (which is the basis for all of Plaintiffs' claims), at the most basic level, Plaintiffs have not established standing to bring their case. They lack Article III standing for all of their claims (breach of contract, FAL, and UCL) because they do not allege any non-speculative facts supporting their claims of injury-in-fact, or even that they are current iCloud subscribers or intend to become subscribers in the future. They also lack standing under the FAL and UCL because their alleged injuries are improperly speculative and they have not pleaded reliance on any statement by Apple. Plaintiffs do not even allege which contract they allegedly agreed to, or whether they reviewed it. Finally, Plaintiffs do not have a viable theory of damages, because: (1) their breach of contract claim does not allege that what they received was worth less than what they bargained for, and (2) their prayer for equitable relief under the FAL and UCL is based solely on a breach of contract and Plaintiffs thus would have an adequate remedy at law (which fails for other reasons).

In the event this case survives the pleadings stage, Apple anticipates filing a motion for summary judgment at the earliest opportunity.

5. Amendment of Pleadings

**a. Plaintiffs' Statement**

For the reasons stated in Plaintiffs' Opposition to Apple's motion to dismiss Plaintiffs' CAC, Plaintiffs maintain that Apple's pending motion to dismiss the CAC lacks merit and should be denied in its entirety. If the Court were to grant Apple's motion in any respect, Plaintiffs respectfully request leave to amend to cure any pleading deficiencies identified in the Court's ruling. Plaintiffs have

provided below a deadline for amendment of the pleadings, absent further leave of Court or stipulation, that is keyed off the date the Court enters an Order on Apple's pending motion to dismiss the CAC.

**b. Defendant's Statement**

It is Apple's position that Rule 15 should apply without modification. To the extent Plaintiffs wish to amend the CAC to add claims or parties, they should first obtain Apple's consent or leave of Court.

6. <u>Evidence Preservation</u>

The Parties are complying in good faith with their obligations to preserve potentially relevant documents. The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f).

7. <u>Disclosures</u>

The Parties conducted a Rule 26(f) teleconference on October 22, 2019. The Parties have agreed to exchange initial disclosures no later than November 11, 2019.

8. <u>Discovery</u>

Plaintiffs served document requests on October 25, 2019. Apple requested, and Plaintiffs granted, a three week extension of time for Apple to respond to these requests; the current deadline is December 20, 2019. No other discovery deadlines have been established. The Parties agree to cooperate and work in good faith toward reaching an agreement on a stipulated protective order and a stipulation regarding the preservation and production of electronically stored information. Apple will send Plaintiffs a draft protective order to review on or before November 13, 2019.

**a. Plaintiffs' Statement**

Plaintiffs served Apple with their First Set of Requests For Production of Documents and Tangible Things on October 25, 2019. That first set entailed 21 requests, many of which were limited in scope to demand merely "documents sufficient to show" as opposed to "all documents." On November 4, 2019, as part of the drafting of the Joint Case Management Statement, Apple's counsel e-mailed Plaintiffs' counsel a draft version of a Joint CMC Statement in which Apple touted that a number of Plaintiffs' Requests either are "not proportional or wholly irrelevant." This is not so.

Plaintiffs limited their Requests to matters that would directly advance the litigation and are necessary to aid Plaintiffs in discharging their burdens of proof and production. To dispel any accusation that Plaintiffs' discovery requests are improper, and in an effort to avoid delay of any document production or need for discovery motions practice, Plaintiffs are attaching hereto as **Exhibit 1** a copy of their First Set of Document Requests for the Court's review.

Apple has advanced a position that no pretrial deadlines should be set until a Further Case Management Conference is held on February 13, 2020. Plaintiffs oppose this approach and maintain that a case schedule (at least through a ruling on class certification) should be set now. Plaintiffs propose a case schedule below that is keyed off the close of the pleadings date.

With respect to the scope of discovery, Plaintiffs oppose bifurcation into class and merits discovery. It is Plaintiffs' counsel's experience that such bifurcation is inefficient, does not advance the litigation, and more frequently leads to collateral disputes as to the scope of discovery. It is Plaintiffs' understanding that Apple does not advocate for bifurcation of discovery either.

