United States District Court
Northern District of California

1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                                SAN JOSE DIVISION

7

8    ANDREA M WILLIAMS, et al.,              Case No.  19-cv-04700-LHK (VKD)

9                     Plaintiffs,

10          v.                               **ORDER RE DISCOVERY DISPUTE RE
                                             ESI CUSTODIANS**
11   APPLE, INC.,                            Re: Dkt. No. 50

12                    Defendant.

13

14          The parties ask the Court to resolve a dispute concerning which custodians' files defendant

15   Apple, Inc. ("Apple") should be required to search for electronically stored information responsive

16   to plaintiffs' document requests.  Dkt. No. 50.  The court held a hearing on this dispute on August

17   18, 2020.  Dkt. No. 56.  As explained below, the Court will require Apple to search the files of

18   three additional custodians, subject to the limitations described below.

19   **I.      BACKGROUND**

20          Plaintiffs Andrea Williams and James Stewart initiated this action on behalf of a putative

21   class of U.S. subscribers to Apple's iCloud service.  Plaintiffs claim that Apple falsely represented

22   that subscribers' information would be stored by Apple on its own servers, when in fact the

23   information is stored on servers maintained by third parties.

24          Plaintiffs served a first set of document requests on Apple in late October 2019, to which

25   Apple responded in December 2019.  Dkt. Nos. 50-1, 50-2.  On July 2, 2020, the parties filed a

26   stipulation governing discovery of electronically stored information ("ESI"), which was entered as

27   an order by the Court.  Dkt. No. 44.  The stipulation provides that "[t]he parties shall meet and

28   confer to reach agreement on a reasonable list of custodians for purposes of collection, review and

United States District Court
Northern District of California

1    production of [ESI]" and that "each party shall provide a proposed list of individual custodians

2    who are knowledgeable about and were involved with the core issues or subjects in the case." *Id.*

3    at 2.  The parties further stipulate that they will endeavor to negotiate search terms for application

4    to collected ESI that do not produce "an unreasonably large number of non-responsive or

5    irrelevant results." *Id.*

6          Apple has identified six custodians whose files it has already begun to search for

7    responsive ESI.  Dkt. No. 50 at 1.  Plaintiffs request that Apple search the files of three additional

8    custodians:  Markus Fischer, Eric Billingsley, and Patrick Gates.  *Id.*  Apple objects to searching

9    the files of these additional custodians.  *Id.* at 5.

10   **II.     DISCUSSION**

11         Plaintiffs argue that Messrs. Fischer, Billingsley, and Gates are "central" witnesses in this

12   case.  *Id.* at 2.  According to the parties, Mr. Fischer is a Director of Systems Engineering Internet

13   Services, which includes the iCloud service.  *Id.* at 4.  He was involved in "strategy and modeling

14   to assess Apple's future needs for third-party cloud storage" until November 2015, and he ceased

15   to have any responsibilities with respect to iCloud in early 2019.  *Id.* at 7 & n.1.  Mr. Billingsley

16   was Apple's former Director of Internet Services Operations from October 2013 to October 2017.

17   *Id.* at 3, 7.  He has been described in at least one industry article as "in charge of the back-end

18   technology for iCloud."  *Id.* at 3.  According to Apple, he was involved in "determining how much

19   storage Apple needed to obtain from third party service and managing Apple's procurement of

20   those services" until November 2015.  *Id.* at 7.  Mr. Gates was Apple's former Senior Director of

21   Engineering.  *Id.* at 7.  He was "generally responsible for Apple's backend infrastructure across

22   numerous projects," and managed or worked closely with other Apple employees with specific

23   responsibilities related to iCloud and third-party storage for iCloud.  *Id.*  Plaintiffs argue that "[t]he

24   whole case is about iCloud infrastructure," and given their roles at Apple, these three custodians

25   are likely to have unique documents responsive to plaintiffs' document requests.  *Id.* at 2.

