UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREA M WILLIAMS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 19-CV-04700-LHK<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE REQUEST FOR EXTENSION OF TIME AND MOTION TO FILE DOCUMENT UNDER SEAL**<br><br>Dkt. Nos. 86, 87 |

On February 8, 2021, Plaintiffs filed an emergency ex parte request for extension of time to file their class certification reply, ECF No. 86 ("ex parte request"), and an accompanying administrative motion to file a document under seal, ECF No. 87. Plaintiffs argue that because an exhibit to Defendant's class certification opposition bears the wrong Bates number, Defendant should have to file a corrected opposition, and Plaintiffs should have a week to file their reply to that corrected opposition. ECF No. 86 at 1, 4. February 12, 2021 is the current deadline for Plaintiffs' reply in support of class certification.

On February 10, 2021, Defendant filed an opposition to Plaintiffs' ex parte request. ECF No. 88. Defendant makes two arguments. First, Defendant argues that Plaintiffs are not prejudiced

1

by the one erroneous Bates number. Specifically, Defendant avers that on February 8, 2021—less than three hours after Plaintiffs notified Defendant of the erroneous Bates number—Defendant provided Plaintiffs with the exhibit's correct Bates number. Pomeroy Decl. ¶ 3, ECF No. 88-1. Defendant further avers that on the morning of February 9, 2021, Defendant confirmed to Plaintiffs that no other documents cited in Defendant's class certification opposition had erroneous Bates numbers. *Id.* ¶ 5.

Second, Defendant argues that Plaintiffs have violated Civil Local Rule 7-10 by failing to cite authority that authorizes an ex parte filing here. ECF No. 88 at 2–3. As Defendant correctly notes, this Court has denied ex parte motions in other cases on the same ground. *See Garrison v. Oracle Corp.*, 159 F. Supp. 3d 1044, 1061 (N.D. Cal. 2016) (striking ex parte motion because it "does not cite to any authority permitting the filing of an ex parte motion"); *Bertuccio v. San Benito Cty*, No. 13-CV-01339–LHK, 2013 WL 2147421, at *3 (N.D Cal. May 15, 2013) ("None of Plaintiffs' motions identified any authorization for her ex parte communications. This alone would justify denial . . . .").

The Court agrees with Defendant that Plaintiffs' ex parte request fails to show prejudice and violates Civil Local Rule 7-10. Accordingly, the Court DENIES Plaintiffs' ex parte request, ECF No. 86, and DENIES AS MOOT Plaintiffs' accompanying administrative motion to file a document under seal, ECF No. 87.

**IT IS SO ORDERED.**

Dated: February 11, 2021

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

2
Case No. 19-CV-04700-LHK
ORDER DENYING PLAINTIFFS' EX PARTE REQUEST FOR EXTENSION OF TIME AND MOTION TO FILE DOCUMENT UNDER SEAL