COOLEY LLP
BEATRIZ MEJIA (190948) (mejiab@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
LAUREN J. POMEROY (291604)
(lpomeroy@cooley.com)
101 California St., 5th Floor
San Francisco, CA 94111
Telephone:	(415) 693-2000
Facsimile:	(415) 693-2222

MICHELLE C. DOOLIN (179445)
(mdoolin@cooley.com)
JAYME B. STATEN (317034) (jstaten@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone:	(858) 550-6000
Facsimile:	(858) 550-6420

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREA M. WILLIAMS AND JAMES STEWART, On Behalf of Themselves And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 5:19-cv-04700-LHK<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL APPLE INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUR-REPLY TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION AND RELATED DOCUMENTS**<br><br>Judge:	The Hon. Lucy H. Koh<br>Crtrm:	8, 4th Floor<br>Date:	March 4, 2021<br>Time:	1:30 p.m. |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

APPLE'S ADMIN. MOTION TO SEAL ADMIN.
MOTION FOR LEAVE TO FILE SUR-REPLY
19-CV-04700-LHK

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Defendant Apple Inc. ("Apple") submits this Administrative Motion to File Under Seal Apple's Administrative Motion for Leave to File a Sur-Reply to Plaintiffs' Reply in Support of Their Motion for Class Certification and Related Documents ("Apple's Motion to Seal").

Apple's Motion to Seal seeks to seal documents or portions thereof filed in connection with Apple's Administrative Motion for Leave to File a Sur-Reply to Plaintiffs' Reply in Support of Their Motion for Class Certification ("Apple's Motion for Leave to File Sur-Reply") that contain highly sensitive, non-public, confidential, and proprietary information that has been designated "Confidential – Attorneys' Eyes Only" by Apple pursuant to the terms of the stipulated protective order entered by the Court on December 11, 2019 (ECF No. 31, "Protective Order"). Pursuant to Civil Local Rule 79-5(d)(1)(A), Apple's Motion to Seal is supported by the Declaration of Ahmed Bashir ("Bashir Declaration"), filed concurrently herewith. In accordance with Rule 79-5(d)(1)(B), Apple has also filed concurrently herewith a Proposed Order that is "narrowly tailored to seal only the sealable material" and "lists in table format" the sealing and redactions sought.

As set forth below and in the accompanying Bashir Declaration, Apple proposes narrow and tailored redactions to Apple's Motion for Leave to File Sur-Reply and Exhibit A ("Apple's Sur-Reply") to the Declaration of Lauren Pomeroy in Support of Apple's Motion for Leave to File Sur-Reply ("Pomeroy Declaration").[1] Apple also requests that the Court seal Exhibits B and C to the Pomeroy Declaration in their entirety.

I.   **LEGAL STANDARD**

It is well-settled that the public's "general right to inspect and copy public records and documents" is "not absolute," and "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978) (citations omitted). A party may seek to avoid disclosure of confidential, proprietary, or otherwise protected documents by moving to file those documents under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Ninth Circuit applies two tests to determine whether a party is entitled to file certain

---

[1] Apple's proposed redactions are indicated in yellow highlighting.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

APPLE'S ADMIN. MOTION TO SEAL ADMIN.
MOTION FOR LEAVE TO FILE SUR-REPLY
19-CV-04700-LHK

documents under seal: a "compelling reasons" test for potentially dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case . . . ." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016).

The Ninth Circuit "has not yet determined whether a motion for class certification is a dispositive motion subject to the compelling reasons sealing standard." *Cochoit v. Schiff Nutrition Int'l, Inc.*, 2018 WL 1895695, at *1 (C.D. Cal. Apr. 19, 2018) (internal quotations and citations omitted). While Apple believes that the good cause test applies, this Court has observed that "most district courts to consider the question have found that motions for class certification are 'more than tangentially related to the underlying cause of action' and therefore apply the 'compelling reasons' standard" and has likewise applied the compelling reasons standard to motions for class certification. *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) (Koh, J.).

Under the compelling reasons standard, documents can be sealed if they contain "business information that might harm a litigant's competitive standing." *Johnson v. Quantum Learning Network, Inc.*, 2016 WL 4472993, at *2 (N.D. Cal. Aug. 22, 2016) (quoting *Nixon*, 435 U.S. at 598); *see also id.* (finding compelling reasons existed to seal "sensitive financial information . . . that, if made public, could harm [the movant's] business interests"); *Network Appliance, Inc. v. Sun MicroSystems, Inc.*, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (finding compelling reason to seal "in light of the confidential nature of the information" and the "competitive harm" that would likely result "if the confidential information were disclosed").

