**Exhibit A**

**Apple Inc.'s REDACTED Version of Document Sought to be Filed Under Seal**

COOLEY LLP
BEATRIZ MEJIA (190948) (mejiab@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
LAUREN J. POMEROY (291604) (lpomeroy@cooley.com)
101 California St., 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

MICHELLE C. DOOLIN (179445) (mdoolin@cooley.com)
JAYME B. STATEN (317034) (jstaten@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREA M. WILLIAMS AND JAMES STEWART, On Behalf of Themselves And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 5:19-cv-04700-LHK<br><br>**DEFENDANT APPLE INC.'S SUR-REPLY TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION**<br><br>Judge: The Hon. Lucy H. Koh<br>Crtrm: 8, 4th Floor<br>Date: March 4, 2021<br>Time: 1:30 p.m. |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

APPLE'S SUR-REPLY TO PLAINTIFFS' REPLY
ISO MOTION FOR CLASS CERT.
19-CV-04700-LHK

## INTRODUCTION

Plaintiffs' Reply in Support of Their Motion for Class Certification ("Reply," ECF No. 92) relies on extensive citations to deposition testimony taken after Apple's Opposition to Plaintiffs' Motion for Class Certification ("Opposition," ECF No. 82) was due, as well as several documents that Plaintiffs introduced into the record for the first time on reply. Not only does Plaintiffs' Reply present new evidence to which Apple has not had an opportunity to respond, it also greatly mischaracterizes the evidentiary record. Accordingly, Apple has sought leave to file this short Sur-Reply to respond to this new evidence and correct the factual distortions Plaintiffs have made. *See Butler v. Porsche Cars N. Am., Inc.*, 2017 WL 1398316, at *3 (N.D. Cal. Apr. 19, 2017) (Koh, J.) (granting sur-reply where "Plaintiff's reply relies on Schmitt's deposition, and thus Plaintiff's reply raises arguments and evidence to which Porsche has not yet had the opportunity to respond"); *cf. Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[w]here new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.") (internal quotation and citations omitted).

**I.   Plaintiffs' New Evidence Is Not Common Evidence of Breach and Injury from September 16, 2015 to February 2016**

Plaintiffs claim for the first time in their Reply that a shorter class period—from September 16, 2015 to January 31, 2016—can be certified because common proof exists to show that "*all* class members necessarily had their iCloud content stored by third parties at non-Apple facilities" during this time. (ECF No. 92 at 7 (emphasis in original).) But Plaintiffs' Reply relies solely on three documents that Plaintiffs misconstrue, ignoring the testimony of Dane Aconfora, an Apple employee whose deposition was taken after Apple filed its Opposition and who made clear that Plaintiffs' interpretation was incorrect and contrary to the factual record.[1]

---

[1] Plaintiffs originally had requested the deposition of Mr. Aconfora last year but withdrew their request a week before it was scheduled to occur. Thus, Plaintiffs could have deposed Mr. Aconfora prior to filing their Motion for Class Certification so that the parties could have addressed any discussion of that deposition testimony in the Motion and Opposition briefs. However, only after Apple filed its Opposition did Plaintiffs seek and take Mr. Aconfora's deposition on February 10, 2021. Mr. Aconfora provided a declaration in support of Apple's Opposition (ECF No. 82-6, filed entirely under seal). Accordingly, Apple is forced to file its motion for leave to file this proposed Sur-Reply in order to respond to arguments and evidence raised in Plaintiffs' Reply that were based on Mr. Aconfora's

