COOLEY LLP
BEATRIZ MEJIA (190948) (mejiab@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
LAUREN J. POMEROY (291604) (lpomeroy@cooley.com)
101 California St., 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

MICHELLE C. DOOLIN (179445) (mdoolin@cooley.com)
JAYME B. STATEN (317034) (jstaten@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendant
APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ANDREA M. WILLIAMS AND JAMES STEWART, On Behalf of Themselves And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 5:19-cv-04700-LHK<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUR-REPLY TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION; DECLARATION OF LAUREN POMEROY AND EXHIBITS; [PROPOSED] ORDER**<br><br>Judge: The Hon. Lucy H. Koh<br>Crtrm: 8, 4th Floor<br>Date: March 4, 2021<br>Time: 1:30 p.m. |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL**

**NOTICE OF MOTION & MOTION**

Pursuant to Northern District of California Civil Local Rules 7-3(d) and 7-11, Defendant Apple Inc. ("Apple") hereby moves the Court for leave to file a Sur-Reply ("Sur-Reply") in response to Plaintiffs' Reply in Support of Their Motion for Class Certification ("Reply," ECF No. 92). This motion is accompanied by the following memorandum of points and authorities, as well as the Declaration of Lauren Pomeroy ("Pomeroy Declaration") and a Proposed Order filed concurrently herewith. The proposed Sur-Reply is attached to the Pomeroy Declaration as Exhibit A.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs' Reply relies extensively on the deposition testimony of Dane Aconfora, an Apple employee. Importantly, Mr. Aconfora's deposition was taken *after* Apple filed its Opposition to Plaintiffs' Motion for Class Certification ("Opposition," ECF No. 82).[1] (Pomeroy Decl. ¶ 3; *id.*, Ex. B.) Plaintiffs also rely on several documents introduced for the first time with their Reply. (*See, e.g.*, Katriel Reply Decl. (ECF 92-1), Exs. 1-3.) Because Mr. Aconfora's deposition testimony was taken after Apple filed its Opposition, and because Plaintiffs included new documents that were presented for the first time in their Reply, Apple should be provided an opportunity to respond, particularly to correct mischaracterizations that Plaintiffs have created in selectively quoting from this testimony and these documents.

This Court has discretion to permit the filing of a sur-reply. *See United States v. Ryan*, 2011 WL 1344499, at *1 (N.D. Cal. Apr. 8, 2011) (finding that sur-reply would be "consider[ed] in the exercise of [the Court's] discretion"); *see also Dietz v. Bouldin*, 136 S. Ct. 1885, 1888-89 (2016) (recognizing the district court's "inherent power . . . to manage its docket . . . ."). Indeed, the Ninth Circuit has indicated that "where new evidence is presented in a reply . . . the district court should not

---

[1] Plaintiffs initially requested Mr. Aconfora's deposition last year but withdrew their request. Accordingly, Plaintiffs could have deposed Mr. Aconfora prior to filing their Motion for Class Certification so that the parties could have addressed any discussion of that deposition testimony in the Motion and Opposition. However, Plaintiffs waited until *after* Apple filed its Opposition before again requesting and finally taking Mr. Aconfora's deposition on February 10, 2021. Mr. Aconfora provided a declaration in support of Apple's Opposition. (ECF No. 82-6, filed entirely under seal.) Thus, Apple is forced to file this motion for leave to file a sur-reply in order to respond to arguments and evidence raised in Plaintiffs' Reply that were based on Mr. Aconfora's testimony. (*See* Pomeroy Decl. ¶¶ 3-4.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

APPLE'S ADMIN. MOTION FOR
LEAVE TO FILE A SUR-REPLY
19-CV-04700-LHK

|   |   |
|---|---|
| 1 | consider the new evidence without giving the non-movant an opportunity to respond." *Provenz v.* |
| 2 | *Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (citation, internal quotation marks, and brackets omitted); |
| 3 | *Butler v. Porsche Cars N. Am., Inc.*, 2017 WL 1398316, at *3 (N.D. Cal. Apr. 19, 2017) (Koh, J.) |
| 4 | (granting motion for leave to file sur-reply where "Plaintiff's reply relie[d] on [declarant's] deposition, |
| 5 | and thus Plaintiff's reply raise[d] arguments and evidence to which Porsche ha[d] not yet had the |
| 6 | opportunity to respond"); *see also Henderson v. Bonaventura*, 649 F. App'x 639, 642 (9th Cir. 2016) |
| 7 | (reversing and remanding for further proceedings where appellant had been denied an opportunity to |
| 8 | respond to arguments that appellees advanced for the first time in a reply brief). |

Apple's Sur-Reply is necessary to correct Plaintiffs' mischaracterizations of the evidentiary record. **First**, Plaintiffs misconstrue Mr. Aconfora's testimony to make their speculative claims that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ However, Plaintiffs omit key deposition testimony from Mr. Aconfora to the contrary. Mr. Aconfora confirmed at his deposition that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Aconfora Dep. Tr. at 102:4-18.) In addition, Mr. Aconfora confirmed that ▇▇▇▇▇▇▇▇▇▇▇▇ (*Id.* at 49:13-18, 56:6-57:1.)

**Second**, Plaintiffs contend for the first time in their Reply that a shorter class period extending from September 16, 2015 to January 31, 2016 can be certified because common proof exists to show that "*all* class members necessarily had their iCloud content stored by third parties at non-Apple facilities" during this timeframe. (ECF No. 92 at 7 (emphasis in original).) Plaintiffs' claim relies on three documents that Plaintiffs misread, none of which were attached to their opening brief. (*See* Katriel Reply Decl., Exs. 1-3 (ECF Nos. 92-2–92-4).) Plaintiffs maintain that these documents indicate that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (ECF No. 92 at 7.) However, Plaintiffs disregard Mr. Aconfora's testimony that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Cooley LLP
Attorneys At Law
San Francisco

2.

APPLE'S ADMIN. MOTION FOR
LEAVE TO FILE A SUR-REPLY
19-CV-04700-LHK

███████████████████████████████████████████ (Aconfora Dep. Tr. 33:22-25, 37:3-13, 38:2-14, 38:20-39:3, 44:23-45:10, 78:12-17.)

Apple will be prejudiced if it cannot address these arguments and evidence that Plaintiffs have presented for the first time in their Reply. Accordingly, Apple respectfully requests that the Court exercise its discretion and permit Apple to file its proposed Sur-Reply.

Dated: February 22, 2021              COOLEY LLP

                                      */s/ Michelle C. Doolin*
                                      Michelle C. Doolin

                                      Attorneys for Defendant
                                      APPLE INC.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

APPLE'S ADMIN. MOTION FOR
LEAVE TO FILE A SUR-REPLY
19-CV-04700-LHK