COOLEY LLP
BEATRIZ MEJIA (190948)
(mejiab@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
LAUREN J. POMEROY (291604)
(lpomeroy@cooley.com)
101 California St., 5th Floor
San Francisco, CA  94111
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

MICHELLE C. DOOLIN (179445)
(mdoolin@cooley.com)
JAYME B. STATEN (317034)
(jstaten@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:    (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREA M. WILLIAMS AND JAMES STEWART, On Behalf of Themselves And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No.  5:19-cv-04700-LHK<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF TO SECURE THE NEXT AVAILABLE HEARING DATE FOR THEIR PLANNED MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT OR SUMMARY ADJUDICATION**<br><br>Judge:    The Hon. Lucy H. Koh<br>Crtrm:    8, 4th Floor |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

APPLE'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ADMINISTRATIVE RELIEF
CASE NO. 19-CV-04700-LHK

## I. INTRODUCTION AND ARGUMENT

On May 12, 2021, Plaintiffs stipulated along with Apple to a case schedule, which included *pushing back* the hearing date for any dispositive motions from October 28, 2021 to November 18, 2021. (Dkt. No. 107.) Less than three weeks later and without prior notice, Plaintiffs contacted the Court seeking to move up the hearing date for dispositive motions from November to the "next available" date on the Court's calendar. (Dkt. No. 111-2.) Plaintiffs' request, however, not only is improper and premature but also creates unnecessary complications for the Court and the Parties, including ignoring the realities of the notice and opt-out process that must occur before summary judgment.

**First,** in violation of Local Rules 6-3 and 7-11, Plaintiffs' Administrative Motion ("Motion") fails, among other things, to "[i]dentif[y] the substantial harm or prejudice that would occur if the Court did not change the time," "[d]escribe[] the efforts the party has made to obtain a stipulation to the time change," and explain "why a stipulation could not be obtained" as well as "the effect the requested time modification would have on the schedule for the case." N.D. Cal. L. R. 6-3, 7-11; *see also* Declaration of Beatriz Mejia in Support of Apple Inc.'s Opposition to Plaintiffs' Administrative Motion ¶¶ 2-3. The Court should deny the Motion on this ground alone.[1]

**Second,** Plaintiffs have not established good cause for this Court to alter the schedule the Parties stipulated to and the Court endorsed just weeks ago. *Quantum Labs, Inc. v. Maxim Integrated Prods. Inc.*, No. 18-cv-07598-BLF, 2020 WL 1914959, at *2 (N.D. Cal. Apr. 20, 2020) ("Any modification to the Court's scheduling order is governed by Federal Rule of Civil Procedure 16(b), which requires a showing of good cause and leave from the Court."). Plaintiffs attempt to justify this sudden change of heart by claiming it will help judicial efficiency, but the potential resolution of Plaintiffs' summary judgment motion a few months earlier than currently scheduled creates risks

---

[1] This is not the first time Plaintiffs have rushed to Court with a defective request for administrative relief seeking to change dates in the case schedule that they had previously agreed to. (Dkt. No. 86.) Just a few months ago, Plaintiffs sought an *ex parte* extension of time for the reply brief in support of their motion for class certification. (*Id.*) The Court denied their motion because Plaintiffs violated the governing Local Rule and failed to show prejudice. (Dkt. No. 89.) Here, Plaintiffs have again not followed the clear requirements under the Local Rules, nor have shown any harm that would result from the Court keeping the very deadline they recently sought.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

APPLE'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ADMINISTRATIVE RELIEF
CASE NO. 19-CV-04700-LHK

diverting the Court's resources while the Parties are concurrently seeking this Court's review and approval of class notice.

Plaintiffs' other proffered rationale is equally unavailing: "[T]here is no good reason for requiring Class Plaintiffs to wait nearly half a year before arguing a motion they are prepared to argue now." (Dkt. No. 111 at 2.) An alleged delay that Plaintiffs *themselves* agreed to hardly meets the good cause standard.

**Third and most importantly,** Plaintiffs' request is premature and only creates needless and significant complications for the Court and Parties. Plaintiffs acknowledge, for instance, that the summary judgment hearing and decision must take place after the notice and opt out periods have run. (Dkt. No. 111 n.3.) But, Plaintiffs offer no proposed deadlines that would permit the Parties to finish this complex process—including the vetting of a claims administrator, the Parties' agreement on notice, the Court's approval of that notice, the dissemination of notice to millions of potential class members, and the running of the opt-out period—on a truncated schedule.

By contrast, the current schedule for dispositive motions, including the hearing date on such motions, accommodates the various procedural and substantive steps that need to occur before the Court's resolution of either side's dispositive motions. Apple is willing to meet and confer on the hearing date for *both* Parties' summary judgment motions as well as the overall case schedule once notice has been sent and the opt-out deadline has been set. But now, before any of the work on notice has even begun, is not the time.[2]

**II. CONCLUSION**

For the forgoing reasons, Apple respectfully asks the Court to DENY Plaintiffs' Motion.

---

[2] Plaintiffs' citation to Apple's statement in the joint case management statement that Apple would move for summary judgment "at the earliest opportunity" is unavailing. (Mot. at 2.) While Apple has always intended to move for summary judgment expeditiously, it also believes that the Court's order on class certification requires additional time to address on summary judgment as well as to follow up on the necessary procedural steps certification entails. Moreover, in that same joint case management statement, Apple proposed (along with Plaintiffs) to set the hearing on dispositive motions for October 28, 2021. In setting that date, Apple understood the need to balance its desire to move expeditiously for summary judgment with any potential follow up from the Court's class certification decision.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

APPLE'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ADMINISTRATIVE RELIEF
CASE NO. 19-CV-04700-LHK

1
2  Dated: June 4, 2021                                    COOLEY LLP
3
4
5                                                         */s/* Michelle C. Doolin
                                                          Michelle C. Doolin
6
                                                          Attorney for Defendant
7                                                         APPLE INC.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

APPLE'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ADMINISTRATIVE RELIEF
CASE NO. 19-CV-04700-LHK