| | |
|---|---|
| COOLEY LLP<br>BEATRIZ MEJIA (190948)<br>(mejiab@cooley.com)<br>KYLE C. WONG (224021)<br>(kwong@cooley.com)<br>LAUREN J. POMEROY (291604)<br>(lpomeroy@cooley.com)<br>101 California St., 5th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br><br>MICHELLE C. DOOLIN (179445)<br>(mdoolin@cooley.com)<br>JAYME B. STATEN (317034)<br>(jstaten@cooley.com)<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>Telephone: (858) 550-6000<br>Facsimile: (858) 550-6420<br><br>Attorneys for Defendant<br>APPLE INC. | THE KATRIEL LAW FIRM, P.C.<br>ROY A. KATRIEL (265463)<br>(rak@katriellaw.com)<br>2262 Carmel Valley Road<br>Suite 200-D<br>Del Mar, CA 92014<br>Telephone: (619) 363-3333<br><br>THE MEHDI FIRM, P.C.<br>AZRA M. MEHDI (220406)<br>(azram@themehdifirm.com)<br>One Market,<br>Spear Tower, Suite 3600<br>San Francisco, CA 94105<br>Telephone: (415) 293-8039<br>Facsimile: (415) 293-8001<br><br>Attorneys for Plaintiffs<br>ANDREA M. WILLIAMS and JAMES STEWART |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREA M. WILLIAMS AND JAMES STEWART, On Behalf of Themselves And All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No. 5:19-cv-04700-LHK<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>The Hon. Lucy H. Koh |

Pursuant to the Northern District of California's Standing Order regarding the content of the Joint Case Management Statement and Proposed Order, the Local Rules of the Northern District of California, the Federal Rules of Civil Procedure, and the Clerk's Notice Continuing the Case

Management Conference (dated May 13, 2021), Plaintiff James Stewart ("Plaintiff") and Defendant Apple Inc. ("Apple" or "Defendant") (collectively the "Parties" and each a "Party") hereby submit this Updated Joint Case Management Statement.

1. <u>Motions</u>

On December 18, 2020, Plaintiffs filed a Motion to Strike Apple's Affirmative Defenses. (ECF No. 71.) That Motion is fully briefed and was set for hearing on April 15, 2021.

On January 8, 2021, Plaintiffs filed a Motion for Class Certification. (ECF No. 76.)

On May 28, 2021 the Court issued its Order Granting in Part and Denying in Part Motion for Class Certification (ECF No. 110). The Court certified a limited class defined as follows:

> All persons in the United States who paid for a subscription to iCloud at any time during the period September 16, 2015 to January 31, 2016. Excluded from this Class definition are all employees, officers, or agents of Defendant Apple Inc. Also excluded from this Class definition are all judicial officers assigned to this case as well as their staff and immediate families.

On June 1, 2021, Plaintiff filed a Motion for Administrative Relief to Secure the Next Available Hearing Date for Their Planned Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment or Summary Adjudication (ECF No. 111) seeking to advance the summary judgment hearing date. The Court denied Plaintiffs' motion. (ECF No. 113).

Apple anticipates filing a motion for summary judgment following the close of expert and fact discovery and in conjunction with an appropriate schedule for class notice. Depending on what further facts are revealed during discovery, Plaintiffs reserve the right to move for full or partial summary judgment or summary adjudication.

2. <u>Discovery</u>

On April 21, 2021, Plaintiffs served their second set of interrogatories and requests for production. Apple served its responses and objections to the interrogatories on June 11, 2021. Apple's deadline to serve its responses and objections to Plaintiffs' second set of production requests is June 18, 2021, pursuant to the Parties' agreement.

Plaintiff served deposition notices for current or former Apple employees Monica Sarkar, David Thompson, and Eric Billingsley. The Parties are currently coordinating on scheduling

deposition dates for these individuals and anticipate the depositions for these three witnesses will occur the week of June 21.

The Court issued an updated Case Management Order on September 17, 2020. (ECF No. 64.) On May 12, 2021, the Parties filed a Stipulation to Request the Court Modify the Case Management Order (ECF No. 64), (ECF No. 107), which the Court granted on May 13, 2021, (ECF No. 108). The close of fact discovery is set for June 28, 2021, and the close of expert discovery on September 2, 2021.

