| | |
|---|---|
| COOLEY LLP<br>BEATRIZ MEJIA (190948)<br>(mejiab@cooley.com)<br>KYLE C. WONG (224021)<br>(kwong@cooley.com)<br>LAUREN J. POMEROY (291604)<br>(lpomeroy@cooley.com)<br>101 California St., 5th Floor<br>San Francisco, CA  94111<br>Telephone:   (415) 693-2000<br>Facsimile:    (415) 693-2222<br><br>MICHELLE C. DOOLIN (179445)<br>(mdoolin@cooley.com)<br>4401 Eastgate Mall<br>San Diego, CA  92121<br>Telephone:   (858) 550-6000<br>Facsimile:    (858) 550-6420<br><br>Attorneys for Defendant<br>APPLE INC. | THE KATRIEL LAW FIRM, P.C.<br>ROY A. KATRIEL (265463)<br>(rak@katriellaw.com)<br>2262 Carmel Valley Road<br>Suite 200-D<br>Del Mar, CA 92014<br>Telephone:    (619) 363-3333<br><br>THE MEHDI FIRM, P.C.<br>AZRA M. MEHDI (220406)<br>(azram@themehdifirm.com)<br>One Market,<br>Spear Tower, Suite 3600<br>San Francisco, CA 94105<br>Telephone:    (415) 293-8039<br>Facsimile:     (415) 293-8001<br><br>Attorneys for Lead Plaintiff and the Class<br>JAMES STEWART |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREA M. WILLIAMS AND JAMES STEWART, On Behalf of Themselves And All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No.  5:19-cv-04700-LHK<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>The Hon. Lucy H. Koh |

Pursuant to the Northern District of California's Standing Order regarding the content of the Joint Case Management Statement and Proposed Order, the Local Rules of the Northern District of California, the Federal Rules of Civil Procedure, and the Case Management Order dated June 21, 2021 continuing the case management conference to September 15, 2021 (ECF No. 119), Plaintiff James Stewart ("Plaintiff") and Defendant Apple Inc. ("Apple" or "Defendant") (collectively the "Parties" and each a "Party") hereby submit this Updated Joint Case Management Statement.

1. <u>Motions</u>

On December 18, 2020, Plaintiffs filed a Motion to Strike Apple's Affirmative Defenses. (ECF No. 71.) On May 28, 2021 the Court issued its Order Granting in Part and Denying in Part Motion for Class Certification. (ECF No. 110.) The Court certified a limited class defined as follows:

> All persons in the United States who paid for a subscription to iCloud at any time during the period September 16, 2015 to January 31, 2016. Excluded from this Class definition are all employees, officers, or agents of Defendant Apple Inc. Also excluded from this Class definition are all judicial officers assigned to this case as well as their staff and immediate families.

On June 17, 2021, the Court issued its Order Granting in Part and Denying in Part Plaintiffs' Motion to Strike. (ECF No. 115.) Specifically, the Court granted Plaintiffs' motion to strike Apple's fourth defense with prejudice; granted with leave to amend Plaintiffs' motion to strike Apple's third, fifth, sixth, seventh, and ninth defenses, as well as the allegation in Apple's eighth defense that "there was a failure of consideration"; denied Plaintiffs' motion to strike Apple's first, second, tenth, and eleventh defenses in their entirety and the eighth defense's "substantial performance" allegation; and denied Plaintiffs' motion to strike Apple's prayer for an award of attorneys' fees. (*Id.* at 13-14.) On July 8, 2021, Apple filed its Amended Answer to Plaintiffs' First Amended Complaint. (ECF No. 126.)

Apple anticipates filing a motion for summary judgment following the close of expert discovery. Depending on what further facts are revealed during discovery, Plaintiffs reserve the right to move for full or partial summary judgment or summary adjudication.

2. Discovery

On April 21, 2021, Plaintiffs served their second set of interrogatories and requests for production. Apple served its responses and objections to the interrogatories and requests for production on June 11, 2021 and June 17, 2021, respectively.

