# EXHIBIT 1 TO DECLARATION OF ROY A. KATRIEL

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement" or "Agreement") is made as of January 6, 2022, by and between James Stewart ("Named Plaintiff"), on behalf of himself and a class of iCloud subscribers as defined below ("Subscriber Class"), and Apple Inc., and all its affiliates, subsidiaries, parent companies, and related companies ("Apple") (collectively, the "Parties," and individually a "Party").

## DEFINITIONS

As used herein, the following terms have the meanings set forth below:

A.    "Action" means the litigation styled *Williams v. Apple Inc.*, No. 19-cv-04700-LB (N.D. Cal.), filed in the United States District Court for the Northern District of California.

B.    "Administrative and Notice Costs" means all fees, costs, and expenses incurred by the Settlement Administrator while carrying out its duties under this Agreement, including, without limitation: issuing Email and Website Notice; reviewing and approving claims; and administering, calculating, and distributing the Net Settlement Amount to Subscriber Class Members.

C.    "Apple Counsel" means Apple's counsel of record in the Action.

D.    "Attorneys' Fees and Costs" means the amount of attorneys' fees and reimbursement of costs and expenses awarded to Class Counsel by the Court from the Gross Settlement Amount.

E.    "Class Counsel" means:

    a.    Roy A. Katriel, of The Katriel Law Firm, P.C., 2262 Carmel Valley Road, Suite 200-D, Del Mar, CA 92014

    b.    Azra Mehdi, of The Mehdi Firm, P.C., 201 Mission Street, Suite 1200, San Francisco, CA 94105

F.    "Class Payment" means a pro rata distribution from the Net Settlement Amount to each Subscriber Class Member based on the overall payments made by each Subscriber Class Member for his or her iCloud subscription during the Subscriber Class Period.  Such pro rata distribution shall not exceed the value of the total amount a Subscriber Class Member paid for his or her iCloud subscription during the Subscriber Class Period.

G.    "Court" means the United States District Court for the Northern District of California, where the Action was filed.

H.    "Effective Date" means five days after which all of the following events and conditions of this Agreement have occurred or have been met: (a) the Court has entered a Final Approval Order approving the Settlement, and (b) the Court has entered Final Judgment that has become final in that the time for appeal or writ of certiorari has expired or, if an appeal or

writ of certiorari is taken and the Settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired.  If the Final Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the Final Judgment shall not become final.  In the event of an appeal or other effort to obtain review, the Parties may agree jointly in writing to deem the Effective Date to have occurred; however, there is no obligation to agree to advance the Effective Date.

I.     "Email Notice" means the notice of the Settlement to be emailed to all Subscriber Class Members (if an email address is available) in connection with the Settlement, in the form attached hereto as Exhibit 1, and as set forth below.

J.     "Final Approval Hearing" means the Court hearing where the Parties will request the Final Approval Order be entered approving this Agreement, and where Class Counsel will request that the Court enter Final Judgment.

K.     "Final Approval Order" means the final order to be entered by the Court, following the Final Approval Hearing, approving the Settlement.  A proposed Final Approval Order is attached hereto as Exhibit 2.

L.     "First Amended Class Action Complaint" means the First Amended Class Action Complaint filed in this Action (ECF No. 38 in the Action).

M.     "Gross Settlement Amount" means the amount not to exceed fourteen million and eight hundred thousand dollars ($14,800,000.00), which constitutes the total amount of non-reversionary funds that will comprise the Class Payment, Class Counsel's Attorneys' Fees and Costs, Administrative and Notice Costs, any Service Award to Named Plaintiff, and any distribution to the *cy pres* recipient as outlined in Section 2.5.

N.     "Final Judgment" means a document labeled by the Court as such and that has the effect of a judgment under Fed. R. Civ. P. 54.  The Final Judgment will set the amounts of the Attorneys' Fees and Costs award and Service Award and allow for the distribution of Class Payment.  A proposed Final Judgment is attached hereto as Exhibit 3.

O.     "Net Settlement Amount" means the Gross Settlement Amount reduced by the sum of the following amounts: (1) Administrative and Notice Costs; and (2) any Attorneys' Fees and Costs payment to Class Counsel, and any Service Award to the Named Plaintiff, as set forth below.

P.     "Notice Date" means the date set forth in the Preliminary Approval Order for commencing the transmission of the Email Notice and the publication of the Website Notice.

Q.     "Objection" means the written notice that a Subscriber Class Member may submit to the Court objecting to the Settlement.

R.     "Objection and Exclusion Deadline" means the date by which a Subscriber Class Member must submit an Objection, if any, to the Court or an Opt-Out Form to the Settlement

Administrator.  The Objection and Exclusion Deadline shall be 65 days after the Notice Date.

S.   "Objector" means a person or entity who is a Subscriber Class Member who submits an Objection.

T.   "Opt-Out Form" means a Subscriber Class Member's request to be excluded from the Settlement by submitting a written request to be excluded to the Settlement Administrator containing their name, address, and email address.

U.   "Preliminary Approval Order" means the Court's order preliminarily approving the Settlement and providing for Email Notice and Website Notice.

V.   "Released Claims" means any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities, whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, legal, equitable, or otherwise, that arise out of or relate to the allegations made by Named Plaintiff or Subscriber Class Members in the Action and that occurred during the Subscriber Class Period.

W.   "Released Persons" means Apple and each of its past or present directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, affiliates, parents, subsidiaries, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, related companies, and divisions, and each of their predecessors, successors, heirs, and assigns.

X.   "Releasing Persons" means Named Plaintiff and all Subscriber Class Members, including any and all of their respective heirs, executors, administrators, or assigns, provided that any Subscriber Class Member who timely and properly excludes themselves under Section 5 below shall not be included herein.

Y.   "Service Award" means the award sought by Named Plaintiff in consideration for his service during the course of the Action and approved by the Court.  Any such Service Award is separate and apart from any Class Payment the Named Plaintiff may receive as a Subscriber Class Member.

Z.   "Settlement Administrator" means Angeion Group ("Angeion"), an independent settlement administrator, or any such administrator approved by the Court to provide notice and administer the settlement claims in this Action.

AA.   "Settlement Website" means a publicly accessible website created and maintained by the Settlement Administrator for the purpose of providing the Subscriber Class with notice of and information about the proposed Settlement, as well as the option of providing information within a specified time period to the Settlement Administrator to receive the Class Payment by ACH transfer or by check.

BB.   "Subscriber Class" means the class as defined by the Court in its Order Granting in Part and Denying in Part Motion for Class Certification (ECF No. 110 in the Action):

> All persons in the United States who paid for a subscription to iCloud at any time during the period September 16, 2015 to January 31, 2016.  Excluded from this Class definition are all employees, officers, or agents of Defendant Apple Inc.  Also excluded from this Class definition are all judicial officers assigned to this case as well as their staff and immediate families.

CC.  "Subscriber Class Members" means any person who meets the criteria set forth in the Court's definition ("Subscriber Class") as defined above.

DD.  "Subscriber Class Period" means the time period inclusive of September 16, 2015 to January 31, 2016.

EE.  "Website Notice" means the notice of the Settlement to be displayed to all Subscriber Class Members in connection with the Settlement on the Settlement Website maintained by the Settlement Administrator, in the form attached hereto as Exhibit 4, and as set forth in Section 6.2 below.

## RECITALS

This Agreement is made for the following purposes and with reference to the following facts:

WHEREAS, on August 12, 2019, Plaintiffs Andrea M. Williams and James Stewart filed their initial Complaint.  The initial Complaint alleged that Apple breached its contract with users by storing iCloud data using third-party servers, that Apple violated California's Unfair Competition Law ("UCL"), and that Apple violated California's False Advertising Law ("FAL"). Apple filed an initial Motion to Dismiss on October 4, 2019.  On March 27, 2020, the Court granted in part and denied in part Apple's Motion to Dismiss.  The Court allowed the breach of contract claim to proceed.  The Court dismissed the UCL and FAL claims with leave to amend.  The Court also dismissed the injunctive relief claims with leave to amend.

WHEREAS, the First Amended Class Action Complaint was filed on April 27, 2020 on behalf of Plaintiffs Andrea M. Williams and James Stewart.  Apple again moved to dismiss.  On November 17, 2020, the Court dismissed the UCL and FAL claims with prejudice but allowed the injunctive relief claims to proceed.

WHEREAS, Plaintiffs Andrea M. Williams and James Stewart alleged a nationwide class in the Complaint and the First Amended Class Action Complaint and moved to certify a nationwide class for the period of September 16, 2015 to October 31, 2018.  The Court, denying in part and granting in part, certified a nationwide class for the inclusive period of September 16, 2015 to January 31, 2016.  The Court did not certify the nationwide class as to Plaintiffs Andrea M. Williams's and James Stewart's injunctive claims.  The Court also held that Plaintiff Andrea M. Williams was inadequate, leaving Plaintiff James Stewart as the only remaining class representative.

WHEREAS, the Parties have investigated the facts and have analyzed the relevant legal issues regarding the claims and defenses asserted in this Action, including through significant motion practice and extensive fact and expert discovery.  The Parties also conducted two

mediations before the Hon. Edward A. Infante (Ret.), on February 17, 2021 and October 27, 2021.

