UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA M. WILLIAMS AND JAMES STEWART, On Behalf of Themselves And All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | No. 3:19-cv-4700-LB<br><br>[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT AND SETTING FINAL APPROVAL FAIRNESS HEARING<br><br>Judge: Hon. Laurel Beeler<br>Courtroom B, 15th Floor |

Plaintiff James Stewart and Defendant Apple Inc. have entered into a Class Action Settlement Agreement ("Agreement") to settle this Action and Plaintiff has filed a Motion for Preliminary Approval ("Motion for Preliminary Approval"). The Agreement, the exhibits thereto and the exhibits to the Motion for Preliminary Approval, set forth the terms and conditions for a proposed settlement, release, and dismissal with prejudice of this Action.

Having reviewed the Agreement and its exhibits, the Motion for Preliminary Approval and its exhibits, the pleadings and other papers on file in this action, and statements of counsel, the Court finds that the Motion for Preliminary Approval should be GRANTED and that this Preliminary Approval Order should be entered. Terms and phrases used in this Preliminary Approval Order and not otherwise defined herein shall have the same meanings ascribed to them in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court preliminarily approves the Agreement subject to the Final Approval Hearing for purposes of deciding whether to enter the Final Approval Order and Final Judgment.

2. The Court finds that for settlement purposes the proposed Subscriber Class definition is consistent with the Class previously certified (Dkt. No. 110) and therefore meets the requirements of Federal Rule of Civil Procedure 23 for the reasons set forth in the Order Granting in Part and Denying in Part Motion for Class Certification (Dkt. No. 110).

3. Accordingly, for the purposes of settlement only, the Court reaffirms the appointment of Plaintiff James Stewart as the Class Representative, and his counsel listed below are appointed to act as Class Counsel for the Subscriber Class:

| | |
|---|---|
| Roy A. Katriel<br>THE KATRIEL LAW FIRM, P.C.<br>2262 Carmel Valley Rd., Suite 201<br>Del Mar, California 92014<br>Telephone: (619) 363-3333<br>Facsimile: (866) 832-5852<br>E-mail: rak@katriellaw.com | Azra Mehdi<br>THE MEHDI FIRM, P.C.<br>201 Mission Street,<br>Suite 1200<br>San Francisco, CA 94105<br>E-mail: azram@themehdifirm.com |

4. The Court finds that the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Subscriber Class. The Settlement preliminarily appears fair, non-collusive and within the range of possible final approval. This determination permitting notice to the Subscriber Class is not a final finding, but a determination that there is probable cause to submit the

*Williams et al., v. Apple Inc.*,
No. 3:19-cv-4700-LB

proposed Agreement to the Subscriber Class and to hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

5. The Court schedules a Final Approval Hearing on the Settlement and Agreement to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court, as well as whether to grant any motion for Attorneys' Fees and Costs and Service Awards that may be filed by Class Counsel pursuant to the terms of the Agreement, such Final Approval Hearing to take place on August 4, 2022 at 9:30 a.m.

6. The Court appoints Angeion Group to serve as Settlement Administrator and to provide the Settlement Administrator services set forth in and contemplated by the Agreement. The Settlement Administrator will notify Subscriber Class Members of the Settlement in the manner specified in Section 6 of the Agreement. Email Notice and Website Notice shall start being disseminated no later than thirty (30) days after the entry of this Order.

7. The Court finds the Email Notice and Website Notice (attached to the Agreement as Exhibits 1 and 4, respectively), and their manner of transmission, implemented pursuant to the Agreement (a) are the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise the Subscriber Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all requirements of applicable law.

8. The Court orders the Settlement Administrator to file proof of compliance with the Email Notice and Website Notice at or before the Final Approval Hearing.

9. The Court orders that any members of the Subscriber Class who wish to receive the Class Payment under the Settlement by ACH transfer or by check must provide the requisite information to the Settlement Administrator no later than May 23, 2022.

10. The Court approves the creation and maintenance of the Settlement Website that shall include, at a minimum, downloadable copies of the Email Notice, Website Notice, and Agreement and shall be maintained in accordance with terms of the Agreement.

