Roy A. Katriel (265463)
**THE KATRIEL LAW FIRM**
2262 Carmel Valley Rd., Suite 201
Del Mar, CA 92014
Tel:   (619) 363-3333
Fax:   (866) 832-5852
E-mail: rak@katriellaw.com

Azra Z. Mehdi (220406)
**THE MEHDI FIRM, P.C.**
201 Mission Street, Suite 1200
San Francisco, CA 94105
Telephone: (415) 293-8039
Facsimile: (415) 432-4301
E-mail: azram@themehdifirm.com

*Class Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **ANDREA M. WILLIAMS AND JAMES STEWART, On Behalf Of Themselves And All Others Similarly Situated,**<br><br>Plaintiffs,<br><br>vs.<br><br>**APPLE INC.**<br><br>Defendant. | **Case No.  3:19-cv-04700-LB**<br><br>**PLAINTIFF JAMES STEWART'S NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF HIS MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND APPROVAL OF INCENTIVE AWARDS**<br><br>**Judge: Hon. Laurel Beeler**<br>**Courtroom: B, 15th Floor**<br>**Hearing Date:  August 4, 2022**<br>**Hearing Time: 9:30 a.m.** |

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION……………………………………...………..1

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF
EXPENSES, AND APPROVAL OF INCENTIVE AWARD……………...……………1


I.       INTRODUCTION AND SUMMARY OF MOTION……………………………2

The Complexity, Unique Nature, And Extent Of This Litigation…………………………..2

The Significant Risk Undertaken By Class Counsel……………………………………..4

The Exemplary Results, Including Automatic Payment To All Class Members…....……5

The Fee Award Sought Is Reasonable Under Either The Percent-Of-The-Fund
Or The Lodestar Method……………………………………………………………5

The Litigation Expenses Incurred Were Reasonable And Necessary…………………..8

The Incentive Award Request Is Appropriate And Reasonable…………………………9

II.      CLASS COUNSEL'S FEE REQUEST IS REASONABLE UNDER
         EITHER THE PERCENT-OF-THE-FUND OR LODESTAR
         APPROACH…………………………………………………………..10

         A. The Fee Request Is A Reasonable Percent Of The Fund……………..……11

            1.  The Extent And Complexity Of This Litigation Exceeds An
                Ordinary Case…………………………………………………………..13

            2.  The Inordinate Litigation Risk Undertaken By Class Counsel
                On A Contingent Fee Basis Also Supports The Fee Request…………..17

            3.  The Results Achieved Support Class Counsel's Fee Request……………18

1

2

    B. Class Counsel's Fee Request Also Is Reasonable Under The
      Lodestar Approach……………………………………………..…….19

III.    THE EXPENSES INCURRED BY CLASS COUNSEL WERE
      NECESSARY TO THE LITIGATION, AND SHOULD BE
      REIMBURSED……………………………………………………..22

IV.    THE REQUESTED INCENTIVE AWARD SHOULD BE APPROVED………23

CONCLUSION…………………………………………………………….24

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases:**

*Beaver v. Tarsadia Hotels*,
2017 WL 4310707 (S.D. Cal. Sept. 28, 2017)……………………..…………….7

*Burden v. SelectQuote Insurance Services*,
2013 WL 3988771 (N.D. Cal. Aug. 2, 2013)……………...……..…………2, 13, 20

*Chu v. Wells Fargo Investments, LLC*,
2011 WL 6726456 (N.D. Cal. Feb. 6, 2011)……………………………………20

*Collado v. Toyota Motor Sales U.S.A., Inc.*,
550 Fed. Appx. 368 (9th Cir. 2013)……………………………………………6

*Davis v. Cole Haan, Inc.*,
2015 WL 7015328 (N.D. Cal. Nov. 12, 2015)……………………..…………….13

*Forcellati v. Hyland's Inc.*,
2014 WL 1410264 (C.D. Cal. Apr. 9, 2014)…………………………………..…5

*In re Activision Sec. Litig.*,
723 F. Supp.1373 (N.D. Cal. 1989)……………………………………………20

*In re Heritage Bond Litig.*,
2005 WL 1594403 (C.D. Cal. Jun. 10, 2005)………………………..……….13

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000)……………………………………………13

*In re NCAA Athletic In Grant-In-Aid Cap Antitrust Litig.*,
2017 WL 6040065 (N.D. Cal. Dec. 6, 2017)……………………..…………….21

*In re Online DVD-Rental Antitrust Litig.*,
779 F.3d 934 (9th Cir. 2015)……………………...……..………9, 15, 18, 19

*In re Optical Disk Drive Prods. Antitrust Litig.*,
2016 WL 7364803 (N.D. Cal. Dec. 19, 2016)……….……………....…….15, 18, 19

*Williams et al. v. Apple Inc.*,
Case No.  3:19-cv-4700-LB                          iii                          Motion For Award Of Attorneys' Fees,
Reimbursement Of Expenses, And
Approval Of Incentive Award

*In re Pac. Enterprises Sec. Litig.*,
47 F.3d 373 (9th Cir. 1995)……………………………………………..13

*In re Prudential Sec. Inc.*,
1995 WL 798907 (S.D.N.Y Nov. 20, 1995)………………………………….4

*In re Toys R Us-Delaware FACTA Litig.*,
295 F.R.D. 438 (C.D. Cal. 2014)……………………………..……………5, 24

*In re Washington Public Power Supply Sys. Sec. Litig.*,
19 F.3d 1291 (9th Cir. 1994)…………………………………...……………7

*Jensen v. First Trust Corp.*,
2008 WL 11338161 (C.D.  Cal. Jun. 9, 2008)………………………..…………13

*Lafitte v. Robert Half Int'l, Inc.*,
1 Cal.5th 480 (2016)……………………………………………………6, 7

*Lane v. Facebook, Inc.*,
2010 WL 2076916 (N.D. Cal. May 24, 2010)…………………………………20

*Lozano v AT&T Wireless Srvcs.*,
2010 WL 11520704 (C.D. Cal., Nov. 22, 2010)………………………………24

*Lusby v. GameStop Inc.*,
2015 WL 1501095 (N.D. Cal. Mar. 31, 2015)………………………..………13