Plaintiffs oppose Apple's discovery proposal to the extent that it seeks to "prioritize" certain discovery. Plaintiffs instead maintain that a single fact discovery deadline should be set and, during the fact discovery time period set by the Court, the Parties should be free to seek discovery on all topics and scope permissible under Federal Rule of Civil Procedure 26. To the extent that any Party comes to believe that the opponent's discovery requests are excessive, that Party may resort to discovery motion practice as appropriate. As evidenced by the First Set of Document Requests already served by Plaintiffs (attached as Exhibit 1 hereto), Plaintiffs intend to seek discovery on the following topics (which are subject to change based on case developments):

- Apple's iCloud contracts;
- Number of subscribers and revenues generated by Apple for its iCloud service
- Manner and details in which Apple performed iCloud storage;
- Agreements and communications between Apple and third parties pertaining to storage of iCloud subscriber files;
- Apple's pricing and factors pertaining to Apple's pricing decisions for iCloud

- Projects, plans, or efforts that Apple has or has had pertaining to building out its facilities and infrastructure to store iCloud files;
- The marketing and competitive landscape pertaining to iCloud and competing products;
- The detailed manner in which iCloud works, including the software code and hardware interaction involved.

Plaintiffs do not seek to enlarge the presumptive limits set forth by the Federal Rules of Civil Procedure for written discovery. Plaintiffs, however, propose that the presumptive limits on fact (non-expert) depositions be increased to a maximum of 15. Given the large number of personnel employed by Apple, many of whom are likely to have non-overlapping knowledge and information about topics on which discovery may be needed by Plaintiffs, it is Plaintiffs' assessment that more than 10 depositions may be required to obtain the requisite discoverable information. This is particularly so because a number of Rule 30(b)(6) depositions may yield more specific responses and testimony as to the identity of other Apple individuals who should be deposed.

**b. Defendant's Statement**

Due to the many deficiencies with the CAC, it would be appropriate to hold a Case Management Conference on February 13, 2020—the same date as the hearing on Apple's Motion to Dismiss—to set the pre-certification dates and deadlines for this matter. That would allow the Parties and the Court to discuss deadlines for discovery and related scheduling issues after determining whether (and to what extent) Plaintiffs' case will be allowed to proceed.

To the extent discovery proceeds, Apple does not propose formal bifurcation but instead proposes phased discovery that prioritizes class issues. With regard to scheduling, Apple proposes an initial phase of discovery prioritizing class issues that would last for nine months beginning after the pleadings are set. Apple also proposes that a further case management conference be held after the Court rules on Plaintiffs' motion for class certification, during which the Parties could discuss: the timeline for any remaining discovery (including, e.g., deadlines for fact discovery and expert disclosures), the timeline for any additional motions (e.g., summary judgment), and issues related to trial.

As a general matter, discovery should be streamlined and focused on issues that will allow this case to be resolved as efficiently as possible.

To the extent the Parties engage in discovery, Apple intends to seek discovery regarding the following:

- Plaintiffs' iCloud subscriptions, including when they signed up for iCloud.
- Whether Plaintiffs reviewed Apple's website or other materials detailing iCloud's use of third party servers.
- What types of devices Plaintiffs use, and whether they use iCloud to sync data across multiple Apple devices.
- Plaintiffs' interactions with Apple, including any complaints or inquiries they have made with respect to iCloud.
- Whether Plaintiffs used or considered other cloud storage providers.
- Plaintiffs' alleged injury, and the extent to which Plaintiffs suffered any damages.
- The cause of Plaintiffs' alleged damages (if any).
- The contours of the Putative class.
- The adequacy of Plaintiffs as representatives of the class.

Plaintiffs' document requests seek discovery from Apple on a range of issues. Apple is in the process of analyzing these requests and will raise the appropriate responses and/or objections in due course. Apple will be available to meet and confer with Plaintiffs as appropriate. Because Apple has not yet responded to these requests and the Parties have not yet met and conferred about any objections, it is premature to pre-litigate Apple's potential objections or related issues during the Case Management Conference. *See* N.D. Cal. Civ. L.R. 37.1(a) ("The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues.").

Unless the Court is inclined to impose additional limits, Apple proposes that the standard limitations on discovery imposed by the Federal Rules of Civil Procedure should apply. Apple opposes Plaintiffs' premature and unsupported request to increase the presumptive limit from 10 to 15 depositions. This case is still in its very early stages; the Parties have not yet exchanged initial

disclosures, produced documents, or taken a first round of depositions. If Plaintiffs continue to believe that the presumptive limit should be increased after taking a first round of depositions, then Plaintiffs should file a motion setting forth their position with particularity. *See Authentec, Inc. v. Atrua Techs., Inc.*, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008) ("A party seeking to exceed the presumptive number of depositions must make a particularized showing of the need for the additional discovery. . . . Moreover, in the court's view, Rule 30(a)(2) contemplates that a party has already taken at least some of its ten depositions before a motion is filed seeking leave of court for a proposed deposition that would result in more than ten depositions being taken under this rule."). Without having taken a single deposition to date, Plaintiffs "cannot possibly know what information [they] need[] but cannot obtain from [their] 10 permitted depositions." *Id*.