26         Apple objects to expanding its custodial search to include Messrs. Fischer, Billingsley, and

27   Gates on two grounds.  First, Apple points out this is primarily a false advertising case, and argues

28   that director-level custodians with management responsibilities for the engineering aspects of the

1    iCloud infrastructure are unlikely to have any documents relevant to plaintiffs' claims.  Second,

2    Apple argues that these three custodians' documents are likely duplicative of the documents in the

3    files of the six custodians Apple has already agreed to search.  For this reason, Apple says

4    requiring it to collect, search, and review additional custodians' documents is burdensome and

5    disproportionate to the needs of the case.  *Id.* at 5-6.  Apple acknowledges one exception:  It

6    concedes that Messrs. Fischer and Billingsley may have some unique documents for the period

7    from August 2015 to November 2015,[1] and Apple has agreed to search these two custodians' files

8    for responsive documents during this period.  *Id.* at 7.

9            The Court agrees with Apple that the claims in this case do not appear to require

10   significant discovery regarding the technical operation of iCloud.  Even if they did involve such

11   matters, the Court would not expect custodial email to be a principal source of useful discovery.

12   The parties advised the Court during the hearing that they have agreed to limit the scope of several

13   of plaintiffs' document requests, and that they are in the process of discussing search terms to

14   apply to Apple's collection of ESI generally.  Those matters are not before the Court in this

15   dispute, and the Court will assume that, regardless of the custodian, the parties will endeavor to

16   agree upon search terms that do not hit on an unreasonable number of irrelevant documents.

17   Furthermore, as discussed at the hearing, several of plaintiffs' document requests seek discovery

18   of Apple's decision-making regarding where and how to store iCloud files.  Given these

19   employees' roles at Apple, plaintiffs have articulated a reasonable basis for concluding that

20   Messrs. Fischer, Billingsley, and Gates are likely to have some relevant and responsive documents

21   concerning matters that bear on plaintiffs' false advertising claims.

22           The question is whether this additional discovery is disproportionate to the needs of the

23   case.  The parties appear to agree that collection of ESI from the six other custodians Apple has

24   already identified is appropriate, although Apple advises the Court that the search terms it has

25   been asked to apply produce an excessive number of irrelevant documents for review.  In this

26   context, Apple's principal concern is that searches of three additional custodians' ESI will be

27

28   _____

[1] The relevant class claims period begins August 20, 2015.  *See* Dkt. No. 34 at 2.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    duplicative of the already burdensome document collection and review efforts it has undertaken.

2         The Court shares Apple's concern.  However, in these circumstances, where the key

3    objection is unnecessarily duplicative discovery, Apple's burden can be substantially mitigated by

4    application of appropriately narrow search terms and de-duplication of ESI across custodians.  If,

5    as Apple contends, the ESI of Messrs. Fischer, Billingsley, and Gates is largely duplicative of the

6    ESI already collected from other custodians, then Apple may limit the extent of its document

7    review by removing the duplicate files from the three custodians' collections before applying

8    search terms and conducting a review for responsive documents.  Accordingly, the Court requires

9    Apple to search the ESI of these three additional custodians for responsive documents.

10        The Court appreciates that Apple necessarily will incur costs to collect, host, and process

11   search terms for the three additional custodians' ESI, even before it can determine the extent of

12   duplication.  If it turns out that Apple is correct and the material these custodians have is

13   substantially duplicative of materials in the collections for the six custodians whose files have

14   already been searched, the Court will consider shifting the cost of collecting, hosting, and/or

15   processing these collections to plaintiffs, as permitted by Federal Rule of Civil Procedure

16   26(c)(1)(B).  In addition, the Court encourages the parties to negotiate appropriate search terms for

17   plaintiffs' ESI discovery of Apple, consistent with their stipulation.  Plaintiffs' failure to accept

18   reasonable limitations on ESI search terms proposed by Apple may also warrant the Court's

19   consideration of cost-shifting.

20        **IT IS SO ORDERED.**

21   Dated: August 31, 2020

22

23                                                          VIRGINIA K. DEMARCHI

24                                                          United States Magistrate Judge

25

26

27

28