II. SEALING OF DOCUMENTS CONTAINING APPLE'S CONFIDENTIAL INFORMATION

Apple asks the Court to seal various documents and portions of documents containing Apple's confidential, proprietary, non-public information and designated "Confidential – Attorneys' Eyes Only" by Apple pursuant to the Protective Order.

Specifically, Apple requests that the Court seal Exhibits B and C to the Pomeroy Declaration and portions of Apple's Motion for Leave to File Sur-Reply and Apple's Sur-Reply because those documents contain confidential information, the public disclosure of which would cause Apple significant competitive harm. *See Oracle USA, Inc. v. SAP AG*, 2009 U.S. Dist. LEXIS

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

APPLE'S ADMIN. MOTION TO SEAL ADMIN.
MOTION FOR LEAVE TO FILE SUR-REPLY
19-CV-04700-LHK

71365, at *4-5 (N.D. Cal. Aug. 13, 2009) (granting motion to seal where moving party "considered and treated the information contained in the subject documents as confidential, commercially sensitive and proprietary" and where "public disclosure of such information would create a risk of significant competitive injury and particularized harm and prejudice").

   ***First***, Apple's Motion for Leave to File Sur-Reply, Apple's Sur-Reply, and Exhibits B and C to the Pomeroy Declaration contain highly sensitive, confidential, non-public information related to Apple's iCloud data storage practices and business plans and projects, among other things. (*See* Bashir Decl. ¶¶ 3, 6-9.) The public disclosure of this information could harm Apple by, for example, providing competitors with insight into Apple's strategic decision-making and practices. (*Id.*) Based on this information, competitors could determine whether, among other things, to implement similar tactics without investing the necessary time and resources to independently develop their own plans and projects. (*Id.*) Accordingly, compelling reasons exist to seal this information. *See Am. Auto. Ass'n of N. Cal., Nev. & Utah v. General Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (Koh, J.) (finding compelling reasons to seal "information regarding the parties' prospective business plans, dealings and strategies"); *Space Data Corp. v. Alphabet Inc.*, 2019 WL 8012581, at *2 (N.D. Cal. July 24, 2019) (finding compelling reasons to seal "confidential information about Google's business development, practices, and strategy, including how Google evaluates strategic partner relationships" because "[p]ublic disclosure of this information would cause harm to Defendants"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing [defendant's] pricing strategy, business decisionmaking [sic], and financial records, which would expose [defendant] to competitive harm if disclosed").

   ***Second***, Apple's Motion for Leave to File Sur-Reply, Apple's Sur-Reply, and Exhibits B and C to the Pomeroy Declaration contain highly sensitive, confidential, non-public information related to Apple's iCloud technology and trade secrets, among other things. (*See* Bashir Decl. ¶¶ 4, 6-9.) The public disclosure of this information could harm Apple by, for example, permitting competitors to further develop and improve their own cloud services at Apple's expense. (*Id.*) Competitors could also unfairly gain invaluable insight into how Apple's iCloud technology works

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

APPLE'S ADMIN. MOTION TO SEAL ADMIN.
MOTION FOR LEAVE TO FILE SUR-REPLY
19-CV-04700-LHK

and what competitive plans Apple may have for its iCloud service. (*Id.*) Accordingly, compelling reasons exist to seal this information. *See Opperman v. Path, Inc.*, 2017 WL 1036652, at *3 (N.D. Cal. Mar. 17, 2017) (finding compelling reasons to seal "confidential information about Twitter's products, proposed features, design concepts, and internal review processes that constitute trade secrets"); *Space Data Corp. v. X*, 2017 WL 11503233, at *2 (N.D. Cal. Sept. 25, 2017) (finding compelling reasons to seal "technical proprietary confidential information and business planning and financial information, including trade secrets, which disclosure could economically harm Plaintiff's business"); *Network Appliance*, 2010 WL 841274, at *4-5 (finding compelling reasons to seal "future business plans," "detailed business and marketing information," and trade secrets, among other confidential information).

### III.  CONCLUSION

For the reasons set forth herein and in the Bashir Declaration, Apple respectfully requests that the Court seal (1) designated portions of Apple's Motion for Leave to File Sur-Reply and Apple's Sur-Reply, reflecting Apple's concurrently filed redactions; and (2) Exhibits B and C to the Pomeroy Declaration in their entirety.

Dated: February 22, 2021            COOLEY LLP

                                    */s/ Michelle C. Doolin*
                                    Michelle C. Doolin

                                    Attorneys for Defendant
                                    APPLE INC.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

APPLE'S ADMIN. MOTION TO SEAL ADMIN.
MOTION FOR LEAVE TO FILE SUR-REPLY
19-CV-04700-LHK