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

APPLE'S SUR-REPLY TO PLAINTIFFS' REPLY
ISO MOTION FOR CLASS CERT.
19-CV-04700-LHK

1    At his deposition, Plaintiffs asked Mr. Aconfora, the Director of Service Forecasting and
2 Efficiency, about all three documents—none of which were attached to their opening papers. While
3 Plaintiffs claim that these documents speak of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
4 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (ECF No. 92 at 7), they omit two crucial details from Mr. Aconfora's
5 testimony. First, they ignore the clear and repeated testimony of Mr. Aconfora, who has worked on
6 Apple's iCloud product for years, that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
9 ▮▮▮▮▮▮▮▮▮▮ *see, e.g., id.* at 38:20-39:3, 78:12-17.) Second, Plaintiffs omit Mr. Aconfora's
10 explanation that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* at 37:3-13.) Mr. Aconfora further testified that
12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* at 44:23-
14 45:10; *see also id.* at 38:2-14.)[2] Third, Plaintiffs ignore the Declaration of Ahmed Bashir, Apple's
15 Director of Engineering, iCloud, which clearly stated ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
16 ▮▮▮▮▮▮▮▮ (ECF No. 93 ¶ 5.)
17    Notably, Plaintiffs do not attach a *single* document from their new shortened period for which
18 they contend uniform class treatment is appropriate. Indeed, two of the three documents Plaintiffs cite
19 post-date February 2016 by more than three years. (*See* Katriel Reply Decl., Ex. 2, APL-
20 ICSTORAGE_00016133 (ECF No. 92-3) (dated March 26, 2019); *id.*, Ex. 3, APL-
21 ICSTORAGE_00028994 (ECF No. 92-4) (dated June 24, 2019).) In contrast, Plaintiffs have wholly
22 ignored a number of *contemporaneous* documents produced by Apple in discovery that confirm Mr.
23 Aconfora's assertion that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As just one example,

---

testimony. (Pomeroy Decl. ¶¶ 3-4.)
[2] Plaintiffs' counsel also asked Mr. Aconfora about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮ Counsel did not establish that Mr. Aconfora had a role in drafting this document
or even that he had seen it previously, but instead simply asked him ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Aconfora Dep. Tr. at 42:15-43:1.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

APPLE'S SUR-REPLY TO PLAINTIFFS' REPLY
ISO MOTION FOR CLASS CERT.
19-CV-04700-LHK

1  █████████████████████████████████████████████████████████████████████

2  ██████████████████████████████████████████████ (Pomeroy Decl., Ex. C.)

3  In the end, Plaintiffs are essentially asking the Court to ignore the clear and overwhelming evidence

4  that ██████████████████████████████████████: the repeated testimony of Mr.

5  Aconfora, the contemporaneous documents in the production, and Mr. Bashir's Declaration.

6  **II.    Mr. Aconfora's Deposition Does Not Support Plaintiffs' Contention That Class-Wide Proof Exists After February 2016**

7

8  Plaintiffs rely on Mr. Aconfora's testimony to support their contention that ████████

9  ██████████████████████████████████████████████████████████ (ECF No. 92 at

10  9.)[3]  The Reply takes issue with the declaration Mr. Aconfora submitted in support of Apple's

11  Opposition, in which he pointed to documents showing that ████████████████████

12  ████████████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████████████

14  ██████ (ECF No. 82-6 ¶¶ 5-11.)  At deposition, Mr. Aconfora confirmed that ████████

15  ████████████████████████████████████████████████████████████████████████

16  ██████████████████████████████████████████████████████ (Aconfora Dep. Tr. at

17  102:4-18.)  Plaintiffs' Reply points only to Mr. Aconfora's testimony that ██████████████

18  ████████████████████████████████████████████████████████████████████████

19  ██████████████████████████ (ECF No. 92 at 10, 14.)  But this burden is Plaintiffs' to

---

[3] Plaintiffs invoke Mr. Aconfora's testimony to suggest that a class can be certified even if it includes uninjured individuals whose data was never stored using third-party servers because those individuals were still subject to an algorithm that "exposed" them to potentially injurious conduct. (ECF No. 92 at 11.)  Not so.  Plaintiffs cite to *Torres v. Mercer Canyons, Inc.*, 835 F.3d 1125, 1136 (9th Cir. 2016), but that case dealt with a class of individuals allegedly exposed to a set of representations about their employment that caused harm.  The actionable harm, however, was the *exposure* to the misrepresentations; that is not Plaintiffs' theory of breach here, which requires class members' data to have been stored using third-party servers. *See Andrews v. Plains All Am. Pipeline, L.P.*, 777 F. App'x 889, 892 (9th Cir. 2019) (overturning district court's grant of class certification based on lack of common evidence of causation and injury, distinguishing *Torres* on the grounds that it concerned claims where "exposure to the alleged misconduct was itself the injury or was the sole cause of the injury").  And *Moore*, which Plaintiffs also cite, makes clear that a class is not certifiable where it contains individuals who have not suffered cognizable injury. *See Moore v. Apple Inc.*, 309 F.R.D. 532, 545 (N.D. Cal. 2015) (that the "overwhelming majority" of proposed class members suffered an injury is insufficient for predominance).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