3. Settlement and ADR

The parties attended private mediation on February 17, 2021. The mediation was not successful. (*See* Joint Settlement Status Report Following Mediation (ECF No. 97)).

4. Class Notice & Administration

On June 3, 2021, the Parties met and conferred regarding a host of issues, including timing and process for class notice and administration of the class.

    a. Plaintiff's Statement

Plaintiffs' counsel has requested Apple provide a class list. That request was included both as a formal Rule 34 Request in Plaintiffs' outstanding requests for production of documents and also in telephone conversations with Apple's counsel following the Court's Order granting in part and denying in part Plaintiffs' motion for class certification. Apple's counsel has replied that they are working on putting together a class list but have not produced one to date nor have they indicated when a class list is expected.

Plaintiffs' counsel plans to solicit bids from class administrators to undertake the class notice dissemination and opt-out compilation tasks. Apple's counsel has expressed a preference for having a class administrator on Apple's list of preferred administrators undertake these tasks. While Plaintiffs' counsel have no objection to soliciting bids from administrators on Apple's preferred list, they are not committing to restrict themselves only to Apple's preferred list of administrators. Plaintiffs' counsel

has a duty to safeguard the interests of the certified class, such that soliciting competitive bids from a number of qualified class administrators is appropriate.

Plaintiffs believe that Apple should be able to provide a class list promptly so that a class administrator and notice program may be approved by the Court. Provided Apple fulfills its obligation to timely produce the class list without delay, Plaintiffs see no reason to further modify the case schedule.

      b. Apple's Statement

Apple is currently working to compile the class list at which point the Parties can select a claims administrator via a competitive bidding process. Apple is committed to working with Plaintiffs to select an appropriate class administrator. Apple has previously undertaken a careful vetting process of several class administrators to ensure that they provide sufficient security and data protection protocols. Given the potential sensitive nature of the class data and the need to securely transfer and store such data, the class administrator selected by the Parties will have to have gone through this rigorous review.

Apple is working to ascertain the overall number of class members and believes that information will be sufficient to begin the bidding process. Apple's response to Plaintiffs' outstanding discovery requests is not yet due.

Apple believes that a further case management conference may be necessary to revise the case schedule in light of the process now necessary for providing class notice and opt out period.

5. Scheduling

The Order Granting Stipulation to Request the Court Modify the Case Management Order (ECF No. 64), (ECF No. 108), sets the following schedule:

| Scheduled Event | New Deadline |
|---|---|
| Case Management Conference | June 23, 2021 |
| Close of Fact Discovery | June 28, 2021 |
| Opening Expert Reports | July 19, 2021 |

| Scheduled Event | New Deadline |
|---|---|
| Case Management Conference | June 23, 2021 |
| Rebuttal Expert Reports | August 16, 2021 |
| Close of Expert Discovery | September 2, 2021 |
| Last Day to File Dispositive Motions (one per side in the entire case) | September 30, 2021 |
| Hearing on Dispositive Motions | November 18, 2021 |
| Final Pretrial Conference | January 20, 2022 at 1:30 p.m. |
| Jury Trial | February 28, 2022 at 9:00 a.m. |

6. Trial

   a. **Plaintiffs' Statement**

   Based on the limited information obtained to date as part of Plaintiffs' research and drafting of the CAC and First Amended Complaint, as well as review of Apple's motions to dismiss, Plaintiffs anticipate they will require 12 Court days to select a jury, offer opening statements, and present their case-in-chief at trial. This is a very preliminary estimate that remains subject to change based on case developments, discovery obtained, and the Court's rulings.

   //
   //
   //
   //
   //
   //
   //
   //
   //
   //

**b. Defendant's Statement**

The length of trial will depend on summary judgment proceedings. Until the resolution of any summary judgment motions, the Parties do not have the necessary information to estimate the expected length of a trial in this action. In any event, given the four-month class period and the significant narrowing of the claims in this action, 12 days of trial is likely to be far too many.

Dated: June 16, 2021                               THE KATRIEL LAW FIRM, P.C.

*/s/ Roy A. Katriel*
Roy A. Katriel
Attorneys for Plaintiffs

Dated: June 16, 2021                               COOLEY LLP

*/s/ Michelle C. Doolin*
Michelle C. Doolin
Attorneys for Apple Inc.

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to Civ. L.R. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatory.

Dated: June 16, 2021                    */s/ Michelle C. Doolin*
                                        Michelle C. Doolin