The Court issued an updated Case Management Order on June 21, 2021, setting the close of fact discovery for July 28, 2021 and the close of expert discovery for October 1, 2021. (ECF No. 119.)

Plaintiff deposed three current or former Apple employees. On July 28, 2021, Apple served its second supplemental initial disclosures and tenth document production. On August 19, 2021, the parties served opening merits expert reports. Plaintiffs served the Merits Expert Report of Scott D. Swain and the Merits Expert Report of Russell W. Mangum III, Ph.D. Apple served the Merits Expert Report of Dr. Carol Scott.

3. Settlement and ADR

The parties attended private mediation on February 17, 2021. The mediation was not successful. (*See* Joint Settlement Status Report Following Mediation (ECF No. 97).)

The parties have scheduled a second private mediation for October 27, 2021, nearly two months before the Court-appointed deadline of December 17, 2021.

4. Class Notice & Administration

The parties have selected Angeion to provide notice to the class, and the parties discussed next steps with Angeion on September 7, 2021. On that call, Angeion indicated to counsel that it requires one month to process a class list of this size, another month to send out notice, and another month for the required opt-out period for a total of 90 days. This timeline will overlap with the mediation on October 27 and the current summary judgment motion practice deadlines. Accordingly, the parties request that the Court revise the case schedule as shown in Section 5 below. The proposed schedule would keep the dates for the conclusion of expert discovery, but would push out summary judgment by one month. This revised schedule would allow the parties to proceed with class notice after the mediation on October 27 and avoid overlap with any summary judgment briefing. In the event that mediation is successful, the proposed schedule would also reduce the possibility of having to issue two class notices—one now and one after settlement—and thus minimize potential confusion to class

members and reduce the burden and costs to the parties as well. In addition, this case schedule would facilitate the parties' meaningful engagement in settlement discussions and enable them to focus their time and resources on that process rather than summary judgment.

5. Scheduling

The parties request that the Court adopt the following revised case schedule:

| Scheduled Event | Current Deadline | Requested Deadline |
| --- | --- | --- |
| Rebuttal Expert Reports | September 16, 2021 | September 16, 2021 |
| Close of Expert Discovery | October 1, 2021 | October 1, 2021 |
| Last Day to File Dispositive Motions (one per side in the entire case) | November 11, 2021 (opening)<br>December 2, 2021 (opposition)<br>December 15, 2021 (reply) | December 9, 2021 (opening)<br>January 10, 2022 (opposition)<br>January 28, 2022 (reply) |
| Hearing on Dispositive Motions | January 13, 2022 | February 10, 2022 |
| Final Pretrial Conference | March 24, 2022 at 1:30 p.m. | May 12, 2022 at 1:30 p.m. |
| Jury Trial | April 25, 2022 | June 13, 2022 |

6. Trial

   a. **Plaintiffs' Statement**

Based on the limited information obtained to date as part of Plaintiffs' research and drafting of the CAC and First Amended Complaint, as well as review of Apple's motions to dismiss, Plaintiffs anticipate they will require 12 court days to select a jury, offer opening statements, and present their case-in-chief at trial. This is a very preliminary estimate that remains subject to change based on case developments, discovery obtained, and the Court's rulings.

   b. **Defendant's Statement**

The length of trial will depend on summary judgment proceedings. Until the resolution of any summary judgment motions, the Parties do not have the necessary information to estimate the expected length of a trial in this action. In any event, given the four-month class period and the significant narrowing of the claims in this action, 12 days of trial is likely to be far too many.

| | | |
|---|---|---|
| 1 | Dated: September 8, 2021 | THE KATRIEL LAW FIRM, P.C. |
| 2 | | |
| 3 | | */s/ Roy A. Katriel* <br> Roy A. Katriel <br> Attorneys for Lead Plaintiff and the Class |
| 4 | Dated: September 8, 2021 | COOLEY LLP |
| 5 | | |
| 6 | | */s/ Michelle C. Doolin* <br> Michelle C. Doolin |
| 7 | | Attorneys for Apple Inc. |

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to Civ. L.R. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatory.

Dated: September 8, 2021   */s/ Michelle C. Doolin*
   Michelle C. Doolin