WHEREAS, Class Counsel and Named Plaintiff believe that the claims asserted in the Action have merit and have examined and considered the benefits to be obtained under this Settlement, the risks associated with the continued prosecution of this complex and time-consuming litigation, and the likelihood of ultimate success on the merits, and have concluded that the Settlement is fair, adequate, reasonable, and in the best interests of the Subscriber Class Members.

WHEREAS, Apple has at all times denied and continues to deny any and all alleged wrongdoing or liability.  Specifically, Apple denies that it has breached any contractual provision in the iCloud Terms and Conditions or made any misrepresentations with respect to the storage of iCloud user data.  Even so, taking into account the uncertainty and risks inherent in litigating this case through trial, Apple has concluded that continuing to defend this Action would be burdensome and expensive.

WHEREAS, the Parties desire to settle the Action in its entirety as to the Named Plaintiff, the Subscriber Class, and Apple with respect to all claims arising out of the facts underlying this Action.  The Parties intend this Agreement to bind Named Plaintiff (both as the class representative and individually), Apple, Class Counsel, and all Subscriber Class Members.

In light of the foregoing, for good and valuable consideration, the Parties, and each of them, hereby warrant, represent, acknowledge, covenant, and agree, subject to approval by the Court, as follows:

## 1. CONFIDENTIALITY

1.1    The Parties must comply with all portions of the Stipulated Protective Order (ECF No. 31 in the Action).

1.2    This Agreement and its terms shall remain completely confidential until all documents are executed and the Motion for Preliminary Approval is filed with the Court.  Pending the filing of that motion, Class Counsel and Apple Counsel may disclose this Agreement and its terms to their respective clients who are reasonably involved in the implementation of the Settlement, who will also maintain the complete confidentiality of this Agreement and its terms.

## 2. CONSIDERATION FOR SETTLEMENT AND CLASS PAYMENTS

2.1    Subject to the terms of this Agreement, Apple's total financial commitment under this agreement shall not exceed the Gross Settlement Amount of $14,800,000.00.  Apple shall have no other financial obligations under this Agreement.

2.2    Class Payment to Subscriber Class Members.  Subscriber Class Members shall receive a pro rata distribution of the Net Settlement Amount based on the overall payments made by each Subscriber Class Member for his or her iCloud subscription during the Subscriber Class Period.  Such pro rata distribution shall not exceed the value of a Subscriber Class Member's total iCloud subscription payments during the Subscriber Class Period.

2.3   <u>Payment Method.</u>  Within 90 days of the Effective Date, subject to such supervision and direction of the Court and the Parties as may be necessary or as circumstances may require, the Class Payment shall be distributed to Subscriber Class Members.  In the Email and Website Notice, Subscriber Class Members will be notified of the Settlement and each will be given the option of providing information to the Settlement Administrator to receive the Class Payment by ACH transfer or by check.  In the event a Subscriber Class Member does **not** elect to receive the Class Payment by ACH transfer or check by providing the necessary information to the Settlement Administrator within the specified timeframe, the following shall apply:

    1)    For those Subscriber Class Members who, at the time Class Payment is distributed, are monthly iCloud subscribers to any kind of monthly paid iCloud plan and who have a U.S. mailing address associated with their plan, Apple shall issue Class Payment to the Apple accounts that pay for the Subscriber Class Members' subscriptions.

    2)    For those Subscriber Class Members who, at the time Class Payment is distributed, are no longer monthly iCloud subscribers to any kind of monthly paid iCloud plan or who do not have a U.S. mailing address associated with their plan, the Settlement Administrator shall issue each of them a check sent to the mailing address associated with their account.

2.4   To the extent economically feasible, the Settlement Administrator shall follow up and communicate with Subscriber Class Members who have not cashed their Class Payment checks within 90 days of the checks being mailed or emailed.

2.5   <u>Distribution of Any Remainder.</u>  It is the intent of the Parties that the entire Net Settlement Amount be distributed to the Subscriber Class Members.  To that end, the Settlement does not require the filing of any claim forms as a condition of receiving a payment from the Net Settlement Amount.  Nevertheless, the Parties recognize that even Subscriber Class Members who receive a payment may not cash or deposit their payment check or that certain checks may be undeliverable due to, inter alia, incorrect addresses.  Any remaining funds from the Gross Settlement Amount after the Administrative and Notice Costs, Class Payment, Attorneys' Fees and Costs, and Service Award are distributed, including those resulting from uncashed checks, will be distributed to the *cy pres* recipient, except that if, for any reason, the determination of Attorneys' Fees and Costs occurs after Class Payments are distributed and the Attorneys' Fees and Costs are less than those requested by Class Counsel's Motion For Attorneys' Fees and Costs, the Parties shall determine the extent to which any reduction in Attorneys' Fees and Costs can be distributed to the Subscriber Class in an administratively and economically feasible manner.  If any distribution is not administratively and economically feasible, any reduction will be distributed to the *cy pres* recipient.  In no event shall the remainder be returned to Apple.  By the hearing on the motion for preliminary approval, the Parties will publicly file with the Court a proposed *cy pres* recipient.

3.      **OBTAINING COURT APPROVAL OF THE AGREEMENT**

3.1    <u>Preliminary Approval.</u>  The Parties agree to recommend approval of the Settlement to the Court as fair and reasonable and to undertake their best efforts to obtain such approval. The Parties therefore agree that Named Plaintiff shall submit this Agreement, together with its exhibits, to the Court and shall apply for entry of a Preliminary Approval Order in the form attached as Exhibit 5 hereto.  The Preliminary Approval Motion may be made by way of a calendared motion.

3.2    Class Counsel shall draft and file the motion requesting issuance of the Preliminary Approval Order and shall provide that draft to Apple Counsel in the Action no later than 4 days before filing.  The motion shall be written in a neutral manner that does not contain inflammatory language about the Parties, the allegations or defenses asserted in the Action, or the Parties' perceived conduct in the Action.  Apple may provide feedback concerning the motion, and Class Counsel will meet and confer with Apple in good faith regarding Apple's feedback.  Additionally, Apple may file supplemental briefing in support of Named Plaintiff's preliminary approval motion.

3.3    Upon filing of the motion requesting issuance of the Preliminary Approval Order, Apple shall provide timely notice of such motion to the appropriate official as required by the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*.

3.4    <u>Final Approval and Final Judgment.</u>  In accordance with the schedule set forth in the Preliminary Approval Order, Class Counsel shall draft and file the motion requesting final approval of the Settlement, the Proposed Final Approval Order, and the Proposed Final Judgment and shall provide those drafts to Apple Counsel at least 10 days before filing such motion with the Court.  Apple may provide feedback concerning the motion, and Class Counsel will meet and confer with Apple in good faith regarding Apple's feedback. Additionally, Apple may file supplemental briefing in support of Named Plaintiff's final approval motion.

3.5    In the event that the Agreement is not approved, or in the event that its approval is conditioned on any modifications (including modifications to the proposed form and method of notice) that are not acceptable to Apple, then (a) this Agreement shall be null and void and of no force and effect and (b) any release shall be of no force or effect.  In such event, the Action will revert to the status that existed before the Agreement's execution date, the Parties shall each be returned to their respective procedural postures so that the Parties may take such litigation steps that they otherwise would have been able to take absent the pendency of this Settlement, and neither the Agreement nor any facts concerning its negotiation, discussion, terms, or documentation shall be admissible in evidence for any purpose in this Action or in any other litigation.

4.      **OBJECTIONS**

4.1    <u>Objections.</u>  Any Subscriber Class Member who has not submitted a timely written Opt-Out Form and who wishes to object to the fairness, reasonableness, or adequacy of the

Settlement, the Attorneys' Fees and Costs award, or the Service Award must comply with the below requirements.

4.2   <u>Content of Objections</u>.  All Objections and supporting papers must be in writing and must:

(1)   Clearly identify the case name and number, *Williams v. Apple Inc.*, No. 19-cv-04700-LB;

(2)   Include the full name, address, telephone number, and email address of the person objecting;

(3)   Include the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel); and

(4)   State the grounds for the Objection.

4.3   <u>Submission of Objections</u>.  Any Objections from Subscriber Class Members regarding the proposed Agreement must be submitted in writing to the Court.  If a Subscriber Class Member does not submit a timely written Objection, the Subscriber Class Member will not be able to participate in the Final Approval Hearing.

4.4   <u>Deadline for Objections</u>.  Objections must be submitted by the Objection and Exclusion Deadline, which is 65 days after the Notice Date.

4.4.1   If submitted through ECF, Objections must be submitted no later than 11:59 p.m. PST of the date of the Objection and Exclusion Deadline.

4.4.2   If submitted by U.S. mail or other mail services, Objections must be postmarked by the Objection and Exclusion Deadline.  The date of the postmark on the envelope containing the written statement objecting to the Settlement shall be the exclusive means used to determine whether an Objection has been timely submitted.  In the event a postmark is illegible or unavailable, the date of mailing shall be deemed to be three days prior to the date that the Court scans the Objection into the electronic case docket.

4.5   Subscriber Class Members who fail to submit timely written Objections in the manner specified above shall be deemed to have waived any Objections and shall be foreclosed from making any Objection to the Agreement and the proposed Settlement by appearing at the Final Approval Hearing, or through appeal, collateral attack, or otherwise.

4.6   <u>Attendance at Final Approval Hearing</u>.  Any Objector who timely submits an Objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the Objector's counsel.  Any Objector wishing to appear and be heard at the Final Approval Hearing must include a request to appear and provide notice of his or her intention to appear in the body of the Objector's Objection.