11. The Court orders any members of the Subscriber Class who wish to exclude themselves from the Subscriber Class to submit appropriate, timely requests for exclusion, 65 days after the Notice Date, in accordance with the procedures outlined in the Agreement, Email Notice, and Website Notice, postmarked no later than May 23, 2022, or as the Court may otherwise direct, and sent to the Settlement Administrator to the address on the Email Notice or Website Notice.

12. The Court orders that any member of the Subscriber Class who does not submit a timely, written request for exclusion from the Subscriber Class on or before May 23, 2022, will be bound by all proceedings, orders and judgments in the Action, even if such a member of the Subscriber Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims.

13. The Court orders that any Subscriber Class Member who does not submit a timely Opt-Out Form to the Settlement Administrator and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, the Attorneys' Fees and Costs, or the Service Award shall file with the Court no later than May 23, 2022 or as the Court may otherwise direct, a statement of the objection containing all of the following information: (a) the name of the Action; (b) the objector's full name, address and telephone number; (c) whether the objector is represented by counsel, and if so the identity of such counsel; (d) if the objector wishes to appear and be heard at the Final Approval Hearing, a request to appear and Notice of Intention to Appear; and (e) the identity of any counsel who will appear at the Final Approval Hearing on the objector's behalf.

14. The Court orders that any response to an objection shall be filed with the Court no later than June 16, 2022.

15. The Court orders that any member of the Subscriber Class who does not file a timely written objection to the Settlement shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or by any other means.

16. The Court orders that any attorney hired by a member of the Subscriber Class for the purpose of objecting to the proposed Settlement, the Attorneys' Fee and Costs, or the Service Award and who intends to make an appearance at the Final Approval Hearing to provide to the Settlement Administrator, Class Counsel, and Apple Counsel and to file with the Clerk of the Court a notice of

*Williams et al., v. Apple Inc.*,
No. 3:19-cv-4700-LB

intention to appear no later than May 23, 2022 or as the Court may otherwise direct. Counsel who do not adhere to these requirements will not be heard at the Final Approval Hearing.

17. The Court directs that Class Counsel shall file their applications for the Attorneys' Fees and Costs and a Service Award at least 35 days before the Objection and Exclusion Deadline, no later than April 18, 2022, in accordance with the terms set forth in Paragraph 7.1 of the Agreement. An electronic copy of the application shall be posted on the settlement website within three (3) business days after its filing on the Court's electronic docket.

18. The Court orders the Settlement Administrator to provide the list of all individual Subscriber Class Members who submitted timely Opt-Out Forms to Class Counsel and Apple Counsel no later than fourteen (14) days after the Objection and Exclusion Deadline.

19. The Court preliminary enjoins all members of the Subscriber Class unless and until they have timely excluded themselves from the Subscriber Class from (a) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; and (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Subscriber Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims. Any person or entity who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants and/or any other Released Person and Class Counsel as a result of the violation. The Agreement is not intended to prevent members of the Subscriber Class from participating in any action or investigation initiated by a state or federal agency.

20. The Court reserves the right to adjourn or continue the Final Approval Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Final Approval Hearing or at any adjournment or continuance thereof, and to approve the Settlement

*Williams et al., v. Apple Inc.,*
No. 3:19-cv-4700-LB

with modifications, if any, consented to by the Class Counsel and Apple Counsel without further notice.

21. All pretrial proceedings in the Action are stayed and suspended until further order of this Court.

22. If this Agreement terminates for any reason, this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Agreement. This Order will not waive or otherwise impact the Parties' rights or arguments.

23. Neither the Agreement, nor any of its provisions, nor any of the documents (including but not limited to drafts of the Agreement, this Preliminary Approval Order, or the Final Order and Judgment), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession by any person, including Defendants, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.

**IT IS SO ORDERED.**

Dated: __February 24__, 2022        By:_____
                                         Hon. Laurel Beeler
                                         United States Magistrate Judge

*Williams et al., v. Apple Inc.,*
No. 3:19-cv-4700-LB