*Mangold v. California Public Utilities Comm'n*,
67 F.3d 1470 (9th Cir. 1995)……………………………………….………6

*Morris v. Lifescan, Inc.*,
54 Fed. Appx. 663 (9th Cir. 2003)…………………………....…………7, 11

*Powers v. Eichen*,
229 F.3d 1249 (9th Cir. 2000)………………………………………………9

*Rodriguez v. West Publishing Corp.*,
563 F.3d 948 (9th Cir. 2009)………………………………………4, 23

*Smith v. CRST Van Expedited, Inc.*,
2013 WL 163293 (S.D. Cal. Jan 14, 2013)……………………………………………7

*Spann v. J.C. Penney Corp.*,
211 F. Supp.3d 1244 (C.D. Cal. 2016)……………………………………..…………7

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003)………………………………...…………………..19

*Tawfilis v. Allegan, Inc.*,
2018 WL 4849716 (C.D. Cal. Aug. 27, 2018)………………………………………...5

*Trustees of the Construction Indus. and Laborers Health and Welfare Trust v.
Redland Ins. Co.*,
460 F.2d 1253, 1256 (9th Cir. 2006)…………………..……..……………………8, 23

*Vasquez v. Coast Valley Roofing, Inc.*,
266 F.R.D. 482 (E.D. Cal. 2010)………………………………………………..23

*Villa v. NFL*,
No. 5:12-cv-5481-EJD (N.D. Cal.)……………………...……………………22

*Vizcaino v. Microsoft Corp.*,
290 F.3d 1043 (9th Cir. 2002)……………………………………………7, 11, 20

*Williams et al. v. Apple Inc.*,
Case No.  3:19-cv-4700-LB                         v                         Motion For Award Of Attorneys' Fees,
                                                                            Reimbursement Of Expenses, And
                                                                            Approval Of Incentive Award

**NOTICE OF MOTION AND MOTION**

To Defendant Apple Inc., its counsel of record, and any other interested parties: PLEASE TAKE NOTICE THAT on August 4, 2022, at 9:30 a.m., at Courtroom B of the United States District Court for the Northern District of California, San Francisco Division, in San Francisco, California, or at such other time or place as this Court may order, pursuant to Federal Rule of Civil Procedure 23(h) and the terms of the classwide Settlement Agreement, Plaintiff and class representative James Stewart ("Plaintiff" or "Stewart"), by and through his undersigned counsel, will and does hereby move this Court for an Order awarding Class Counsel attorneys' fees in the amount of $4,933.333, reimbursing their expenses and costs of suit incurred in prosecuting this action, amounting to $397,971.92, approving the payment of $2,400,000 to Angeion Group for settlement notice and administration costs,  and approving the payment of an incentive award in the amount of $5,000 to Stewart as the named class representative for his work undertaken in this action in a manner that yielded a successful settlement benefiting the class members.

This motion is based on the accompanying Memorandum in Support, the Declaration of Roy A. Katriel, the Declaration of Azra Mehdi, all supporting exhibits thereto, any argument of counsel, and such additional material as this Court may consider.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND APPROVAL OF INCENTIVE AWARD**

Plaintiff and class representative James Stewart files this motion for an award of attorneys' fees, reimbursement of expenses, and approval of an incentive award as part of the classwide settlement with Apple Inc. ("Apple") that the Court preliminarily approved on February 17, 2022.  *See* Dkt. No. 152.  Because Class Counsel has undertaken significant risk, performed enormous amounts of work in a complex case that

1

is in its fourth year, and achieved an excellent result for the Class, Stewart respectfully requests that the Court approve the attorneys' fees, expenses, and incentive award sought.

The amount of attorneys' fees sought, $4,933,333, amounts to one third of the $14.8 million fund achieved as a result of the settlement, well in line with fee awards and percentages approved by this and other California courts in similar class actions. *See, e.g., Burden v. SelectQuote Insurance Services*, 2013 WL 3988771, at *4 (N.D. Cal. Aug. 2, 2013) (Beeler, J.) (finding one third (33%) of the settlement fund to be reasonable attorney fee award and approving same).   As a cross-check, this fee award represents a reasonable 2.0 multiplier on Class Counsel's lodestar for the work expended during the litigation of this case.   As we detail below, under either the percent-of-the-fund or the lodestar approach for analyzing fee petitions, the fees sought are reasonable and justified.  Likewise, the litigation expenses for which Class Counsel seek reimbursement were all reasonably incurred and necessary for the successful prosecution of this action, as documented below and in the accompanying Katriel Declaration.  So too, the $5,000 incentive award sought for one named plaintiff, James Stewart, is reasonable and appropriate in recognition of the meaningful work and investment of time devoted by Stewart for the benefit of all class members.[1]

# I.   INTRODUCTION AND SUMMARY OF MOTION

## The Complexity, Unique Nature, And Extent Of This Litigation

Now in its fourth year, this certified class action has been no ordinary case. It involved 12 expert reports, 10 depositions, 7 adversarial motions, and thousands of pages of complex discovery produced by Apple.   Apple's filing of its class certification opposition alone was supported by over 70 exhibits, seven declarations of fact witnesses, and three expert reports—all supported by exhibits of their own.  *See* Dkt. Nos. 82-84.

---

[1] No incentive award is being sought for plaintiff Andrea Williams, who is a named plaintiff but was not appointed as class representative.

Parsing through all that, Class Counsel took on the largest corporation in the globe and secured class certification in a detailed order entered by Judge Lucy H. Koh before her elevation to the Ninth Circuit.  After filing *Daubert* motions challenging the admissibility of two of Apple's key merits expert reports and shortly before Plaintiff was to file his own motion for partial summary judgment, the parties attended a second mediation session before the Honorable Edward A. Infante (Ret.) at JAMS.  Only then did this classwide settlement result.

And this is no ordinary class settlement.  It stands apart from notorious common fund settlements that merely provide the illusion of a recovery for all class members but invariably succumb to a low claims rate in which hardly any settlement class members collect any consideration.   Here, by contrast, Class Counsel advocated for and ultimately secured a settlement agreement requiring Apple to disburse settlement consideration automatically to *all* settlement class members without the need for a claim form. Upon the settlement becoming effective, *all* class members will receive payment from the settlement common fund either by way of check, ACH transfer, or account credit.