9. Class Actions

   a. **Plaintiffs' Statement**

   Plaintiffs maintain that this action should be certified and maintained as a class action pursuant to Federal Rules of Civil Procedure 23(b)(3) and 23(b)(2). Plaintiffs' proposed class definition is pled in the CAC, and Plaintiffs reserve the right to amend that proposed class definition as part of their class certification motion, as warranted by the then-existing state of the record and discovery.

   b. **Defendant's Statement**

   Apple disputes Plaintiffs' contention that the action is properly maintainable as a class action. Apple submits that it is premature to address class certification until Apple's Motion to Dismiss is decided. Apple respectfully requests that the Court convene an additional case management conference, if needed, to discuss the issue of class certification soon after it decides Apple's Motion to Dismiss.

10. Related Cases

   The Parties are not currently aware of any other related case or proceeding pending before another judge of this Court, or before another court or administrative body.

11. Relief

   a. **Plaintiffs' Statement**

   Plaintiffs seek to have this action certified as a class action with Plaintiffs and their counsel appointed as class representatives and class counsel, respectively. Plaintiffs seek all available remedies and relief for Apple's alleged breach of contract (including, but not limited to, the full extent of available damages), as well as all available relief as redress for Apple's alleged violations of the FAL and UCL. Plaintiffs seek the establishment of a common fund from which claims of eligible class members may be paid, and from which an award of attorneys' fees and costs of suit may be disbursed.

   b. **Defendant's Statement**

   Apple maintains that Plaintiffs have failed to state a claim upon which relief can be granted. Apple denies that this case can properly be maintained as a class action. Apple further denies that Plaintiffs or the purported class have suffered any cognizable injury or that Plaintiffs are suffering from ongoing harm entitling them to injunctive relief. Therefore, Apple seeks dismissal of Plaintiffs' claims with prejudice.

12. Settlement and ADR

   In compliance with ADR L.R. 3-5(b), the Parties have met and conferred regarding ADR and agreed to use private mediation at a later date, with the schedule to be determined after the pleadings are set. (ECF Nos. 21, 24, 25.)

13. Consent to Magistrate Judge For All Purposes

   The Parties do not consent to proceed before a Magistrate Judge for all purposes.

14. Other References

   The Parties agree that this Action is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

   The Parties agree that this case is still in its initial stages, with Defendant having just moved to dismiss the CAC. Upon resolution of that Motion, the Parties will be better positioned to determine if issues can be narrowed by agreement or motion.

16. Expedited Trial Procedure

The Parties do not believe that this is the type of case that should be handled on an expedited basis pursuant to Expedited Trial Procedure of General Order No. 64.

17. Scheduling

   a. **Plaintiffs' Statement**

Plaintiffs propose the following schedule, which is dependent on Defendant Apple Inc. timely and fully producing document discovery, written responses, and witnesses responsive to Plaintiffs' discovery requests, interrogatories, and deposition notices:

| Event | Date / Deadline |
| --- | --- |
| Deadline to Amend Pleadings (unless leave of Court or stipulation is obtained) | 60 days after Court's ruling on Apple's pending Motion To Dismiss |
| Deadline for Filing Of Plaintiffs' Class Cert. Motion | 180 days after close of pleadings |
| Deadline For Apple's Opposition to Class Cert. | 28 days after class cert. motion filed |
| Deadline For Plaintiffs' Class Cert. Reply Brief | 21 days after class cert. opposition filed |
| Hearing on Class Certification | 14 days after class cert. reply brief filed |
| Close of Fact Discovery | 45 days after Court's entry of its Order on Plaintiffs' class certification motion |
| Deadline For Serving Plaintiffs' Opening *Expert Reports On Matters Other Than Class Cert.* | 60 days after close of fact discovery |
| Deadline For Serving Apple's Opposing Expert *Reports On Matters Other Than Class Cert.* | 90 days after close of fact discovery |
| Deadline For Serving Plaintiffs' Rebuttal Expert Reports On Matters Other Than Class Cert. | 110 days after close of fact discovery |
| Deadline For Close of All Expert Discovery | 120 days after close of fact discovery |

| Deadline for Filing Dispositive Motions | 10 days after close of expert discovery |
| --- | --- |
| Deadline for filing *Daubert* Motions | 24 days after close of expert discovery |
| Trial Start Date | 60 days after close of expert discovery |

Any expert reports supporting the Parties' class certification positions shall be filed and served together with their class certification moving papers (*i.e.,* Plaintiffs' class certification opening expert reports shall be filed and served with their class certification opening brief; Apple's opposing class certification expert reports shall be filed and served with its class certification opposition; and, Plaintiffs' class certification rebuttal expert reports shall be filed and served together with their class certification reply).