APPLE'S SUR-REPLY TO PLAINTIFFS' REPLY
ISO MOTION FOR CLASS CERT.
19-CV-04700-LHK

carry, not Mr. Aconfora's or Apple's.  Mr. Aconfora testified repeatedly that ▮▮▮

▮▮▮

▮▮▮

▮▮▮

This is, in short, consistent with Apple's brief and testimony that ▮▮▮

▮▮▮  Their misrepresentations aside, Plaintiffs have nothing but speculation to counter these facts.[4]

Plaintiffs also contend that ▮▮▮

▮▮▮

▮▮▮ (ECF No. 92 at 9.)[5]  To the contrary, Mr. Aconfora's testimony, in which he was asked to opine on Mr. Bashir's Declaration, confirmed ▮▮▮

▮▮▮

▮▮▮

▮▮▮

▮▮▮  Notably, while Plaintiffs' counsel asked Mr. Aconfora about nearly every substantive paragraph of Mr. Bashir's Declaration, he conspicuously declined to ask Mr. Aconfora about paragraph 9, which discusses ▮▮▮

▮▮▮

▮▮▮ (*Id.* at 57 (asking Mr. Aconfora about paragraphs 8 and 10 and skipping paragraph 9).)  Plaintiffs' theory of ▮▮▮, like so many of their arguments on

---

[4] For example, Plaintiffs speculate that because paid U.S. iCloud users have at least 5GB of stored files, ▮▮▮ (ECF No. 92 at 8-9.)  But their assumptions here amount to nothing more than wishful thinking for which they do not cite evidentiary support.  Indeed, they assume without proof or citation that every paying iCloud subscriber must have stored at least 5GB of data on the iCloud Service when, in fact, someone could pay for the Service and not store anything or far less than 5GB of data.  Moreover, as explained above, Plaintiffs are wrong to assume that ▮▮▮ as Mr. Aconfora's declaration shows, ▮▮▮ (ECF No. 82-6 ¶ 4.)  During much of the proposed Damages Class period, there were only three options used by Apple for iCloud object storage—Google, Amazon, and Apple-owned servers. (*See* ECF No. 84-24 at 8.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

APPLE'S SUR-REPLY TO PLAINTIFFS' REPLY
ISO MOTION FOR CLASS CERT.
19-CV-04700-LHK

class certification, is premised on misconstruing the record or selectively quoting from it. This theory is also inconsistent with documents discussed in Mr. Aconfora's declaration, which show that ███ ███ (ECF No. 82-6 ¶ 7.) Indeed, ███ would not be particularly useful.

In the end, Plaintiffs have mischaracterized the declarations of Messieurs Aconfora and Bashir and Mr. Aconfora's testimony in a misguided attempt to patch up the huge holes in their affirmative case. The full record, however, is clear: ███, and Plaintiffs have proffered no common proof of injury or breach for all class members as to any timeframe within the Class Period.

**CONCLUSION**

For the foregoing reasons, Apple respectfully requests that the Court permit Apple to file this Sur-Reply.

Dated: February 22, 2021                    COOLEY LLP

*/s/ Michelle C. Doolin*
Michelle C. Doolin

Attorneys for Defendant
APPLE INC.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

APPLE'S SUR-REPLY TO PLAINTIFFS' REPLY
ISO MOTION FOR CLASS CERT.
19-CV-04700-LHK