4.7   <u>Objectors' Attorneys' Fees and Costs</u>.  If an Objector makes an Objection through an attorney, the Objector shall be solely responsible for the Objector's attorneys' fees and

costs unless the Court orders otherwise.  In no event shall Apple be responsible for more than the Gross Settlement Amount.

4.8     No Solicitation of Settlement Objections.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Subscriber Class Members to submit written Objections to the Settlement or encourage an appeal from the Court's Final Approval Order.

**5.     EXCLUSIONS**

5.1     Opt-Out Forms.  The Email and Website Notice shall advise all Subscriber Class Members of their right to exclude themselves from the Settlement.  This Agreement will not bind Subscriber Class Members who exclude themselves from the Settlement.

5.2     How to Request Exclusion.  To request to be excluded from the Settlement, Subscriber Class Members must timely submit a completed Opt-Out Form.  The Opt-Out Form must be sent by postal mail to the Settlement Administrator.

5.3     Content of Opt-Out Form.  All Opt-Out Forms and supporting papers must be in writing and must:

(5)     Clearly identify the case name and number, *Williams v. Apple Inc.*, No. 19-cv-04700-LB; and

(6)     Include the full name, address, telephone number, and email address of the person requesting exclusion.

5.4     Deadline to Request Exclusion.  To be excluded from the Settlement, the completed Opt-Out Form must be received by the Objection and Exclusion Deadline, which is 65 days after the Notice Date.

5.5     Effect of Exclusion.  Any person or entity who falls within the definition of the Subscriber Class and who validly and timely requests exclusion from the Settlement shall not be a Subscriber Class Member; shall not be bound by the Agreement; shall not be eligible to apply for any benefit under the terms of the Agreement; and shall not be entitled to submit an Objection to the Settlement.  In the event that a Subscriber Class Member timely submits both an Objection and an Opt-Out Form, the Opt-Out Form shall prevail.

5.6     Exclusion List.  No later than 14 days after the Objection and Exclusion Deadline, the Settlement Administrator shall provide Class Counsel and Apple Counsel with the number and identity of the persons who have timely and validly excluded themselves from the Settlement.

**6.     SETTLEMENT ADMINISTRATION**

6.1     Apple will provide to the Settlement Administrator the names and email addresses for all Subscriber Class Members with respect to whom it has records.  The Settlement Administrator shall administer the Email and Website Notice described herein and pursuant

to the Preliminary Approval Order. The Settlement Administrator shall keep the Subscriber Class Members' identities and contact information strictly confidential and shall only use them for purposes of administering this Settlement.

6.2     The Parties agree upon and will request the Court's approval of the following forms and methods of notice to the Subscriber Class:

6.2.1   The Settlement Administrator shall establish and maintain the Settlement Website. The Settlement Website shall be optimized for viewing on both mobile devices and personal computers. The Settlement Website will include case-related documents, including, but not limited to, the operative complaint and answer to that complaint, this Agreement, the Website Notice, the Preliminary Approval Order, Plaintiffs' Motion for Attorneys' Fees and Costs, a set of frequently asked questions, information on how to submit an Objection or request exclusion, and contact information for Class Counsel, Apple Counsel, and the Settlement Administrator.

6.2.2   The Settlement Administrator shall email to each Subscriber Class Member for whom Apple has an email address a copy of the Email Notice substantially in the form attached hereto as Exhibit 1. The Email Notice shall inform Subscriber Class Members of the fact of the Settlement and that Settlement information is available on the Settlement Website.

6.2.3   Website Notice will also be available to all Subscriber Class Members on the Settlement Website.

6.2.4   The Settlement Website shall explain how Class Payment will be distributed. Subscriber Class Members will be given the option of providing information within a specified time period to the Settlement Administrator to receive the Class Payment by ACH transfer or by check. In the event a Subscriber Class Member does **not** elect to receive the Class Payment by ACH transfer or check by providing the necessary information to the Settlement Administrator within the specified timeframe, the following will apply:

> For those Subscriber Class Members who, at the time Class Payment is distributed, are monthly iCloud subscribers to any kind of monthly paid iCloud plan and who have a U.S. mailing address associated with their plan, Apple shall issue Class Payment to the Apple accounts that pay for the Subscriber Class Members' subscriptions.

> For those Subscriber Class Members who, at the time Class Payment is distributed, are no longer monthly iCloud subscribers to any kind of monthly paid iCloud plan or who do not have a U.S. mailing address associated with their plan, the Settlement Administrator shall issue each of them a check sent to the mailing address associated with their account.

6.3     The Settlement Administrator has agreed to perform all settlement administration duties required by the Agreement at a cost (the Administrative and Notice Costs) not to exceed

two million and four hundred thousand dollars ($2,400,000.00).  This amount shall cover all costs and expenses related to the settlement administration functions to be performed by the Settlement Administrator, including providing Email Notice and Website Notice and performing the other administration processes described in this Agreement.  In the event that unanticipated costs and expenses arise in connection with the notice and/or administration process, such that they exceed the capped amount of $2,400,000.00, the Settlement Administrator shall promptly raise the matter with Apple Counsel and Class Counsel as soon as practicable after becoming aware of the unanticipated costs and expenses.  If both Apple Counsel and Class Counsel, acting in good faith, agree that unanticipated costs and expenses justify an increase to the amount payable to the Settlement Administrator in excess of the agreed-upon cap, then the amount in excess of the capped amount shall be paid for exclusively from the Gross Settlement Amount by way of any funds represented by checks that remain uncashed after 210 days, as contemplated under Section 2.5.  Apple shall under no circumstances be responsible for any Administration and Notice Costs in excess of its contribution to the Gross Settlement Amount under Section 2.1.

6.4     The Email Notice and Website Notice shall provide information on the procedure by which Subscriber Class Members may request exclusion from the Subscriber Class or submit an Objection to the Settlement.

6.5     No later than 14 days after the Objection and Exclusion Deadline, the Settlement Administrator shall give written notice to Apple and Class Counsel of the total number and identity of Subscriber Class Members who have elected to exclude themselves from the Subscriber Class.  If the number of Subscriber Class Members who request exclusion from the Subscriber Class exceeds more than 1,000 Subscriber Class Members, Apple, in its sole discretion, may elect to reject this Settlement, in which case the entire Agreement shall be null and void.  Alternatively, Apple may elect to waive this condition and proceed with the Settlement.  Any such waiver by Apple must be unambiguous and in writing and provided to Class Counsel with 14 days after the Settlement Administrator provides Apple and Class Counsel the total number and identity of Subscriber Class Members who have elected to exclude themselves from the Subscriber Class.

## 7.     ATTORNEYS' FEES AND COSTS AND SERVICE AWARD

7.1     Class Counsel will apply to the Court seeking a portion of the Gross Settlement Amount as payment for their Attorneys' Fees and Costs incurred in connection with prosecuting the Action (the "Fee Application").  Class Counsel's Motion for Attorneys' Fees and Costs shall be filed at least 35 days before the Objection and Exclusion Deadline and shall be posted on the Settlement Website within 3 days of it being filed.  Apple expressly reserves the right to oppose the Fee Application for any reason at its discretion.

7.2     Any remaining funds from the Gross Settlement Amount after the Settlement has been administered will be distributed in accordance with Section 2.5.

7.3     Class Counsel may also apply for a Service Award of no more than $5,000.00 for the Named Plaintiff.  The Service Award is not a measure of damages whatsoever, but is solely

an award for the Named Plaintiff's service.  Apple, while recognizing that the Settlement may entitle Class Counsel to seek a reasonable Service Award for Named Plaintiff, reserves the right to object to and oppose Class Counsel's request for a Service Award.  For tax purposes, the Service Award will be treated as a 100% non-wage claim payment.  Class Counsel shall provide a Form W-9 for the Named Plaintiff receiving a Service Award within 60 days after the Effective Date.  The Settlement Administrator shall issue an IRS Form Misc.-1099 for the Service Award payment to Named Plaintiff.  The Settlement Administrator shall wire the Service Award to an account specified by Class Counsel no later than 90 days after the Effective Date.

7.4     Apple shall not be liable for any additional fees or expenses of Named Plaintiff or any Subscriber Class Member in connection with the Action.  Class Counsel agree that they will not seek any additional fees or costs from Apple in connection with the Action or the Settlement of the Action beyond the approved Attorneys' Fees and Costs award.  Apple expressly agrees that it will not seek to recover its Court costs, attorneys' fees, or expenses once the Court enters a Final Approval Order and Final Judgment.

7.5     In the event that, after the Court grants preliminary approval the Settlement does not become final or final approval is not granted, Apple agrees that it shall be solely responsible for, and will not seek to recover any of the costs incurred by, the Settlement Administrator for the notice and settlement administration tasks undertaken by the Settlement Administrator since the time preliminary approval was granted.  Notwithstanding the foregoing, Apple may seek to recover such costs if the cause of the Settlement not becoming final or obtaining final approval is attributable to a material breach of this Agreement by Class Counsel.

## 8.     RELEASES AND WARRANTIES

8.1     As of the Effective Date, each Subscriber Class Member releases and forever discharges and covenants not to sue, and is permanently enjoined from suing Apple, its past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers and assigns of each of the foregoing) from the Released Claims.