The case was contentious and vigorously litigated, as evidenced by the briefing, entailing over eight substantive motions, not including administrative or scheduling motions. *See* Section II.A *infra*.  Superimposed on this complexity was the difficulty brought about by litigating the crux of this case during the midst of a pandemic in which state lockdowns were mandated and in-person client or expert witness meetings and depositions were unavailable.  Despite this complexity and fast pace, the work product was of unimpeachable quality.  Having fronted all expenses of this litigation for four years without receiving any payment, Class Counsel respectfully maintain that their motion for attorneys' fees, reimbursement of expenses, and incentive award should now be granted.

---

3

## The Significant Risk Undertaken By Class Counsel

For nearly four years, Class Counsel— two sole practitioners— funded, litigated, and defended this matter without any compensation whatsoever and with no assurance that they ever would be paid.  Their out-of-pocket outlay alone to retain the experts, host the discovery documents, pay videographers and court reporters, retain a private mediator for two separate day-long mediations, and for other essential litigation needs amounted to $397,971.92, which Class Counsel fronted.  The loss of any substantive motion or a defeat at trial or on appeal would result in the unrecoverable loss of all these expenses, not to mention the investment of time that Class Counsel devoted to the case.  The risk Class Counsel bore in undertaking this action and litigating it as aggressively as they did on behalf of the Class was real and significant.

Moreover, the risk and uncertainty that Class Counsel faced was especially pronounced given the absence of any governmental participant.  Unlike many private class actions that follow and rely upon the work product of enforcement matters or publicly announced investigations commenced by the Federal Trade Commission, Department of Justice, or the Securities and Exchange Commission, here Class Counsel blazed their own trail, crafted the legal theory from scratch, and developed the supporting facts without any government involvement.  Neither the FTC nor DOJ took any enforcement action in connection with the alleged breach of the iCloud Agreements.  Thus, Class Counsel took on a case that neither the federal government nor any other private firm chose to undertake.  *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 964 (9th Cir. 2009) (finding that district court did not abuse its discretion in considering that "there were no government coattails for the class to ride" in approving class settlement); *In re Prudential Sec. Inc.*, 1995 WL 798907, at * 8 (S.D.N.Y Nov. 20, 1995) (approving class settlement, recognizing added risk by plaintiffs' counsel in that "Counsel for the class action plaintiffs did not 'ride the coattails' of governmental agency investigations.").

**The Exemplary Results, Including Automatic Payment To All Class Members.**

The risk and efforts of Class Counsel proved successful.  The settlement benefits the class members in a manner few class actions do.  It not only results in a multi-million dollar fund provided by Apple to compensate *all* class members for the alleged breach of their iCloud Agreements.  More uniquely, the settlement provides that the entire net settlement fund (*i.e.*, the entire fund amount net of any fees and expenses awarded by the Court) will be disbursed to the settlement Class members *automatically* without the need for the submission of any claim form or other documentation.  That is, *the claims rate is assured to be 100 percent,* unlike the typical single-digit claim and recovery rates ordinarily seen in class actions.  *See Forcellati v. Hyland's Inc.*, 2014 WL 1410264, at *6 (C.D. Cal. Apr. 9, 2014) ("The reality is the number of class members who actually file claims is relatively low. [T]he prevailing rule of thumb with respect to consumer class actions is [a claims rate of] 3–5 percent.") (internal quotations omitted).  The dilution that frequently is brought about by a low claims rate is significant in reviewing an attorney fee request—a dilution that is absent here due to Class Counsel's efforts in securing a settlement that assures payment to all class members without the need for a claim form.  *See In re Toys R Us-Delaware FACTA Litig.*, 295 F.R.D. 438, 457-58 (C.D. Cal. 2014) (comparing requested attorney fee award against the actual benefit to class members based on likely claims rate in determining whether fee award was disproportionate); *see also Tawfilis v. Allergan, Inc.*, 2018 WL 4849716, at *4 (C.D. Cal. Aug. 27, 2018) (approving class settlement and fee award and opining that, "all Class Members in this action will receive their settlement checks without the need for filing a claim form.  This is unique . . . and thus is a notable factor that the Court considers in evaluating the results of Class Counsel's work.").

**The Fee Award Sought Is Reasonable Under Either The Percent-Of-The-Fund Or The Lodestar Method**

Having undertaken this effort and risk over nearly four years and having achieved

5

this result for the benefit of all class members, Class Counsel now respectfully file this motion for recovery of their fees and expenses and for approval of incentive awards to compensate the named plaintiff class representative.  The classwide settlement agreement provides for such relief, with Apple agreeing to pay the fees, expenses, and incentive award the Court awards.  Notably, the settlement does *not* contain a "clear sailing" agreement securing Apple's non-opposition to this fee request.  Whatever fee, expense, and incentive award amounts are ordered therefore will be the result of Class Counsel's persuading the Court that the relief sought is justified.  It is.

The law recognizes two separate means of reviewing a fee petition—the so-called "percent-of-the-fund" and the lodestar methods.  Further, because this case is before the Court on the basis of diversity jurisdiction asserting a breach of contract claim under California law, it is California state law that governs the motion. *See Collado v. Toyota Motor Sales U.S.A., Inc.*, 550 Fed. Appx. 368, 369-70 (9th Cir. 2013) ("because the court exercised diversity jurisdiction over this matter, state law governs both the right to recover attorney's fees and the computation of their amount"); *Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470, 1479 (9th Cir. 1995) (in state law cases brought in federal court, "we follow other circuits that apply state law in calculating the fee."). Like federal law, California state law recognizes these two same methods to assess attorney fee motions.  *See Lafitte v. Robert Half Int'l, Inc.*, 1 Cal.5th 480, 506 (2016). We discuss our fee petition in light of these two separate methods at Sections II.A and II.B *infra*.  As shown in that discussion, the fee award sought is reasonable and justified under either method.