As an alternative to the foregoing proposed schedule, Plaintiffs also are amenable to deferring the scheduling of all pretrial events occurring after the entry of the Court's order on Plaintiffs' anticipated class certification motion and the trial start date until some time after the class certification order. Plaintiffs, however, oppose Apple's proposal to defer setting any part of the entire case schedule until a Further Case Management Conference is held on February 13, 2020.

b. **Defendant's Statement**

As outlined above, Apple's position is that it is appropriate to set a Case Management Conference for February 13, 2020 to coincide with the hearing on its Motion to Dismiss. That would allow the Parties and the Court to discuss discovery and related scheduling issues after determining whether (and to what extent) Plaintiffs' case will be allowed to proceed. If discovery proceeds, Apple proposes an initial phase of discovery prioritizing class issues that would last for nine months beginning after the pleadings are set. It is premature to propose dates for designation of experts, hearing of dispositive motions, a pretrial conference, or a trial.

If the Court is inclined to enter a schedule at this time, Apple proposes the following:

| Event | Date / Deadline |
|---|---|
| Deadline for Filing Of Plaintiffs' Class Cert. Motion and Class Expert Report(s) | 10 months after Close of Pleadings |
| Deadline For Apple's Opposition to Class Cert. and Class Expert Report(s) | 60 days after Class Cert. Motion Filed |
| Deadline For Plaintiffs' Class Cert. Reply Brief and Close of Pre-Class Expert Discovery | 45 days after Class Cert. Opposition Filed |
| Further Case Management Conference to Set Post-Class Certification Deadlines | 21 days after Ruling on Class Cert. |
| Close of Fact Discovery | 4 months after Further Case Management Conference |
| Deadline For Plaintiffs' Non-Class Expert Reports | 60 days after Close of Post-Class Cert. Fact Discovery |
| Deadline For Apple's Non-Class Expert Reports | 105 days after Close of Post-Class Cert. Fact Discovery |
| Close of Expert Discovery | 150 days after Close of Post-Class Cert. Fact Discovery |
| Deadline for Filing Dispositive Motions | 30 days after Close of Expert Discovery |
| Deadline for Oppositions to Dispositive Motions | 45 days after Opening Dispositive Briefs |
| Deadline for Reply Briefs in support of Dispositive Motions | 21 days after Opposition Dispositive Briefs |
| Deadline for filing *Daubert* Motions | 40 days after Reply Dispositive Briefs |
| Trial Start Date | 60 days after Reply Dispositive Briefs |

18. Trial

   a. **Plaintiffs' Statement**

   Based on the limited information obtained to date as part of Plaintiffs' research and drafting of

the CAC, as well as review of Apple's motion to dismiss, Plaintiffs anticipate they will require 12 Court days to present their case-in-chief at trial.  This is a very preliminary estimate that remains subject to change based on case developments, discovery obtained, and the Court's rulings.

      **b. Defendant's Statement**

The length of trial will depend on the outcome of Apple's Motion to Dismiss and any class certification proceedings. Until the Court rules on Apple's Motion to Dismiss and any class certification motion, the Parties do not have the necessary information to estimate the expected length of a trial in this action.  In any event, 12 days of trial is likely to be far too many.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

Plaintiffs are not aware at this time of any non-party interested parties or persons.

Apple filed the Certificate of Interested Entities or Persons required by Civil Local Rule 3-15. (ECF No. 17.)

20. <u>Professional Conduct</u>

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

None.

Dated: November 6, 2019            THE KATRIEL LAW FIRM, P.C.

                                              /s/  Roy A. Katriel
                                              Roy A. Katriel
                                              Attorneys for Plaintiffs

Dated: November 6, 2019            COOLEY LLP

                                              /s/ Michelle Doolin
                                              Michelle Doolin
                                              Attorneys for Apple Inc.

**ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatory.

Dated: November 6, 2019                    COOLEY LLP

/s/ Michelle Doolin
Michelle Doolin
Attorneys for Apple Inc.

CASE MANAGEMENT ORDER

The above Joint Case Management Statement and Proposed Order is approved as the Case Management Order for this case and all Parties shall comply with its provisions.

[In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.
Dated:

UNITED STATES DISTRICT JUDGE

212945192