8.2     The Releasing Persons expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, or any other similar provision under federal or state law.  The Releasing Persons understand that California Civil Code § 1542 states:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Releasing Persons expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.  In connection with such waiver and relinquishment, the Releasing Persons hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to the Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Persons.  In furtherance of such intention, the release herein given by the Releasing Persons to the Released Persons shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts.  Each Releasing Person and Released Person expressly acknowledges that he/she/it has been advised by his/her/its attorney of the contents and effect of Section 1542, and with knowledge, each of the Releasing Persons and Released Persons hereby expressly waives whatever benefits he/she/it may have had pursuant to such section.  Named Plaintiff and Subscriber Class Members shall be deemed by operation of the Final Approval Order and Final Judgment to have acknowledged that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

8.3    The amount of the Class Payment pursuant to this Agreement shall be deemed final and conclusive against all Subscriber Class Members who shall be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the releases provided for herein.

8.4    No person shall have any claim of any kind against the Parties, their counsel, or the Settlement Administrator with respect to the matters set forth in Section 6 hereof, or based on determinations or distributions made substantially in accordance with this Agreement, the Final Approval Order, the Final Judgment, or further order(s) of the Court.

## 9.    APPLE'S DENIAL OF LIABILITY; AGREEMENT AS DEFENSE IN FUTURE PROCEEDINGS

9.1    Apple has indicated its intent to vigorously contest each and every claim in the Action and continues to vigorously deny all of the material allegations in the Action.  Apple enters into this Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind.  Apple nonetheless has concluded that it is in its best interests that the Action be settled on the terms and conditions set forth herein in light of the expense that would be necessary to defend the Action, the benefits of disposing of protracted and complex litigation, and the desire of Apple to conduct its business unhampered by the distractions of continued litigation.

9.2    Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Apple of the truth of any of the allegations in this Action, or of any liability, fault, or wrongdoing

13

of any kind, nor as an admission or concession by Named Plaintiff of any lack of merit of his claims against Apple.

9.3    To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability or admission by Apple.

9.4    To the extent permitted by law, the Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted for the Released Claims.

## 10.    MISCELLANEOUS

10.1   <u>Extensions of Time</u>.  All time periods and dates described in this Agreement are subject to the Court's approval.  Unless otherwise ordered by the Court, the Parties through their counsel may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.  These time periods and dates may be changed by the Court or the Parties' counsel's written consent without notice to the Subscriber Class Members.

10.2   <u>Integration</u>.  This Agreement, including all exhibits, constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

10.3   <u>Governing Law</u>.  This Agreement shall be construed in accordance with, and be governed by, the laws of the State of California, without regard to the principles thereof regarding choice of law.

10.4   <u>Gender and Plurals</u>.  As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

10.5   <u>Survival of Warranties and Representations</u>.  The warranties and representations of this Agreement are deemed to survive the date of execution hereof.

10.6   <u>Representative Capacity</u>.  Each person executing this Agreement in a representative capacity represents and warrants that he or she is empowered to do so.

10.7   <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.

10.8   <u>Cooperation of Parties</u>.  The Parties to this Agreement and their counsel agree to prepare and execute all documents, to seek Court approvals, to defend Court approvals, and to do all things reasonably necessary to complete the Settlement.

10.9   <u>Execution Voluntary</u>.  This Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them.  The Parties represent and warrant to each other that they have read and fully understand the provisions of this Agreement and have relied on the advice and representation of legal counsel of their own choosing.  Each of the Parties has cooperated in the drafting and preparation of this Agreement and has been advised by counsel regarding the terms, effects, and consequences of this Agreement.  Accordingly, in any construction or interpretation to be made of this Agreement, this Agreement shall not be construed as having been drafted solely by any one or more of the Parties or their counsel.  The Agreement has been, and must be construed to have been, drafted by all Parties and their counsel, so that any rule that construes ambiguities against the drafter will have no force or effect.

10.10   <u>Notices</u>.

10.10.1   All Notices to Class Counsel provided for herein shall be sent by email and a hard copy sent by overnight mail to: Class Counsel as identified in Definition E.

10.10.2   All Notices to Apple provided for herein shall be sent by email and a hard copy sent by overnight mail to: Michelle C. Doolin, Cooley LLP, 4401 Eastgate Mall, San Diego, CA 92121, mdoolin@cooley.com.

10.10.3   The notice recipients and addresses designated above may be changed by written notice pursuant to this Section.

10.11   <u>Modification and Amendment</u>.  This Agreement may be amended or modified only by a written instrument signed by the Parties' counsel and approved by the Court.

10.12   Any and all disputes arising out of or related to the Settlement or this Agreement must be brought by the Parties and/or each member of the Subscriber Class exclusively in this Court.  The Parties and each member of the Subscriber Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or related to the Settlement or this Agreement.

*[Signatures on next page]*

The Parties have agreed to the terms of this Agreement and have signed below.

Dated: January _, 2022

**JAMES STEWART**

_____

James Stewart

*Named Plaintiff and Class Representative*

Dated: January 13, 2022

**APPLE INC.**

*Heather Grenier*
_____
Heather Grenier
Senior Director, Commercial Litigation and Head of
Operations for Legal and Global Security

*Defendant Apple Inc.*

The Parties have agreed to the terms of this Agreement and have signed below.

Dated: January 13, 2022        **JAMES STEWART**

James Stewart

*Named Plaintiff and Class Representative*

Dated: January ___, 2022        **APPLE INC.**

Heather Grenier
Senior Director, Commercial Litigation and Head of
Operations for Legal and Global Security

*Defendant Apple Inc.*

16

**Exhibit 1**

**If you paid for a subscription to iCloud at any point between September 16, 2015 and January 31, 2016, and you had a U.S. mailing address associated with your iCloud account at that point, you should read this Notice, as it may impact your legal rights.**

**A Settlement has been reached with Apple Inc. ("Apple" or "Defendant") in a class action lawsuit** alleging that Apple breached its contract with users by storing iCloud data on third-party servers.  Apple denies that there was a breach of any contract and denies all allegations of wrongdoing.

**You received this email because Apple's records indicate you may be a "Class Member" and entitled to receive a payment called the "Class Payment."**  The Court decided that the "Class" includes all persons in the United States who paid for a subscription to iCloud at any point between September 16, 2015 and January 31, 2016.  Excluded from this Class definition are all employees, officers, or agents of Defendant Apple Inc.  Also excluded from this Class definition are all judicial officers assigned to this case as well as their staff and immediate families.

**What are your options?**

- **Stay in the Class.**  The Parties to the Lawsuit have settled for $14.8 million.  If you received this email notification from the independent Settlement Administrator about the Lawsuit, that means that you may be a Class Member.  If you are a Class Member, you have the option of electing to receive a Class Payment by ACH transfer or by check.  If you do not elect to receive a Class Payment by ACH transfer or check by providing the necessary information by [insert date], the following will apply:

  - If, at the time the Class Payment is distributed, you are a subscriber to any kind of monthly paid iCloud plan, and you have a U.S. mailing address associated with your plan, you will automatically receive the Class Payment to the Apple account that pays for your current monthly iCloud subscription.

  - If, at the time the Class Payment is distributed, you are no longer a subscriber to any kind of monthly paid iCloud plan, or you do not have a U.S. mailing address associated with your plan, you will receive the Class Payment by check at the mailing address associated with your account.

- If you decide to stay in the Class, you will give up the right to sue Apple in a separate lawsuit related to the subject matter of the claims in the Lawsuit.  The Released Claims are described in more detail in Section 8 of the Settlement Agreement available at www.[URL].com.  No further action is required from you if you decide to stay in the Class and receive a Class Payment.

- **Ask to Be Excluded (Opt Out).**  If you decide to opt out of this Settlement, you will keep the right to sue Apple in a separate lawsuit related to the subject matter of the claims this Settlement resolves, but you give up the right to get a Class Payment from this Settlement.  This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Apple related to the subject matter of the claims in this Lawsuit.  If you elect to opt out of this Settlement and the Settlement is approved, you will no longer be represented by Class Counsel and will be responsible for retaining legal representation at your expense should you choose to sue Apple in a separate lawsuit. Instructions for requesting to opt out of the Settlement can be found in Section 5 of the Settlement Agreement, available at www.[URL].com.  Your opt-out request must be received by [insert date].

- **Object to the Settlement.**  If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement.  You may object to the Settlement, and if the Settlement is approved by the Court, you may still be able to receive a Class Payment.  Instructions

for objecting and attending the Final Approval Hearing where the Parties will request that the Final Approval Order be entered approving the Settlement can be found in Section 4 of the Settlement Agreement, available at www.[URL].com.  Your objection must be filed or postmarked on or before [insert date].

More detailed information, including the Settlement Agreement, is available at www.[URL].com or by calling [insert phone number].