Under the "percent of the fund" approach, Class Counsel seek a fee award amounting to one third of the settlement fund.  This is recognized as the prevailing percentage of the fund awarded by California courts as attorneys' fees in class settlement.  *Lafitte* itself, in which the California Supreme Court announced the propriety of the percent-of the-fund method to calculate attorneys' fees in common fund

class settlements, upheld a fee award of one third of the fund.  *See Lafitte*, 1 Cal.5th at 506 (affirming award of one third of the gross settlement amount).  As a sister California federal court noted unremarkably in also approving that same award percentage, "California courts routinely award attorneys' fees of one-third of the common fund." *Beaver v. Tarsadia Hotels*, 2017 WL 4310707, at *10 (S.D. Cal. Sept. 28, 2017).  That pronouncement was hardly anomalous; other California federal court decisions document the same observation: "Under the percentage method, California has recognized that most fee awards based on either a lodestar or percentage calculation are 33 percent." *Smith v. CRST Van Expedited, Inc.*, 2013 WL 163293, at *5 (S.D. Cal. Jan 14, 2013) (quoted in *Spann v. J.C. Penney Corp.*, 211 F. Supp.3d 1244, 1262 (C.D. Cal. 2016)).

The Ninth Circuit has noted that while 25 percent of a settlement fund may be viewed as a "starting point" benchmark in considering attorneys' fee motions, "the 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases.  Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case. As we said in *WPPSS,* in passing on post-settlement fee applications, 'courts cannot rationally apply any particular percentage—whether 13.6 percent, 25 percent or any other number—in the abstract, without reference to all the circumstances of the case.'" *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002) (quoting *In re Washington Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1298 (9th Cir. 1994)).  Underscoring that 25% percent of the fund should be only a starting point that should not govern all fee awards, one year after it decided *Vizcaino*, the Ninth Circuit affirmed a district court's 33 percent-of-the-fund fee award (the same percentage sought here), noting that "[w]e conclude that the district court considered the relevant circumstances and did not abuse its discretion in finding an award of 33 percent to be reasonable." *Morris v. Lifescan, Inc.*, 54 Fed. Appx. 663 (9th Cir. 2003).  Tellingly, *Morris* entailed the exact same $14.8 million settlement fund

7

amount as is present here—and the Ninth Circuit found one third of that fund an appropriate fee award.

This Court has followed suit, approving fee awards of one third of the settlement fund in numerous class settlements. *See* Section II *infra*.  Section II.A. *infra* itemizes the support for a 33.3 percent-of- the-fund fee award.  It cites a long line of federal cases from this district and nationwide that have awarded this same or similar percent-of-the-fund fee in class action settlements.  The fee award sought is reasonable under the percent-of-the-fund approach.

Turning to the lodestar method, which begins by multiplying the number of billable hours by the attorneys' reasonable hourly billing rates, as adjusted by any appropriate positive or negative multiplier, Section II.B. below also documents that Class Counsel's fee request is independently reasonable under the lodestar method.  The total lodestar incurred by Class Counsel during the near four-year tenure of this litigation is $2,462,007.50, comprised of $2,345,682.50 in attorneys' fees billed by The Katriel Law Firm, P.C., and $116,325 billed by The Mehdi Firm, P.C.  The fee Class Counsel seek, therefore, represents a 2.0 multiplier of their collective lodestar in this case, which is eminently reasonable given the risk and rewards attendant to this case and settlement.  The lodestar method independently confirms the reasonableness of the fees sought by Class Counsel.

## The Litigation Expenses Incurred Were Reasonable And Necessary

Plaintiff's request for a reimbursement of litigation expenses totaling $397,971.92 should be approved.  The Ninth Circuit recognizes that litigation expenses are generally recoverable where they "would normally be charged to a fee paying client." *Trustees of the Construction Indus. and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.2d 1253, 1256 (9th Cir. 2006).  As detailed in Section III below and in the accompanying Katriel Declaration, all the expenses for which reimbursement is sought meet this criterion.  They amount to expenses incurred in retaining expert witnesses,

Motion For Award Of Attorneys' Fees,
Reimbursement Of Expenses, And
Approval Of Incentive Award

mediators, hosting electronic discovery, court reporters and videographers, Westlaw and Lexis legal research costs, and other litigation-specific charges like copying, couriers, travel, and filing fees.  All of these expenses were reasonable and necessary to successfully litigate this action, and their reimbursement from the settlement fund should be approved.

Moreover, the Ninth Circuit repeatedly has made clear that it is proper to conduct any percent-of-the-fund calculation supporting an attorney fee award on the gross settlement fund *before* any expenses are deducted or reimbursed from the fund.  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 953 (9th Cir. 2015) ("The district court did not abuse its discretion in calculating the fee award as a percentage of the total settlement fund, including notice and administrative costs, and litigation expenses."); *Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000) (rejecting an objector's argument that a fee award in classwide settlement should be based on "net recovery," which does not include "expert fees, litigation costs, and other expenses" and holding that "the district court may calculate the fee award using the gross settlement amount.").

So too, the notice and settlement administration costs incurred or to be incurred by the Court-approved settlement administrator, the Angeion Group, should be approved. As documented in the Declaration of Steven Weisbrot that the Court already considered in granting preliminary approval to the settlement, Angeion has committed that these settlement administration and notice costs (which entail remitting payments to up to 16.9 million class members) will not exceed $2,400,000.  *See* Dkt. No. 147-4 [Weisbrot Decl.], at ¶ 23.

## The Incentive Award Request Is Appropriate And Reasonable.

Lastly, the settlement's provision of an incentive award totaling $5,000 to the named plaintiff class representative is proper and should be approved.  Courts recognize that such awards to class representatives, whose individual efforts in pursuing the litigation benefitted the class members as a whole, are appropriate and important for the

viability of representative actions.  Here, Stewart devoted time and effort to advance this litigation.  Among other contributions, Stewart: sat for a day-long deposition; met with Class Counsel repeatedly to prepare for depositions and otherwise monitor the litigation; produced intrusive documents responsive to Apple's discovery requests; provided written responses to interrogatories or requests for admission; and, lent his name to this classwide litigation against Apple, the largest American corporation by market capitalization.  *See* Katriel Decl., at ¶ 8.  These efforts and investment of time and resources merit recognition by means of an incentive award, and the $5,000 amount requested is in line or below incentive awards routinely approved by this Court.

For all the foregoing reasons, and as more fully detailed below, Plaintiff's motion should be granted.