This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, you may (1) see the Settlement Agreement available at www.[URL].com; (2) contact Class Counsel representing the Class Members (shown below); (3) access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or (4) visit the office of the Clerk of Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THIS NOTICE.

| | |
|---|---|
| Roy A. Katriel, of The Katriel Law Firm, P.C.<br>2262 Carmel Valley Road, Suite 200-D<br>Del Mar, CA 92014 | Azra Mehdi, of The Mehdi Firm, P.C.<br>201 Mission Street, Suite 1200<br>San Francisco, CA 94105 |

**Exhibit 2**

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                            NORTHERN DISTRICT OF CALIFORNIA

10                              SAN FRANCISCO DIVISION

11

12

13    **ANDREA M. WILLIAMS AND JAMES**          **No. 3:19-cv-4700-LB**
      **STEWART, On Behalf of Themselves And**
14    **All Others Similarly Situated,**
                                                 **[PROPOSED] ORDER GRANTING**
15              Plaintiffs,                       **FINAL APPROVAL TO CLASS**
                                                 **ACTION SETTLEMENT**
16        v.
                                                 **Judge: Hon. Laurel Beeler**
17    **APPLE INC.,**                            **Courtroom B, 15th Floor**

18              Defendant.

19

20

21

22

23

24

25

26

27

28

1    Plaintiff James Stewart's Motion for Final Approval of Class Action Settlement was heard

2    by the Court on _____.   Appearances were noted for the record.  The Court has reviewed

3    the materials submitted by the parties and has heard arguments presented at the hearing. For the

4    reasons cited on the record as well as those stated hereinafter, the Court finds and orders as follows:

5    The Court, having considered the documents filed by the parties in connection with the class

6    action Settlement and the arguments of counsel, hereby grants final approval of the Settlement and

7    HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

8    1. The Agreement is incorporated herein by reference, and except as otherwise specified, the

9    Court for purposes of this Final Approval Order adopts all defined terms set forth in the Agreement.

10    2. This Court has personal jurisdiction over Plaintiff James Stewart ("Plaintiff" or "Class

11    Representative"), Defendant Apple Inc. ("Defendant"), and all Subscriber Class Members; has

12    jurisdiction over the subject matter of this litigation and all claims raised in this action and released

13    in the Agreement; and has subject matter jurisdiction to approve the Agreement, including all exhibits

14    thereto.

15    3. Pursuant to this Court's Preliminary Approval Order entered on _____, 2022 [ECF

16    No. ___] notice of the pendency and proposed Settlement of this Action was provided to the

17    Subscriber Class Members.  The Email Notice and Website Notice advised the Subscriber Class

18    Members of the pertinent terms of the proposed Settlement; namely, the claims to be resolved by way

19    of the Settlement, the consideration provided in exchange for release of claims, the proposed Service

20    Award for Named Plaintiff and the possible award of Attorneys' Fees and Costs.  It further informed

21    the Subscriber Class Members of the manner in which to opt out of or to object to the Settlement, the

22    deadlines for each, and their right to appear in person or by counsel at the Final Approval Hearing.

23    Adequate periods of time were provided for each of these procedures as set forth in the Agreement

24    approved by the Court and in the Court's Order granting Preliminary Approval to the class action

25    Settlement.

26    4. Also, in compliance with the Court's Preliminary Approval Order, the Settlement

27    Administrator   caused   an   informational   Settlement   Website   to   be   established   at

28    www._____.com.  The Settlement Website allows the public the opportunity to review the

Agreement, the Court's Preliminary Approval Order, the Email Notice and Website Notice, as well as other pertinent case filings.  The Settlement Website also provides background and answers to common questions about the Settlement, deadlines, and ongoing updates to the Subscriber Class regarding the status of Settlement approval and whether the Effective Date has come to pass.

5. The Court finds and determines that the Email Notice and Website Notice and the means of disseminating the Email Notice and Website Notice implemented pursuant to the Agreement were reasonably calculated, under the circumstances, to apprise Subscriber Class Members of the pendency of the Action, their right to object or to opt out of the Subscriber Class and to appear at the Final Approval Hearing; that it was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and that it afforded adequate protections to members of the Subscriber Class and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of the Subscriber Class Members. The Court finds and determines that the Email Notice and Website Notice provided in this case were the best notice practicable under the circumstances, and that they satisfied all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the rules of the Court, and any other applicable law.

6. As of the date of this hearing, there were __ Objections to the Settlement.  The deadline for filing Objections, which was documented in the Email Notice, Website Notice, and the Preliminary Approval Order, was _____.  The Court reviewed each of these Objections, heard from any Objectors or counsel for Objectors who appeared at the Final Approval Hearing, and hereby denies all of these filed Objections.

7. As of the date of this hearing, there were __ requests for exclusion from the Subscriber Class received by either the Settlement Administrator, Class Counsel, Apple Counsel, or the Court. The individuals or entities who timely requested exclusion from the Subscriber Class are identified at Exhibit C to the Declaration of _____ From Angeion Group, LLC that was filed in connection with Plaintiff's Motion For Final Approval Of Class Action Settlement. The names listed in Exhibit C are the only Subscriber Class Members who, having timely excluded themselves from the certified Subscriber Class, are not bound by the terms of the Agreement.

8. The Court finds and determines that the terms of the Agreement, including but not limited to the amount of Settlement consideration and its allocation, are fair, reasonable and adequate as to, and in the best interests of, the Subscriber Class Members; that such terms are consistent and in compliance with all requirements of due process and applicable law; that the Settlement is ordered finally approved; and that all terms and provisions of the Agreement should be and hereby are ordered to be consummated. The Court finds that Plaintiff faced significant risks in litigating this case, and that the Settlement provides a fair amount of relief for the Subscriber Class Members' claims. The Court also finds that the Agreement was reached as a result of informed and non-collusive arms-length negotiations. In addition to the reasons set forth in the Court's statements in the Preliminary Approval Order [ECF No. ____] and above, the fact that only __ Subscriber Class Members objected to the Settlement with none of the Objections having merit, and only ___ Subscriber Class Members requested exclusion from the Subscriber Class, further supports the Court's finding that the Settlement is fair, reasonable, and adequate.

9. The Court finds the candidate submitted by the parties as a *cy pres* recipient in the event that funds remain for such a *cy pres* distribution to be suitable and appropriate because the Court finds the submitted recipient to be: a) a non-profit or charitable organization; b) engaged in a mission sufficiently related to or aligned with the subject-matter of this litigation; and c) unrelated to, and having no connection with, any of the parties or counsel to this litigation. The Court hereby approves the distribution of any remaining funds from the Gross Settlement Amount in accordance with Section 2.5 of the Agreement.

10. The parties are hereby ordered to implement the Agreement according to its terms and provisions.

11. For purposes of effectuating this Settlement, this Court certifies a Subscriber Class defined in the same manner as in the Court's order granting in part Plaintiff's Motion For Class Certification [ECF No. 110] and reprinted in the Agreement, namely:

> All persons in the United States who paid for a subscription to iCloud at any time during the period September 16, 2015 to January 31, 2016. Excluded from this Class definition are all employees, officers, or agents of Defendant

Apple Inc.  Also excluded from this Class definition are all judicial officers assigned to this case as well as their staff and immediate families.

12. This Subscriber Class was first certified on May 28, 2021 [ECF No. 110] during the course of adversarial litigation. The Court's _____, 2022 Preliminary Approval Order [ECF No. ___] certified that same class for purposes of Settlement. With respect to the Subscriber Class and for purposes of approving this Settlement, this Court finds and concludes that: (a) the Subscriber Class Members are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Subscriber Class which predominate over any individual issues; (c) the claims of Class Representative James Stewart are typical of the claims of the Subscriber Class Members; (d) Class Representative James Stewart has fairly and adequately protected the interests of the Subscriber Class Members; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) Class Counsel are qualified to serve as counsel for Plaintiff in his individual and representative capacities and for the Subscriber Class. The Court's findings are based on Plaintiff's Motions for Preliminary Approval and Final Approval, and prior proceedings in this case. The Court recognizes that Defendant's non-opposition to the certification under this Order is for Settlement purposes only and shall not constitute or be construed as an admission by Defendant that this action is appropriate for class treatment for litigation purposes. The Court further finds that the Class Representative James Stewart and Class Counsel adequately represented the Subscriber Class for purposes of entering into and implementing the Agreement.

13. The Agreement is not an admission by Defendant or by any other Released Person, nor is this order a finding of the validity of any allegations or of any wrongdoing by Defendant or any Released Person.  This order, the Agreement, and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence, a presumption, a concession, or an admission of (i) liability, (ii) any misrepresentation or omission in any statement or written document approved or made by Defendant or any Released Person, or (iii) the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Agreement and the Settlement in such proceedings as may be necessary to effectuate the Agreement.

14. All Subscriber Class Members were given a full and fair opportunity to participate in the Final Approval Hearing, and all Subscriber Class Members wishing to be heard have been heard. Subscriber Class Members also have had a full and fair opportunity to exclude themselves from the Settlement and the Subscriber Class. Accordingly, this Order expressly incorporates the Released Claims, makes the Released Claims effective as of the Effective Date, and forever discharges and releases the Released Persons as set forth in the Agreement. Every Subscriber Class Member except those individuals or entities that opted-out as noted in paragraph 7 of this Order, shall be bound by the Agreement and be deemed to release and forever discharge all Released Claims and as outlined in Section 8 of the Agreement. The Court adjudges the Class Representative and the Subscriber Class to have conclusively compromised, settled, dismissed, and released this action and any and all Released Claims against the Released Persons. The Agreement shall be binding on, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings encompassed by the Released Claims and/or that are based, in whole or in part, on the Released Claims. To effectuate the Agreement, the Court hereby orders that all Releasing Persons are barred, enjoined, and restrained from commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims.