## II.   CLASS COUNSEL'S FEE REQUEST IS REASONABLE UNDER EITHER THE PERCENT-OF-THE-FUND OR LODESTAR APPROACH.

 The ultimate standard and goal in granting a fee award request is reasonableness—providing compensation that is reasonable and incentivizes attorneys to take on meritorious legal work on a contingent basis in the future.  In furtherance of these goals, the Ninth Circuit and the California Supreme Court recognize two independent methods by which a court may review a fee petition in the context of a common fund class action settlement.  The percent-of-the-fund approach allocates a certain percent of the settlement fund created by counsel's efforts to the payment of the fee award.  The alternate approach calculates a "lodestar" by multiplying the reasonable billable attorney hours expended in the litigation by a reasonable hourly fee and, if appropriate, adjusts that result by a multiplier to account for circumstances of a particular case or settlement.

A court has discretion in electing which method to employ, and regardless of which approach it adopts, a court may use the alternate method as a cross-check on the reasonableness of its initial fee determination.  The fee requested by Class Counsel is

reasonable and fully justified regardless of which method is used.

**A. The Fee Request Is A Reasonable Percent Of The Fund.**

Class Counsel requests an award of attorneys' fees amounting to 33.33 percent of the $14.8 million settlement fund created by Class Counsel's efforts in litigating and ultimately settling this action.  The requested award is reasonable given the inordinate complexity, undue risk, and overarching scope of the case, as well as the excellent results achieved.  The Ninth Circuit has held that district courts are free to depart from the 25 percent starting point benchmark for percent-of-the-fund fee awards if the record provides support for the departure. *See Vizcaino*, 290 F.3d at 1048.  That much was confirmed by *Morris*, in which the Ninth Circuit affirmed a 33 percent fee award to class counsel, given the district court's order supporting a departure from the 25 percent starting point benchmark. *See Morris*, 54 Fed. Appx. at 663.

The record of this litigation unquestionably supports an upward departure from the base 25 percent starting point, and we detail that support below.  Before doing so and to place Class Counsel's fee award into proper context, we itemize a cursory list of recent class action settlements in California federal and state courts have awarded a percent-of-the-fund fee equal, nearly equal, and sometimes exceeded that being requested here.

These fee awards are not anomalous. They represent the heartland of approved fee awards in class cases which, by their nature, are inherently complex to litigate, require particular expertise, and entail great risk in the expenses and efforts required to properly present the case.

**TABLE 1- ILLUSTRATIVE FEE AWARDS IN CALIFORNIA CLASS SETTLEMENTS**

| | Case Name | Order Date | Settlement Amount | Fee Award (% of fund) |
|---|---|---|---|---|
| 1 | *Tawfilis v. Allergan Inc.,* 018 WL 4849716 (C.D. Cal.) | 8/27/2018 | $13.45M | $4.482M (33.33%) |
| 2 | *Taylor v. Shipper Express Transport, Inc.,* 2015 WL 12658458 (C.D. Cal.) | 05/14/2015 | $11.04M | $3.68M (33.33%) |
| 3 | *Troy v. Aegis Senior Communities LLC,* 2021 WL 6129106 (N.D. Cal.) | 08/23/2021 | $16.25M | $6.35M (39%) |
| 4 | *Villafan v. Broadspectrum Downstream Srvcs., Inc.,* 2021 WL 6332128 (N.D. Cal.) | 04/08/2021 | $5M | $1.666M (33.3%) |
| 5 | *Tarsadia v. Beaver Hotels,* 2017 WL 4310707 (S.D. Cal.) | 09/28/2017 | $51.15M | $17.05M (33.3%) |
| 6 | *Villa v. San Francisco Forty-Niners,* No. 5:12-cv-5481-EJD (N.D. Cal.) | 11/17/2016 | $4.75M | $1,522,815 (32%) |
| 7 | *Lafitte v. Robert Half Int'l Inc.,* 1 Cal.5th 480 (2016) | 08/11/2016 | $19M | $6.33M (33.3%) |
| 8 | *Morris v. Lifescan, Inc.,* 54 Fed. Appx. 663 (9th Cir. 2003) | 01/16/2003 | $14.8M | $4.89M (33%) |

Notably, all of the foregoing class action settlements were claims-made settlements in which disbursement from the settlement fund required the filing of a claim, thereby significantly reducing the consideration actually paid to class members. As stated, here Class Counsel negotiated a classwide settlement that assures disbursement to all class members automatically without the need to file any claim form or other proof of purchase. The greater reward directly benefitting all members of the

12

settlement class highlights the propriety of Class Counsel's fee request.

Also significant is that the majority of the foregoing class settlements, in which one third or more of the settlement fund was awarded in fees, entailed settlements reached *before* the plaintiffs had secured class certification. That is, the settlements came relatively early in the procedural posture of these cases in terms of the significant milestones of a class action. By contrast, this settlement was reached only after Class Counsel secured class certification after contentious and adversarial class certification briefing and dueling expert evidence. The greater investment of effort and resultant success in adversarial litigation in this case before settlement also speaks to the merits of Class Counsel's fee request.

Focusing solely on class settlement fee awards entered by federal district courts in California also demonstrates that one third of the settlement fund is commonly awarded. *See Davis v. Cole Haan, Inc.*, 2015 WL 7015328, at *6 (N.D. Cal. Nov. 12, 2015) (approving 33% fee award); *Lusby v. GameStop Inc.*, 2015 WL 1501095, at *4 (N.D. Cal. Mar. 31, 2015) (granting 33% fee award and collecting cases regarding the same); *Burden*, 2013 WL 3988771, at *5 (awarding 33% of fund); *Jensen v. First Trust Corp.*, 2008 WL 11338161, at *13- *16 (C.D. Cal. Jun. 9, 2008) (awarding 33.3% of $8.5 million settlement fund plus approving reimbursement of $480,000 in litigation expenses); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *19 (C.D. Cal. Jun. 10, 2005) ("In applying the above factors, permitting Class Counsel a fee award of 33 ⅓% of the common fund is warranted."); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 460 (9th Cir. 2000) (affirming fee award equal to one-third of recovery); *In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming 33% fee award); *see also In re Heritage Bond Litig.*, 2005 WL 1594403, at *18, n. 12 (C.D. Cal. June 10, 2005) (noting more than 200 federal cases have awarded fees higher than 30%).