15. The Court resolves Class Counsel's Motion For Attorneys' Fees and Costs and application for a Service Award [ECF No. ___] by separate Order. As set forth in that separate order, Class Counsel are awarded _____ in Attorneys' Fees and Costs and Class Representative James Stewart's application for a Service Award totaling _____ is granted, with all of these amounts to be paid from the Gross Settlement Amount as set forth in the Agreement.

16. Without affecting the finality of the Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement and this Final Approval Order and for any other necessary purpose.

**IT IS SO ORDERED.**

1    Dated:_____, 2022                By:_____
2                                                        Hon. Laurel Beeler,
                                                         United States Magistrate Judge
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 3**

1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **NORTHERN DISTRICT OF CALIFORNIA**

10                          **SAN FRANCISCO DIVISION**

11

12

13   **ANDREA M. WILLIAMS AND JAMES**          No. 3:19-cv-4700-LB
     **STEWART, On Behalf of Themselves And**
14   **All Others Similarly Situated,**

                                              **[PROPOSED] FINAL JUDGMENT**
15                       **Plaintiffs,**

                                              **Judge: Hon. Laurel Beeler**
16          **v.**                            **Courtroom B, 15th Floor**

17   **APPLE INC.,**

18                       **Defendant.**

19

20

21

22

23

24

25

26

27

28

On _____, 2022, the Court granted final approval of the class action settlement, (ECF No. _____).  Accordingly, the Court enters Final Judgment and dismissal of the entire action[1] (including all individual claims and Subscriber Class claims) as to Defendant on the merits and with prejudice, as of the filing date of entry of this final order, without fees or costs to any party except as expressly provided in the Agreement and awarded by the Court in response to Class Counsel's Motion for Attorneys' Fees and Costs and approval of Service Award to the Named Plaintiff.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:_____, 2022                    By:_____
                                                            Hon. Laurel Beeler,
                                                            United States Magistrate Judge

---

[1] The Agreement is incorporated herein by reference, and except as otherwise specified, the Court for purposes of this Final Judgment adopts all defined terms set forth in the Agreement.

**Exhibit 4**

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**IF YOU PAID FOR A SUBSCRIPTION TO iCLOUD AT ANY POINT BETWEEN SEPTEMBER 16, 2015 AND JANUARY 31, 2016, AND HAD A U.S. MAILING ADDRESS ASSOCIATED WITH YOUR iCLOUD ACCOUNT AT THAT POINT, YOU SHOULD READ THIS NOTICE AS IT MAY IMPACT YOUR LEGAL RIGHTS.**

*A court authorized this notice.  This is not a solicitation.*

- A Settlement has been reached with Apple Inc. ("Apple" or "Defendant") in a class action lawsuit alleging that Apple breached its contract with users by storing iCloud data on third-party servers.  Apple denies that there was a breach of any contract and denies all allegations of wrongdoing.

- You may be included in this Settlement as a "Class Member" and entitled to receive a payment called the "Class Payment" if you paid for a subscription to iCloud at any point between September 16, 2015 and January 31, 2016, and you had a U.S. mailing address associated with your iCloud account at that point.  The criteria to be a Class Member are defined more fully in the answers to Questions 5 and 6 below.  Together, all Class Members are collectively known as the "Class."

- Your rights are affected whether you act or don't act.  Read this notice carefully.

- These rights and options — **and the deadlines to exercise them** — are explained in this Notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT |
|---|
| **STAY IN THE CLASS** |

| | |
|---|---|
| **STAY IN THE CLASS** | The Parties to the Lawsuit have settled for $14.8 million.  If you received an email notification from the independent Settlement Administrator about the Lawsuit, that means that you may be a Class Member.  If you are a Class Member, you have the option of electing to receive a Class Payment by ACH transfer or by check. If you do not elect to receive a Class Payment by ACH transfer or check by providing the necessary information by [insert date], the following will apply: |
| | • If, at the time the Class Payment is distributed, you are a subscriber to any kind of monthly paid iCloud plan, and you have a U.S. mailing address associated with your plan, you will automatically receive the Class Payment to the Apple account that pays for your current monthly iCloud subscription. |
| | • If, at the time the Class Payment is distributed, you are no longer a subscriber to any kind of monthly paid iCloud plan, or you do not have a U.S. mailing address associated with your plan, you will receive the Class Payment by check at the mailing address associated with your account. |
| | If you decide to stay in the Class, you will give up the right to sue Apple in a separate lawsuit related to the subject matter of the claims in the Lawsuit.  The Released Claims are described in more detail in Section 8 of the Settlement Agreement available at www.[URL].com.  No further action is required from you if you decide to stay in the Class and receive a Class Payment. |

| ASK TO BE EXCLUDED (OPT OUT) DEADLINE: [____] | If you decide to opt out of this Settlement, you will keep the right to sue Apple at your expense in a separate lawsuit related to the subject matter of the claims this Settlement resolves, but you give up the right to get a Class Payment from this Settlement. |
| | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Apple related to the subject matter of the claims in this Lawsuit.  If you opt out of this Settlement and the Settlement is approved, you will no longer be represented by Class Counsel. |
| OBJECT TO THE SETTLEMENT DEADLINE: [____] | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. |
| | You may object to the Settlement, and if the Settlement is approved by the Court, you may still be able to receive a Class Payment. |
| GO TO A HEARING ON: [____] | You may object to the Settlement and ask the Court for permission to speak at the Final Approval Hearing where the Parties will request that the Final Approval Order be entered approving the Settlement. |
| | You may object to the Settlement and speak at the Final Approval Hearing, and if the Settlement is approved by the Court, you may still be able to receive a Class Payment. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court overseeing this case still has to decide whether to approve the Settlement.

- This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, you may (1) see the Settlement Agreement available at www.[URL].com; (2) contact Class Counsel representing the Class Members (contact info listed under Question 16 below); (3) access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or (4) visit the office of the Clerk of Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS NOTICE, THIS SETTLEMENT, OR THE CLAIMS PROCESS.**

| WHAT THIS NOTICE CONTAINS |
| --- |

**BASIC INFORMATION** ...................................................................................................................... 1

    1.    Why was this Notice issued? ............................................................................................ 1

    2.    What is a class action? ..................................................................................................... 1

    3.    What is the Lawsuit about? ............................................................................................... 1

    4.    Why is there a Settlement? ............................................................................................... 1

**WHO IS INCLUDED IN THE SETTLEMENT** ................................................................................. 1

    5.    How do I know if I am part of the Settlement? ................................................................. 1

    6.    I'm still not sure if I am included in the Class. ................................................................ 1

**THE SETTLEMENT BENEFITS – WHAT YOU GET IF YOU QUALIFY** ...................................... 2

    7.    What does the Settlement provide? .................................................................................. 2

    8.    How much will my Class Payment be? ............................................................................ 2

**HOW TO GET A CLASS PAYMENT** .............................................................................................. 2

    9.    How do I get a Class Payment? ....................................................................................... 2

    10.    When would I get my Class Payment? ............................................................................ 2-3

    11.    What rights am I giving up to get a Class Payment and stay in the Class? ................... 3

    12.    What are the Released Claims? ....................................................................................... 3

**OPTING OUT OF THE SETTLEMENT** ........................................................................................... 3

    13.    How do I request to opt out of the Settlement? ............................................................... 3

    14.    If I opt out, can I still get a Class Payment from this Settlement? .................................. 3

    15.    If I do not opt out, can I sue Apple for the same claims later? ....................................... 4

**THE LAWYERS REPRESENTING THE CLASS** ........................................................................... 4

    16.    Do I have a lawyer in this case? ...................................................................................... 4

    17.    How will the lawyers be paid? ......................................................................................... 4

    18.    May I get my own lawyer? ............................................................................................... 4

**OBJECTING TO THE SETTLEMENT** ............................................................................................. 4

    19.    How do I tell the Court that I do not like the Settlement? ............................................... 4-4

    20.    What is the difference between objecting and asking to opt out? ................................... 5

**THE COURT'S FINAL APPROVAL HEARING** .............................................................................. 5

    21.    When and where will the Court decide whether to approve the Settlement? ................. 5

    22.    Do I have to come to the Final Approval Hearing? ......................................................... 5

23.   May I speak at the Final Approval Hearing? ................................................................. 5

**IF YOU DO NOTHING** ........................................................................................................... **5**

24.   What happens if I do nothing at all? ......................................................................... 5-6

**GETTING MORE INFORMATION** ............................................................................................. **6**

25.   Are more details available? ........................................................................................ 6

**BASIC INFORMATION**

| **1.   Why was this Notice issued?** |
|---|

A federal Court authorized this Notice because you have a right to know about the proposed Settlement of the Lawsuit and all of your options before the Court decides whether to approve the proposed Settlement. This Notice explains the Lawsuit, the Settlement, your legal rights, what benefits are available, and who can get them.

Magistrate Judge Laurel Beeler of the United States District Court for the Northern District of California is currently overseeing this case and will decide whether to approve the Settlement.  The case is entitled *Williams v. Apple Inc.*, No. 19-cv-04700-LB (N.D. Cal.).  The person who sued is called the Plaintiff.  The company he is suing is Apple Inc., which is called the Defendant.

| **2.   What is a class action?** |
|---|

In a class action, one or more people called "Class Representatives" (in this case, James Stewart, the Plaintiff) sue on behalf of people who have similar claims.  All these people are a "Class" or "Class Members."  One court resolves the issues for all Class Members, except for those who opt out of the Class.

| **3.   What is the Lawsuit about?** |
|---|

Plaintiff brought a claim for breach of contract regarding the iCloud Service that Apple provides to its users. Plaintiff contends that Apple breached its contract — the iCloud Terms and Conditions — with these users by storing iCloud user data using third-party servers.