### 1. The Extent And Complexity Of This Litigation Exceeds An Ordinary Case.

The sheer extent and complexity of this litigation supports the award of one third

13

of the fund.  The written discovery in this action entailed thousands of often highly technical written documents produced by Apple.  *See* Katriel Decl., at ¶4; *see also* Dkt. Nos 82-84 (Apple's class certification opposition alone was supported by over 70 exhibits, seven non-expert declarations, and three expert reports).  Aside from the voluminous written discovery, the case also entailed extensive deposition testimony.

The complexity and extent of the litigation was not limited solely to the fact or expert discovery produced and reviewed.  The docket paints a picture of a case where intense and aggressive motion practice took center stage.  Most of the class settlements documented at Table 1 *supra*, in which 33.33 percent-of-the-fund fee awards were granted, involved settlements reached before class certification, where the only substantive motion practice involved the pleadings stage.  Here, by contrast, Class Counsel litigated 8 rounds of motions, as summarized below:

|   | Motion Filed | Date Filed |
|---|---|---|
| 1 | Apple's Motion To Dismiss Original Class Action Complaint | 10/04/2019 |
| 2 | Apple's Motion To Dismiss Prayer for Injunctive Relief and FAL And UCL Claims in First Amended Complaint | 6/29/2015 |
| 3 | Plaintiffs' Discovery Motion To Compel Production Of Documents | 10/26/2015 |
| 4 | Plaintiffs' Motion To Strike Certain Of Apple's Affirmative Defenses | 1/11/2016 |
| 5 | Plaintiffs' Motion For Class Certification | 6/14/2016 |
| 6 | Plaintiffs' Motion To Strike Expert Reports Of Drs. Scott and Wilcox | 7/19/2016 |
| 7 | Apple's Cross-Motion To Strike Plaintiffs' *Daubert* Motions | 10/14/2016 |

14

| 8 | Plaintiffs' Motion  For Preliminary Approval Of Class Action Settlement | 11/11/2016 |

This highly active and aggressive motion practice, which characterized all phases of this litigation, is far from the norm[2].  Moreover, the time, resources, and efforts required to be invested and devoted to this case to maintain the foregoing aggressive litigation pace meant that Class Counsel was required to forebear from taking on other litigation matters that could have generated more certain and prompt returns. *See In re Optical Disk Drive Prods. Antitrust Litig.*, 2016 WL 7364803, at *7 (N.D. Cal. Dec. 19, 2016) (quoting *In re Online DVD-Rental Antitrust Litig.*, 779 F.2d at 954-55) ("the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work)" are important factors in considering a fee award and may justify upward adjustment). The sheer number, complexity, and significance of the motions filed, all of which were fully briefed or argued before a settlement was ever reached, speaks to the difficulty and extent of the litigation that justifies the percent-of-the-fund fee award sought. *Id*.

Beyond motions, however, the pace of litigation also was characterized by complex and voluminous expert reports both during class certification and on the merits. By the time the parties attended their second mediation session and reached a proposed settlement, both had served their class certification as well as their expert opening and rebuttal reports.  In total, these numbered 12 expert reports, as itemized below:

| Number | Expert Report Served |
|--------|----------------------|
| 1 | Expert Report of Dr. Scott Swain In Support of Plaintiffs' Motion for Class Certification |

---

[2] Many of these motions were accompanied by Applications to file the motions or supporting exhibits under seal.  These procedural Applications were time consuming in that they required identification and redaction of material designated as "Confidential."

| 2 | Expert Report of Russell W. Mangum III, Ph.D. In Support of Plaintiffs' Motion For Class Certification |
| 3 | Apple's Expert Report of Dr. Carol Scott In Opposition To Plaintiffs' Motion For Class Certification |
| 4 | Apple's Expert Report of Dr. Lorin M. Hitt In Opposition to Plaintiffs' Motion For Class Certification |
| 5 | Expert Rebuttal Report of Dr. Scott Swain In Support of Plaintiffs' Motion For Class Certification |
| 6 | Expert Opening Merits Report of Dr. Scott Swain |
| 7 | Expert Opening Merits Report of Russell W. Mangum III, Ph.D. |
| 8 | Expert Opening Merits Report of Dr. Carol Scott |
| 9 | Expert Merits Rebuttal Report Of Dr. Scott Swain |
| 10 | Expert Merits Rebuttal Report of Dr. Carol Scott |
| 11 | Expert Merits Rebuttal Report of Ronald T. Wilcox, Ph.D. |

| 12 | Expert Merits Rebuttal Report of Dr. Lorin M. Hitt |
|---|---|

Aside from expert reports and document review, fact discovery also was characterized by intense deposition practice. The key depositions are documented below:

| Number | Deponent | Deposition Date |
|---|---|---|
| 1 | Ahmed Bashir | 08/31/2020 |
| 2 | James Stewart | 12/15/2020 |
| 3 | Andrea Williams | 12/18/2020 |
| 4 | Scott D. Swain, Ph.D. | 01/22/2021 |
| 5 | Loren Hitt, Ph.D. | 02/04/2021 |
| 6 | Dr. Carol Scott | 02/09/2021 |
| 7 | Dane Aconfora | 02/10/2021 |
| 8 | David Thompson | 06/23/2021 |
| 9 | Eric Billingsley | 06/29/2021 |
| 10 | Monika Sarkar | 07/19/2021 |

**2. The Inordinate Litigation Risk Undertaken By Class Counsel On A Contingent Fee Basis Also Supports The Fee Request.**

As documented in the Katriel and Declaration, Class Counsel incurred out-of-pocket litigation expenses totaling $397,971.92 to fund this litigation. The majority of this amount was expended in retaining the necessary expert witnesses but also included expenses for discovery hosting, videographers, court reporters, Westlaw database costs, mediator fees for two mediation sessions, and miscellaneous filing,

copying and similar expenses.  Class Counsel assumed the full risk that these expenses would never be recovered and that their thousands of hours of work on the case would go wholly uncompensated because they undertook the case on a contingent basis.  *See* Katriel Decl., at ¶7.   The Ninth Circuit has recognized that the inordinate risk, uncertainty of results over this protracted litigation, and the contingent nature of the representation engaged by Class Counsel all are factors that should be considered in setting a fee award and may justify an upward adjustment.  *See In re Optical Disk Drive Prods. Antitrust Litig.*, 2016 WL 7364803, at \*7 (quoting *In re Online DVD-Rental Antitrust Litig.*, 779 F.2d at 954-55) (identifying the following as among factors that courts should consider in awarding fees and in electing to depart from the 25 percent benchmark: "whether the case was risky for class counsel; . . . the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work); and whether the case was handled on a contingency basis.").