Apple maintains that it did nothing wrong and denies that it breached the iCloud Terms and Conditions with any user.  Apple asserts numerous defenses to the claims in this case.  The proposed Settlement to resolve this Lawsuit is not an admission of guilt or any wrongdoing of any kind by Apple, and it is not an admission by Apple of the truth of any of the allegations in the Lawsuit.

| **4.   Why is there a Settlement?** |
|---|

The Court has not decided in favor of the Class or Defendant.  Instead, the Class Representative and Defendant agreed to a Settlement.  This way, they avoid the cost, burden, and uncertainty of a trial and the users allegedly affected can get benefits.  The Class Representative and his attorneys think the proposed Settlement is best for all Class Members.

**WHO IS INCLUDED IN THE SETTLEMENT**

| **5.   How do I know if I am part of the Settlement?** |
|---|

The Court has decided that everyone who fits the following description is a Class Member, and is thus included in the Settlement:

> All persons in the United States who paid for a subscription to iCloud at any time during the period September 16, 2015 to January 31, 2016.  Excluded from this Class definition are all employees, officers, or agents of Defendant Apple Inc.  Also excluded from this Class definition are all judicial officers assigned to this case as well as their staff and immediate families.

**6.   I'm still not sure if I am included in the Class.**

If you are still not sure whether you are included in the Class, you can visit the website www.[URL].com, call toll-free 1-[XXX-XXX-XXXX], or write to the *Williams v. Apple* Class Action Settlement Administrator, [insert address], for more information.

### THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

**7.   What does the Settlement provide?**

The Parties to the Lawsuit have agreed to a $14.8 million Settlement.  After deducting any Court-approved Attorneys' Fees and Costs, Service Award, and Administrative and Notice Costs, Apple will provide to the Settlement Administrator information for all Class Members and the Settlement Administrator will determine the Class Payment that will be made available to Class Members in accordance with the description provided in the response to Question 8 below.

**8.   How much will my Class Payment be?**

Class Members shall receive a pro rata distribution of the Settlement based on the overall payments made by each Class Member for his or her iCloud subscription during the Class Period.  Such pro rata distribution shall not exceed the total amount a Class Member paid for his or her iCloud subscription during the Class Period.

### HOW TO GET A CLASS PAYMENT

**9.   How do I get a Class Payment?**

If you received a notice by email indicating that Apple has determined that you may be a Class Member and do not opt out of the Class, you have the option of electing to receive a Class Payment by ACH transfer or by check.  If you decide to receive the Class Payment by ACH transfer or check, you must provide the necessary information by [insert date] to let the Settlement Administrator know whether you elect to receive the payment by check or ACH transfer and the corresponding mailing address or banking information for the payment's distribution.  The Settlement Administrator shall then issue a check that you can cash or will initiate an ACH transfer.

If you received a notice by email indicating that Apple has determined that you may be a Class Member and you do not elect to receive the Class Payment by ACH transfer or check by providing the necessary information by [insert date] and do not opt out of the class, the following will apply:

- If, at the time the Class Payment is distributed, you are a subscriber to any kind of monthly paid iCloud plan, and you have a U.S. mailing address associated with your plan, you will automatically be sent a Class Payment to the Apple account that pays for your current monthly iCloud subscription.

- If, at the time the Class Payment is distributed, you are no longer a subscriber to any kind of monthly paid iCloud plan, or you do not have a U.S. mailing address associated with your plan, you will automatically be sent a Class Payment check at the mailing address associated with your account.

If you did not receive a notice by email but believe that you are a Class Member, please follow the instructions in Question 6 above.

## 10.  When would I get my Class Payment?

The Court will hold a hearing on [insert date], at [insert time], to decide whether to grant final approval of the Settlement.  If the Court approves the Settlement, there may be objections.  It is always uncertain whether objections will be filed and, if so, how long it will take to resolve them.  Class Payments will be distributed to Class Members as soon as possible, if and when the Court grants final approval of the Settlement and any objections are overruled with finality.  The Court may also elect to move the Final Approval Hearing to a different date or time in its sole discretion, without providing further notice to the Class.  The date and time of the Final Approval Hearing can be confirmed at www.[URL].com.

## 11.  What rights am I giving up to get a Class Payment and stay in the Class?

Unless you opt out, you will remain in the Class.  If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you.  You won't be able to sue, continue to sue, or be part of any other lawsuit against Apple that is related to the subject matter of the claims in this Lawsuit.  The rights you are giving up are called Released Claims, which are explained in Question 12.

## 12.  What are the Released Claims?

Generally, if and when the Settlement Agreement becomes final, Class Members who do not opt out will permanently release Apple Inc., including its past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers, and assigns of each of the foregoing), from claims that are related to the subject matter of the claims in this Lawsuit.  The Released Claims are described in more detail in Section 8 of the Settlement Agreement, available at www.[URL].com.

### OPTING OUT OF THE SETTLEMENT

If you want to keep the right to sue or continue to sue Apple at your expense for any claim related to the subject matter of this Lawsuit, and you do not want to receive a Class Payment from this Settlement, you must take steps to get out of the Settlement.  This is called opting out of, or excluding yourself from, the Settlement.

## 13.  How do I request to opt out of the Settlement?

To opt out, you must send a letter with the following information:

- Your name, address, telephone number, and email address;

- A statement that you wish to opt out of the Class in *Williams v. Apple Inc.*, No. 19-cv-04700-LB; and

- Your signature.

You must mail your opt-out request to:

[insert address]

Your opt-out request must be received no later than **[insert date].**

**14.  If I opt out, can I still get a Class Payment from this Settlement?**

No.  If you opt out, you are telling the Court that you don't want to be part of the Class in this Settlement.  You can only get a Class Payment if you remain in the Class.  See Question 9.

**15.  If I do not opt out, can I sue Apple for the same claims later?**

No.  Unless you opt out, you are giving up the right to sue Apple regarding any claims that are related to the subject matter of the claims in this Lawsuit.  You must opt out of this Lawsuit to have the ability to start or continue with your own lawsuit or be part of any other lawsuit against Apple.

THE LAWYERS REPRESENTING THE CLASS

**16.  Do I have a lawyer in this case?**

Yes.  The Court appointed the following attorneys to represent you as "Class Counsel":

| | |
|---|---|
| Roy A. Katriel, of The Katriel Law Firm, P.C.<br>2262 Carmel Valley Road, Suite 200-D<br>Del Mar, CA 92014 | Azra Mehdi, of The Mehdi Firm, P.C.<br>201 Mission Street, Suite 1200<br>San Francisco, CA 94105 |

You do not have to pay Class Counsel out of your own pocket.  If you want to be represented by your own lawyer and have that lawyer appear in Court for you in this case, you may hire one at your own expense.

**17.  How will the lawyers be paid?**

Class Counsel may ask the Court for an award of Attorneys' Fees and Costs, as well as a Service Award to the Class Representative.  Class Counsel will move for both the Service Award, not exceeding $5,000, and for Attorneys' Fees and Costs, and the Court will determine the amounts to be awarded.  All of these amounts, as well as the Administrative and Notice Costs, will be paid from the $14.8 million that the Parties settled for before making Class Payments to Class Members.  Apple reserves the right to object to any motion, including for Attorneys' Fees and Costs or a Service Award, filed by Class Counsel.

A copy of Class Counsel's motion for Attorneys' Fees and Costs and for the Class Representative's Service Award will be available at www.[URL].com by [insert date].

**18.  May I get my own lawyer?**

If you are in the Class, you are not required to hire your own lawyer because Class Counsel is working on your behalf.  However, if you want your own lawyer, you may hire one at your own expense.  If you opt out of the Settlement, you will no longer be represented by Class Counsel once the Settlement is approved.

OBJECTING TO THE SETTLEMENT

**19.  How do I tell the Court that I do not like the Settlement?**

If you are a Class Member, you can tell the Court if there is something about the Settlement that you do not like by submitting an objection.  You can't ask the Court to order a different Settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no Class Payments will be sent out and the Lawsuit will continue.  If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing.  If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Williams v. Apple Inc.*, No. 19-cv-04700-LB); (b) include your full name, address, telephone number, and email address of your attorney (if you are represented by counsel); (c) state the grounds for the objection; (d) be submitted to the Court either by mailing them to the Clerk of Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California; and (e) be filed or postmarked on or before **[insert date]**.

## 20.  What is the difference between objecting and opting out?

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Class (and do not opt out).  Opting out is telling the Court that you don't want to be part of the Class.  If you opt out, you cannot object because the Settlement no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.

## 21.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on [insert date], at [insert time], at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, Courtroom B, 15th Floor, San Francisco, CA 94102.  At this hearing, the Court will decide whether to approve the Settlement, Class Counsel's request for Attorneys' Fees and Costs, and the Service Award to the Class Representative.  If there are objections, the Court will consider them.  The Court may elect to move the Final Approval Hearing to a different date or time in its sole discretion, without providing further notice to the Class.  The date and time of the Final Approval Hearing can be confirmed at www.[URL].com.