In addition to the expenses already outlaid by Class Counsel, the Angeion Group acting as the Court-approved settlement administrator estimates that the cost of notice dissemination and administration of the settlement that entails automatic payment to approximately 16.9 million class members will incur expenses of up to $2.4 million to be paid out of the Apple-funded settlement fund. See Dkt. No. 147-4, at ¶23.

### 3.  The Results Achieved Support Class Counsel's Fee Request.

Of paramount importance in reviewing a fee request and determining a reasonable percent of the fund to award, are the results achieved.  Here, Class Counsel's efforts led to a settlement that benefits all class members by way of a multi-million dollar settlement fund that will be used to compensate for the alleged breach of the iCloud Agreements.  Not only that, but uniquely among such breach of contract class action settlements, Class Counsel's settlement efforts have ensured that the entire net settlement fund will be disbursed to the class members.  None of the fund will go unclaimed.   This is because the settlement reached expressly provides that settlement checks, ACH

deposits, or account credits will be disbursed to the settlement class members automatically without the need for the filing of a claim form or submission of any other documentation.   This provision of the settlement was brought about directly as a result of Class Counsel's negotiation efforts.

With the exception of *Tawfilis*, which entailed the same Class Counsel, none of the settlements identified at Table 1 or cited elsewhere in this brief contained this feature.  The elimination of a claim form requirement directly and immediately enhances the real value to the class members by many orders of magnitude because the reality in such settlements is that the claims filing rate is in the single digits.  Here, the lack of a claim form requirement results in an effective claims rate of 100 percent because all settlement class members will be compensated upon the settlement becoming effective.  This extraordinary result benefitting the Class also supports the requested fee award, and a positive upward departure from any other starting point benchmark.  *See In re Optical Disk Drive Prods. Antitrust Litig.*, 2016 WL 7364803, at \*7 (quoting *In re Online DVD-Rental Antitrust Litig.*, 779 F.2d at 954-55) ("whether counsel 'achieved exceptional results for the class'" is factor to consider in awarding attorneys' fees and may justify an upward departure from the 25 percent starting point benchmark).

For all the foregoing reasons, Class Counsel's request for an award of attorneys' fees amounting to one third of the settlement fund is reasonable, appropriate, and should be approved.

### B. Class Counsel's Fee Request Also Is Reasonable Under The Lodestar Approach.

Class Counsel's fee request also is reasonable under the lodestar method for calculating attorneys' fees.  Under that method, the total number of reasonable hours billed in working the case is multiplied by the reasonable prevailing billable hourly rates for the attorneys performing the work, and this result may be adjusted by a positive or negative multiplier to arrive at a reasonable fee award. *See Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003).  Here, the very factors already discussed that merit an

19

upward departure from the 25 percent starting point benchmark under the percent-of-the-fund approach similarly justify a positive 2.0 multiplier to Class Counsel's billable work. Such positive lodestar multipliers are routinely awarded in antitrust and other complex class actions in recognition of the particular expertise that such complex representation requires. *See In re Optical Disk Drive Prods. Antitrust Litig.*, 2016 WL 7364803, at *10 (collecting cases awarding positive lodestar multipliers); *see also Vizcaino* (approving lodestar multiplier of 3.65 and documenting multiplier awards within the Ninth Circuit of up to 6.14); *Lane v. Facebook, Inc.*, 2010 WL 2076916, at *2 (N.D. Cal. May 24, 2010) (awarding a 2.0 lodestar multiplier).

The California Supreme Court has clarified that trial courts may, but are not required to, consider the lodestar as either a cross-check on the percent-of-the-fund fee award method or as its own method to set the fee award. *See Lafitte*, 1 Cal.5th at 506. And, as many California federal courts have noted, Judge Beeler also has commented on that:

> A district court in the Northern District reviewed a number of cases and concluded that using the lodestar method in common fund cases did not achieve the stated purposes of proportionality, predictability and protection of the class but, instead, encouraged abuses such as unjustified work and protracting the litigation. Additionally, the percentage-of-the-fund method is appropriate where—as here—the amount of the settlement is fixed without any reversionary payment to the defendant.

*Burden*, 2013 WL 3988771, at *5 (Beeler, J.) (citing *In re Activision Sec. Litig.*, 723 F. Supp.1373, 1378 (N.D. Cal. 1989) and *Chu v. Wells Fargo Investments, LLC*, 2011 WL 6726456, at *4 (N.D. Cal. Feb. 6, 2011)).

Regardless, here Class Counsel's $4,933,333 fee request is fully supported under the lodestar method. Class Counsel's collective lodestar amounts to $2,462,007.50. This is comprised of $2,345,682.50 billed by The Katriel Law Firm, P.C. and $116,325 of billed fees by The Mehdi Firm, P.C. The breakdown of these firms' respective lodestars is set forth in the accompanying Declarations. *See* Katriel Decl., at ¶ 5; Mehdi

Decl., at ¶ 5, 17. Summarized lodestar figures are tabulated below for each of the two firms:

### LODESTAR SUMMARY FOR THE KATRIEL LAW FIRM, P.C.

| Name Of Biller And Position | Hourly Rate | Billable Hours | Amount Billed |
|---|---|---|---|
| Roy A. Katriel (Partner and Class Counsel) | $925 | 2,530 | $2,340,250.00 |
| Rebecca Gold | $205 | 26.5 | $     5,432.50 |
| | | **LODESTAR:** | **$2,345,682.50** |

### LODESTAR SUMMARY FOR THE MEHDI FIRM, P.C.

| Name Of Biller and Position | Hourly Rate | Billed Hours | Amount Billed |
|---|---|---|---|
| Azra Mehdi (Partner and Class Counsel) | $825 | 141 | $116,325 |
| | | **LODESTAR:** | $116,325 |