## 22.  Do I have to come to the Final Approval Hearing?

No.  Class Counsel will answer any questions the Court may have.  However, you are welcome to come to the Final Approval Hearing at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but that is not necessary.

## 23.  May I speak at the Final Approval Hearing?

Yes.  You may ask the Court for permission to speak at the Final Approval Hearing.

**IF YOU DO NOTHING**

| 24. What happens if I do nothing at all? |
|---|

If you are a Class Member and you do nothing, one of two scenarios will apply depending on whether you have a monthly iCloud subscription at the time the Class Payment is distributed:

- If, at the time the Class Payment is distributed, you are a subscriber to any kind of monthly paid iCloud plan, and you have a U.S. mailing address associated with your plan, Apple will automatically distribute the Class Payment to the Apple account that pays for your current monthly iCloud subscription; or

- If, at the time the Class Payment is distributed, you are no longer a subscriber to any kind of monthly paid iCloud plan, or you do not have a U.S. mailing address associated with your plan, you will automatically be sent a check at the mailing address associated with your account.

You will give up the rights explained in Question 12, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Apple related to the Lawsuit or for claims that in any way are related to the subject matter of the claims in this Lawsuit.

**GETTING MORE INFORMATION**

| 25. Are more details available? |
|---|

Visit the website at www.[URL].com, where you will find the Settlement Agreement and other related documents.  You may also call toll-free at 1-[XXX-XXX-XXXX] or write to [insert address].  Inquiries should NOT be directed to the Court.

**Exhibit 5**

1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12

13    | ANDREA M. WILLIAMS AND JAMES | No. 3:19-cv-4700-LB |
      | STEWART, On Behalf of Themselves And | |
14    | All Others Similarly Situated, | |
      | | **[PROPOSED] ORDER GRANTING** |
15    | Plaintiffs, | **PRELIMINARY APPROVAL TO CLASS** |
      | | **ACTION SETTLEMENT AND SETTING** |
16    | v. | **FINAL APPROVAL FAIRNESS** |
      | | **HEARING** |
17    | APPLE INC., | |
      | | **Judge: Hon. Laurel Beeler** |
18    | Defendant. | **Courtroom B, 15th Floor** |

19

20

21

22

23

24

25

26

27

28

Plaintiff James Stewart and Defendant Apple Inc. have entered into a Class Action Settlement Agreement ("Agreement") to settle this Action and Plaintiff has filed a Motion for Preliminary Approval ("Motion for Preliminary Approval"). The Agreement, the exhibits thereto and the exhibits to the Motion for Preliminary Approval, set forth the terms and conditions for a proposed settlement, release, and dismissal with prejudice of this Action.

Having reviewed the Agreement and its exhibits, the Motion for Preliminary Approval and its exhibits, the pleadings and other papers on file in this action, and statements of counsel, the Court finds that the Motion for Preliminary Approval should be GRANTED and that this Preliminary Approval Order should be entered. Terms and phrases used in this Preliminary Approval Order and not otherwise defined herein shall have the same meanings ascribed to them in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court preliminarily approves the Agreement subject to the Final Approval Hearing for purposes of deciding whether to enter the Final Approval Order and Final Judgment.

2. The Court finds that for settlement purposes the proposed Subscriber Class definition is consistent with the Class previously certified (Dkt. No. 110) and therefore meets the requirements of Federal Rule of Civil Procedure 23 for the reasons set forth in the Order Granting in Part and Denying in Part Motion for Class Certification (Dkt. No. 110).

3. Accordingly, for the purposes of settlement only, the Court reaffirms the appointment of Plaintiff James Stewart as the Class Representative, and his counsel listed below are appointed to act as Class Counsel for the Subscriber Class:

| | |
|---|---|
| Roy A. Katriel | Azra Mehdi |
| THE KATRIEL LAW FIRM, P.C. | THE MEHDI FIRM, P.C. |
| 2262 Carmel Valley Rd., Suite 201 | 201 Mission Street, |
| Del Mar, California 92014 | Suite 1200 |
| Telephone: (619) 363-3333 | San Francisco, CA 94105 |
| Facsimile: (866) 832-5852 | E-mail: azram@themehdifirm.com |
| E-mail: rak@katriellaw.com | |

4. The Court finds that the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Subscriber Class. The Settlement preliminarily appears fair, non-collusive and within the range of possible final approval.  This determination permitting notice to the Subscriber Class is not a final finding, but a determination that there is probable cause to submit the

proposed Agreement to the Subscriber Class and to hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

5. The Court schedules a Final Approval Hearing on the Settlement and Agreement to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court, as well as whether to grant any motion for Attorneys' Fees and Costs and Service Awards that may be filed by Class Counsel pursuant to the terms of the Agreement, such Final Approval Hearing to take place on [insert date_____].

6. The Court appoints Angeion Group to serve as Settlement Administrator and to provide the Settlement Administrator services set forth in and contemplated by the Agreement. The Settlement Administrator will notify Subscriber Class Members of the Settlement in the manner specified in Section 6 of the Agreement. Email Notice and Website Notice shall be disseminated no later than thirty (30) days after the entry of this Order.

7. The Court finds the Email Notice and Website Notice (attached to the Agreement as Exhibits 1 and 4, respectively), and their manner of transmission, implemented pursuant to the Agreement (a) are the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise the Subscriber Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all requirements of applicable law.

8. The Court orders the Settlement Administrator to file proof of compliance with the Email Notice and Website Notice at or before the Final Approval Hearing.

9. The Court orders that any members of the Subscriber Class who wish to receive the Class Payment under the Settlement by ACH transfer or by check must provide the requisite information to the Settlement Administrator no later than _____.

10. The Court approves the creation and maintenance of the Settlement Website that shall include, at a minimum, downloadable copies of the Email Notice, Website Notice, and Agreement and shall be maintained in accordance with terms of the Agreement.

11. The Court orders any members of the Subscriber Class who wish to exclude themselves from the Subscriber Class to submit appropriate, timely requests for exclusion, 65 days after the Notice Date, in accordance with the procedures outlined in the Agreement, Email Notice, and Website Notice, postmarked no later than [insert date____], or as the Court may otherwise direct, and sent to the Settlement Administrator to the address on the Email Notice or Website Notice.

12. The Court orders that any member of the Subscriber Class who does not submit a timely, written request for exclusion from the Subscriber Class on or before [insert date _____], will be bound by all proceedings, orders and judgments in the Action, even if such a member of the Subscriber Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims.

13. The Court orders that any Subscriber Class Member who does not submit a timely Opt-Out Form to the Settlement Administrator and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, the Attorneys' Fees and Costs, or the Service Award shall file with the Court  no later than [insert date _____] or as the Court may otherwise direct, a statement of the objection containing all of the following information: (a) the name of the Action; (b) the objector's full name, address and telephone number;  (c) whether the objector is represented by counsel, and if so the identity of such counsel; (d) if the objector wishes to appear and be heard at the Final Approval Hearing, a request to appear and Notice of Intention to Appear; and (e) the identity of any counsel who will appear at the Final Approval Hearing on the objector's behalf.

14. The Court orders that any response to an objection shall be filed with the Court no later than [insert date____].

15. The Court orders that any member of the Subscriber Class who does not file a timely written objection to the Settlement shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or by any other means.

16. The Court orders that any attorney hired by a member of the Subscriber Class for the purpose of objecting to the proposed Settlement, the Attorneys' Fee and Costs, or the Service Award and who intends to make an appearance at the Final Approval Hearing to provide to the Settlement Administrator, Class Counsel, and Apple Counsel and to file with the Clerk of the Court a notice of

intention to appear no later than [insert date____] or as the Court may otherwise direct. Counsel who do not adhere to these requirements will not be heard at the Final Approval Hearing.

17. The Court directs that Class Counsel shall file their applications for the Attorneys' Fees and Costs and a Service Award at least 35 days before the Objection and Exclusion Deadline, no later than [insert date _____], in accordance with the terms set forth in Paragraph 7.1 of the Agreement. An electronic copy of the application shall be posted on the settlement website within three (3) business days after its filing on the Court's electronic docket.

18. The Court orders the Settlement Administrator to provide the list of all individual Subscriber Class Members who submitted timely Opt-Out Forms to Class Counsel and Apple Counsel no later than fourteen (14) days after the Objection and Exclusion Deadline.

19. The Court preliminary enjoins all members of the Subscriber Class unless and until they have timely excluded themselves from the Subscriber Class from (a) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; and (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Subscriber Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims. Any person or entity who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants and/or any other Released Person and Class Counsel as a result of the violation. The Agreement is not intended to prevent members of the Subscriber Class from participating in any action or investigation initiated by a state or federal agency.

20. The Court reserves the right to adjourn or continue the Final Approval Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Final Approval Hearing or at any adjournment or continuance thereof, and to approve the Settlement

with modifications, if any, consented to by the Class Counsel and Apple Counsel without further notice.

21. All pretrial proceedings in the Action are stayed and suspended until further order of this Court.

22. If this Agreement terminates for any reason, this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Agreement. This Order will not waive or otherwise impact the Parties' rights or arguments.

23. Neither the Agreement, nor any of its provisions, nor any of the documents (including but not limited to drafts of the Agreement, this Preliminary Approval Order, or the Final Order and Judgment), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession by any person, including Defendants, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.

**IT IS SO ORDERED.**

Dated:_____, 2022          By:_____

                                               Hon. Laurel Beeler
                                               United States Magistrate Judge