The hourly rates reflected in the firms' lodestar are reasonable, being less than the hourly rates approved by California courts for attorneys with the same level of experience and responsibility in antitrust cases.  For example, the hourly rates for Roy A. Katriel and Azra Mehdi, the two lead attorneys in this action are $925 and $825, respectively.  These are well below the hourly rates approved by California federal courts in class action settlements *from several years ago.  See In re NCAA Athletic In Grant-In-Aid Cap Antitrust Litig.*, 2017 WL 6040065, at *8 (N.D. Cal. Dec. 6, 2017)

21

(approving reasonableness of lodestar and noting that "the most senior PSW attorneys on the case—Clifford Pearson and Bruce Simon—billed at hourly rates between $835 and $1,035 over the course of this matter. Another PSW partner billed at between $715 and $870 per hour"); *Villa v. NFL*, No. 5:12-cv-5481-EJD (N.D. Cal.), at Dkt No. 159-1, at ¶ 4 (fee petition declaration documenting hourly rate) and Dkt. No. 167, at ¶ 6 (fee order) (approving fee award based on lodestar billable hourly rate for Roy A. Katriel of $795 for work done between 2012 and 2016 and finding this biling rate reasonable).

The work and billable hours expended are also undeniably reasonable.  Notably, this complex litigation that yielded the multi-million dollar settlement *was staffed by just two attorneys on the plaintiff side*—an unheard of level of efficiency in a case of this magnitude.  By way of reference, throughout this litigation, Apple was represented by no less than eight attorneys from the firm of Cooley LLP, ranging from senior partners to special counsel to associate attorneys.[3]  The thin staffing of this case, litigated by two sole practitioners, underscores the reasonableness of the fee sought and justifies the award on the basis of the lodestar method.

## III.   THE EXPENSES INCURRED BY CLASS COUNSEL WERE NECESSARY TO THE LITIGATION, AND SHOULD BE REIMBURSED.

Class Counsel incurred expenses in the amount of $397,860.92, which were reasonable and necessary to litigate this action, and which are reimbursable.  This amount includes $334,428.50 incurred in retaining the two expert economist and marketing survey experts, Drs. Russell W. Mangum III and Scott D. Swain, as well as costs for court reporters and videographers, mediator fees, discovery hosting fees, Westlaw database costs, and miscellaneous filing and copying fees expended.  All of

---

[3] Apple was represented by Cooley LLP.  At various times during the litigation, the following attorneys from Cooley represented Apple and worked on the case: Michelle Doolin, Beatriz Mejia, Kyle Wong, Lauren Pomeroy, Lainie Bird, Jayme Staten, Darcie Tilly, and Sophia Rios.  Class counsel corresponded, met, and interacted with all these attorneys representing Apple throughout the course of this four-year litigation.

these are documented and supported in the Katriel Declaration.

In addition to the costs already incurred by Class Counsel, the Court approved the Angeion Group as the settlement administrator. Angeion is charged with disseminating the notice, administering the settlement, and disbursing payment to the 16.9 million members of the settlement class once the settlement becomes effective. As documented in the Declaration of Steven Weisbrot, which was filed in support of the motion for preliminary approval, Angeion has agreed that these costs of settlement administration will not exceed $2,400,000, most of which are attributable to cost of mail. *See* Dkt. No. 147-4 [Weisbrot Decl.], at ¶ 23. This notice and settlement administration costs also is payable from the settlement fund.

The expenses incurred are unquestionably proper and subject to reimbursement. The bulk of the expense was incurred in the retention of the necessary testifying expert witnesses, and other major expenses included court reporting fees, mediator fees for the two mediation sessions that ultimately yielded this settlement, as well as the online hosting of the hundreds of thousands of pages of written discovery pages and legal database costs. The expenses, which were fronted by Class Counsel, are not unexpected in a case involving 16.9 million class members and complex document production from the largest corporation on the globe. All of them meet the governing Ninth Circuit standard for reimbursement because they are the type of expense that "would normally be charged to a fee paying client." *Trustees of the Construction Indus. and Laborers Health and Welfare Trust*, 460 F.2d at 1256.

Class Counsel's request for reimbursement of expenses should be granted.

## IV.   THE REQUESTED INCENTIVE AWARD SHOULD BE APPROVED.

A payment of an incentive award to class representatives is permissible and often awarded as compensation for individuals undertaking the risk and expending time in working with plaintiffs' counsel to advance class members' interests. *See Rodriguez v.*

23

*West Pub. Corp.*, 563 F.3d at 958-59.  Courts often approve such awards to compensate named plaintiffs for services they provided and the risks taken during the litigation. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 490 (E.D. Cal. 2010).

Pursuant to the Settlement Agreement, Class Counsel seek approval of a $5,000 incentive award for Plaintiff class representative James Stewart.  The named plaintiff's involvement in this action was instrumental in achieving this settlement.  He sat for a day-long deposition; held multiple meetings with Class Counsel to prepare for deposition and prepare discovery responses; produced intrusive documents related to his iCloud use; and, lent his name to the litigation against Apple, a company with a large following and press coverage.  *See* Katriel Decl., at ¶¶ 9-10.  His investment of time and effort merits recognition by way of an incentive award, and the $5,000 amount sought is consistent with or below awards approved by this Court.  *See, e.g., In re Toys R Us-Delaware FACTA Litig.*, 295 F.R.D. at 472 (approving $5,000 incentive award as reasonable); *Lozano v AT&T Wireless Srvcs.*, 2010 WL 11520704, at *2 (C.D. Cal., Nov. 22, 2010) (approving $7,500 incentive award to named representative and finding such award to be "fair and reasonable").

## **CONCLUSION**

For all the foregoing reasons, Plaintiff's motion should be GRANTED.

Dated: April 18, 2022

Respectfully submitted,

_____/s/ Roy A. Katriel_____
Roy A. Katriel (SBN 265463)
**THE KATRIEL LAW FIRM**
2262 Carmel Valley Road Suite 201
Del Mar, CA 92014
Telephone: (619) 363-3333
Facsimile:  (866) 832-5852
E-mail: rak@katriellaw.com

Azra Z. Mehdi (220406)
**THE MEHDI FIRM, P.C.**
201 Mission Street, Suite 1200
San Franciso, CA 94105
Telephone: (415) 293-8039
E-mail: azram@themehdifirm.com

*Class Counsel*

25